**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, | Civil Action No.     8:12-cv-123 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| SPRINT SPECTRUM L.P. D/B/A/ SPRINT PCS, | |
| Defendant. | **JURY TRIAL REQUESTED IN OMAHA** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff Prism Technologies LLC, for its Complaint against Sprint Spectrum L.P. d/b/a Sprint PCS, upon information and belief as to all other matters, hereby alleges as follows:

## THE PARTIES

1.     Plaintiff Prism Technologies LLC ("Prism") is a limited liability company organized and existing under the laws of the State of Nebraska, with its principal place of business at 2323 S. 171st Street, Suite 106, Omaha, Nebraska 68130.

2.     Defendant Sprint Spectrum L.P. d/b/a Sprint PCS ("Sprint") is a Delaware limited partnership with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.  Sprint conducts substantial business in this judicial district.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has specific and general personal jurisdiction over Defendant because it has committed acts giving rise to this action within this judicial district and has established minimum contacts within Nebraska and within this judicial district such that the exercise of

jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Sprint has conducted business in this district and/or provided service and support to Sprint's customers within this district, and has committed acts of patent infringement within this district giving rise to this action.

## PRISM AND THE PATENTS

6.      Prism's direct predecessor-in-interest, Prism Resources, was founded by Mr. Richard L. Gregg in 1989.  In 1996, Mr. Gregg, along with Timothy Goeke, and Sandeep Giri, researched and developed novel systems and methods that included controlling access to protected computer resources.  The systems and methods included a server with an associated database to store information that could authenticate a device to determine which device was authorized to access protected resources.

7.      Prism Resources proceeded to file various patent applications to protect these and related inventions.  On October 30, 2007, United States Letters Patent No. 7,290,288 ("the '288 patent") entitled METHOD AND SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '288 patent is attached hereto as Exhibit A, and is incorporated herein by reference.  A true and correct copy of a Certificate of Correction issued by the United States Patent and Trademark Office on September 8, 2009, in connection with the '288 patent is attached hereto as Exhibit B.  On August 3, 2010, *Ex Parte* Reexamination Certificate issued and is attached hereto as Exhibit C.  On June 7, 2011, a second

2

*Ex Parte* Reexamination Certificate issued and is attached hereto as Exhibit D.  On August 23, 2011 and Certificate of Correction issued and is attached hereto as Exhibit E.

8.      On February 28, 2012, United States Letters Patent No. 8,127,345 ("the '345 patent") entitled METHOD AND SYSTEM FOR MANAGING ACCESS TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '345 patent is attached hereto as Exhibit F, and is incorporated herein by reference.

9.      Prism is the owner and assignee of all right, title and interest in and to the '288 patent and '345 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

10.     Today, various networks that allow computer devices to access protected resources implement the systems and methods that Prism pioneered and patented.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 7,290,288**

11.     Prism re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 10 above as if fully set forth herein.

12.     Sprint has been and now is directly, indirectly, and/or jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling various wireless products and data services that implement authentication systems and methods for controlling access to protected computer resources as claimed in the '288 patent.  For example, and without limitation, Sprint sells Simply Everything Plan and Everything Data Plan that implement systems and methods for controlling access to Sprint's protected network resources.

3

13.     Prism has been injured by Sprint's infringing activities, and is entitled to recover money damages from Sprint adequate to compensate it for Sprint's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court, and Prism will continue to suffer damages in the future unless Sprint's infringing activities are enjoined by this Court.

14.     Unless a permanent injunction is issued enjoining Sprint and its respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '288 patent, Prism will be greatly and irreparably harmed.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,127,345**

15.     Prism re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 14 above as if fully set forth herein.

16.     Sprint has been and now is directly, indirectly, and jointly infringing the '345 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling various wireless products and data services that implement authentication systems and methods for controlling access to protected computer resources as claimed in the '345 patent.  For example, and without limitation, Sprint sells Simply Everything Plan and Everything Data Plan that implements systems and methods for controlling access to Sprint's protected network resources.

17.     Prism has been injured by Sprint's infringing activities, and is entitled to recover money damages from Sprint adequate to compensate it for Sprint's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court, and Prism will continue to suffer damages in the future unless Sprint's infringing activities are enjoined by this Court.

4

18.     Unless a permanent injunction is issued enjoining Sprint and its respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '345 patent, Prism will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Wherefore, Prism respectfully requests judgment in its favor and against Defendant, as follows:

a.      A judgment in favor of Prism that Sprint has infringed the '288 patent;

b.      A judgment in favor of Prism that Sprint has infringed the '345 patent;

c.      A permanent injunction against Sprint and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing, inducing the infringement of, or contributing to the infringement of the '288 patent and the '345 patent;

d.      A judgment and order requiring Sprint to pay Prism its damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '288 patent and the '345 patent as provided under 35 U.S.C. § 284;

d.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Prism its reasonable attorneys' fees; and

e.      Such other relief in law and equity as this Court may deem just and proper.

KL3 2867822.1

## DEMAND FOR A JURY TRIAL

Prism demands a trial by jury in Omaha of all issues triable by a jury.

Dated: April 4, 2012                                    Respectfully submitted,

                                                        By:      s/ *Daniel J. Fischer*

**Kramer Levin Naftalis & Frankel LLP**     **Koley Jessen P.C., L.L.O.**
Jonathan S. Caplan, Esq.                     Michael C. Cox, Esq. (17588)
Mark A. Baghdassarian, Esq.                  Daniel J. Fischer, Esq. (22272)
Marcus A. Colucci, Esq.                      1125 S. 103rd St., Suite 800
1177 Avenue of the Americas                  Omaha, NE 68124
New York, NY 10001                           Tel: (402) 390-9500
Tel:  212.715.9100                           Fax: (402) 390-9005
Fax:  212.715.8000                           mike.cox@koleyjessen.com
jcaplan@kramerlevin.com                      dan.fischer@koleyjessen.com
mbaghdassarian@kramerlevin.com
mcolucci@kramerlevin.com

**Kramer Levin Naftalis & Frankel LLP**     **Prism Technologies LLC**
Paul Andre, Esq.                             André J. Bahou, Esq.
Lisa Kobialka, Esq.                          Vice President & Chief IP Officer
990 Marsh Road                               878 Arlington Heights Dr., Suite 400
Menlo Park, CA 94025                         Brentwood, TN 37027
Tel: 650.752.1700                            Tel: (615) 712-6580
Fax: 650.752.1810                            Fax: (402) 578-1447
pandre@kramerlevin.com                       aj.bahou@prsmip.com
lkobialka@kramerlevin.com
*Attorneys for Plaintiff*                     *Attorney for Plaintiff*
*Prism Technologies LLC*                      *Prism Technologies LLC*

KL3 2867822.1