IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,       )
                               )
          Plaintiff,           )      8:12CV123
                               )
     v.                        )
                               )
SPRINT SPECTRUM L.P.,          )      MEMORANDUM AND ORDER
d/b/a SPRINT PCS,              )
                               )
          Defendant.           )
_____)
```

This matter is before the Court on the motion of defendant Sprint Spectrum L.P. d/b/a Sprint PCS ("Sprint") to dismiss the complaint of plaintiff Prism Technologies, LLC ("Prism"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 23, with brief, Filing No. 24). Prism filed a brief in opposition to the motion (Filing No. 31), to which Sprint replied (Filing No. 34). After reviewing the motion, briefs, and relevant law, the Court finds that the motion to dismiss will be granted with leave for Prism to amend.

I.   **Factual and Procedural Background.**

In its complaint, Prism alleges infringement by Sprint of two patents, U.S. Patent No. 7,290,288 ("'288 patent"; Ex. 1, Filing No. 1) and U.S. Patent No. 8,127,345 ("'345 patent"; Ex. 6, Filing No. 1). The '288 Patent is entitled, "METHOD AND SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK" (Ex. 1, Filing No. 1, at 1). The '345 Patent is

entitled "METHOD AND SYSTEM FOR MANAGING ACCESS TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK" (Ex. 6, Filing No. 1, at 1).

For each patent, Prism substantiates its allegation of Sprint's infringement in only one paragraph:

> Sprint has been and now is directly, indirectly, and/or jointly infringing the ['288 or '345] patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling various wireless products and data services that implement authentication systems and methods for controlling access to protected computer resources as claimed in the ['288 or '345] patent. For example, and without limitation, Sprint sells Simply Everything Plan and Everything Data Plan that implement systems and methods for controlling access to Sprint's protected network resources.

(Filing No. 1, at ¶¶ 12, 16).  Sprint filed its motion to dismiss pursuant to Rule 12(b)(6), asserting Prism's "failure to state a plausible claim for relief" in its complaint (Filing No. 23, at 1).

## II.  Standard of Review.

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Consequently, a motion to dismiss may be granted when the plaintiff has failed

"to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678; citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.' Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a

meritless claim." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

"When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.) "It is not, however, a 'probability requirement.'" *Id.*

## III.  **Direct Infringement**.

In *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012), the Federal Circuit expressly addresses the issue of the amount of detail required in a complaint in a patent case.[1]  There, the Federal Circuit started its analysis with regard to direct

---

[1] The Federal Circuit has stated that a ruling on a motion to dismiss is a procedural issue to be decided by the law of the circuit in which the trial court sits:  "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law.  Thus, on review we apply the law of the regional circuit." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). This Court reads *Bill of Lading* as highly persuasive but not mandatory authority for the Eighth Circuit.

infringement with Form 18 of the Federal Rules of Civil Procedure, "Complaint for Patent Infringement." Form 18 reads, in its entirety,

> **(Caption--See Form 1.)**
>
> 1. (Statement of Jurisdiction--See Form 7.)
>
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
>
> (a) a preliminary and final injunction against the continuing infringement;
>
> (b) an accounting for damages; and
>
> (c) interest and costs.
>
> **(Date and sign--See Form 2.)**

FRCP Form 18.  In *Bill of Lading*, the Federal Circuit concluded, "[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control."  *Bill of Lading*, 681 F.3d at 1334.  "Thus, whether [a] complaint[] adequately plead[s] direct infringement is to be measured by the specificity required by Form 18."  *Id*.

Specifically, the Federal Circuit wrote, "Appellees' arguments all focus on whether the amended complaints' allegations of direct infringement contain sufficient factual detail to withstand attack under *Twombly* and *Iqbal*."  *Id.* at 1335.  "In essence, the Appellees argue that the amended complaints are deficient because they do not describe precisely how each element of the asserted claims are practiced by their customers.  When compared to the requirements of Form 18, this argument is premised on a pleading standard that is too stringent."  *Id.*  "As we held in *McZeal*, Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.  Indeed, a plaintiff need not even identify which claims it asserts are being infringed."  *Id.* (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)).

Here, Sprint claims that Prism's complaint is inadequate with regard to direct infringement for two reasons.

-6-

First, Prism does not state which of the claims of each patent are allegedly being infringed upon by Sprint (Filing No. 24, at 1). However, this argument fails because Form 18 does not require Prism to identify specific patent claims in its complaint. *Bill of Lading*, 681 F.3d at 1335.

However, Sprint states that Prism's recitation of Sprint's offending products and/or methods is too broad, citing the enumeration, "various wireless products and data services . . . . For example, and without limitation, Sprint sells Simply Everything Plan and Everything Data Plan . . ." (Filing No. 1, at ¶¶ 12, 16). Sprint cites several cases that decry a complaint's description of a "broad categories of products" rather than specifically identified products (Filing No. 24, at 5). Sprint states,

> Sprint is left to speculate which of its numerous "wireless products and data services" are accused and how or why Prism believes the Simply Everything Plan and the Everything Data Plan is at issue. Without knowing which exact products Prism is accusing of infringement and why Prism believes they are at issue, Prism invites Sprint to evaluate Sprint's entire product portfolio relative to each of the 279 claims of the asserted patents to guess which, if any, of its products might be at issue.

(*Id.*, at 6). Sprint claims that this lack of detail creates difficulties in framing a defense:

-7-

> For example, a vague complaint makes it difficult, if not impossible, to know which additional parties might appropriately be joined or implicated. And it is difficult for Sprint to begin collecting and processing documents, to identify witnesses necessary to satisfy Rule 26 initial-disclosure obligations, to issue[] appropriately-tailored document preservation notices, to consult experts, or to otherwise prepare [its] defense.

(*Id.*, at 7). "And because Prism presumably knows what is truly at issue, such a broad, vague complaint disproportionately drives litigation costs up for Sprint without substantially affecting Prism" (*Id.*). Sprint claims that "Prism's allegations fail to provide reasonable notice of Prism's claims, even under the more lenient Form 18 standard" (Filing No. 34, at 11).

In response, Prism cites Judge Gerrard's opinion denying a motion to dismiss the patent infringement claim in *VoiceFill, LLC v. W. Interactive Corp.*, 8:11-CV-421, 2012 WL 1949378 (D. Neb. May 29, 2012). Prism claims that *VoiceFill* supports its contention that Prism's complaint satisfies the requirements of Form 18. However, the Court notes that the complaint in *VoiceFill* includes over five pages of detailed allegations, so *VoiceFill* is distinguishable on the facts.

In addition, Prism cites several cases that it claims support the contention that "[a] plaintiff is allowed to broadly plead infringement, especially where it is pervasive as is

-8-

Sprint's network access control, which is central to Sprint's ability to control access to (and thereby monetize) its network" (Filing No. 31, at 13).  For example, in *Bender v. Broadcom Corp.*, C 09-1147 MHP, 2009 WL 3571286 (N.D. Cal. Oct. 30, 2009), the court accepted a complaint that specifically named "most or all of the defendant's products," such that the court commented that "there is nothing inherently implausible about an allegation that a large number of a defendant's various product lines infringe the patent when those product lines may be expected to have certain basic components, i.e., computer chips, in common and the patent claims technology relating to those components." *Broadcom*,2009 WL 3571286, at *4.  However, here, Prism has not named any of the "various wireless products" at all.

Prism also cites *Bender v. LG Electronics U.S.A., Inc.*, C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010), for the proposition that "allegations of patent infringement based on product lines have been held sufficient to state a claim" (Filing No. 31, at 13).  However, Prism neglects the remainder of the opinion, in which the court granted the motion to dismiss with leave to amend, stating,

> "While the Court recognizes the
> lack of complete uniformity in
> recent district court authority it
> finds persuasive those decisions
> requiring enough specificity to
> give the defendant notice of what
> products or aspects of products
> allegedly infringe . . . .  As

-9-

> several courts have noted, it is difficult to reconcile the guidelines set forth in *Twombly* and *Iqbal* with Form 18. The court in [*Elan Microelectronics Corp. v. Apple, Inc.*, C 09-01531 RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009)] reasoned that Form 18 is not intended to cover all manners of patent infringement, in that it "only provides an example of how direct patent infringement may be alleged . . . ." 2009 WL 2972374, at *2. Similarly in [*Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003)], the court explained that the example in Form 18 is "limited to a single 'type' of product" and "simply does not address a factual scenario" involving a multitude of allegedly infringing products. [*See* 2003 WL 23884794, at *1.]"

*LG Electronics*, 2010 WL 889541, at *5.

Prism accuses Sprint's "various wireless products and data services" of infringement. The Court finds that the term "wireless products" is considerably more generic than the term "electric motor" as identified in Form 18. With regard to "data services," Prism does name two exemplars, the "Simply Everything Plan" and the "Everything Data Plan." Nevertheless, the Court agrees with Sprint that "Plaintiff appears to be accusing Sprint's entire wireless service without providing any explanation in the Complaint as to what specific portions of those services allegedly constitute patent infringement. The Complaint does not put Sprint on notice as to what it needs to

defend" (Filing No. 34, at 13).  Therefore, the Court agrees that the accusation is too broad, such that it "is insufficient and subject to dismissal, even under Form 18 standards" (Filing No. 34, at 13, citing *Oakley, Inc. v. 5.11, Inc.*, Case No. 3:11cv2173, 2012 U.S. Dist. LEXIS 54087 (S.D. Cal. Apr. 17, 2012)).  The Court will not require Prism to "prove its entire case at the pleading stage" (Filing No. 31, at 7), but Prism must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Hamilton*, 621 F.3d at 817.

**IV. Indirect Infringement.**

"Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."  *Bill of Lading*, 681 F.3d at 1336.  "In other words, because Form 18 addresses only direct infringement, we must look to Supreme Court precedent [*Twombly* and *Iqbal*] for guidance regarding the pleading requirements for claims of indirect infringement."  *Id.* at 1337.

**A. Induced Infringement.**  "Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "Liability under § 271(b) 'requires knowledge that the induced acts constitute patent infringement.'"  *Bill of Lading*, 681 F.3d at 1339 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)).  "To survive [a]

motion to dismiss, therefore, [the] complaint[] must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the . . . patent and knew that the customer's acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339.

Sprint argues that Prism does not include any "factual allegations in the Complaint related to an underlying direct infringer that could support indirect liability against Sprint" (Filing No. 34, at 7). Moreover, "there are no *factual* allegations that, if true, would plausibly suggest that Sprint knew of the patents, much less that Sprint intended to induce another to infringe the asserted patents" (*Id.*). The Court agrees that Prism's complaint is deficient as to pleading induced infringement.

### B. Contributory Infringement.

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. Again, the Court agrees with Sprint that Prism has, at best, merely hinted at factual allegations of contributory infringement and that this cannot satisfy the plausibility standard required in a complaint. The bare factual allegations in Prism's complaint as to contributory infringement, such as they are, do not meet the standards set down by *Twombly* and *Iqbal*.

**V. Joint Infringement.**

Finally, Prism alleges that Sprint jointly infringes Prism's patents. The Federal Circuit has described the requirements for joint infringement of a method claim as follows: "The law of this circuit is axiomatic that a method claim is directly infringed only if each step of the claimed method is performed." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (citing *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007)). "In *BMC Resources*, this court clarified the proper standard for whether a method claim is directly infringed by the combined actions of multiple parties." *Muniauction,* 532 F.3d at 1329. "[W]here the actions of multiple parties combine to perform every step of a

claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" *Id.* (quoting *BMC Resources,* 498 F.3d at 1380-81). Thus, the question becomes whether Prism has pled any facts that would support the allegation that Sprint is the "mastermind" behind joint infringement of Prism's patents.

Prism adds details about Sprint's alleged operations to its brief that are not included in the complaint. For example, Prism alleges that "Sprint knows, and common sense dictates, that through [its] data plans Sprint enters into agreements with its customers for access to Sprint's network which necessarily requires use of the infringing authentication systems and methods for controlling access to Sprint's network. This satisfies the requirement for pleading joint infringement" (Filing No. 31, at 15). However, factual allegations to this effect are not, in fact, pled in Prism's complaint. In rebuttal, Sprint states that "Prism has set forth absolutely no facts that it directs or controls anyone to perform any limitations of the asserted patents" (Filing No. 34, at 10). Again, the Court agrees that with regard to joint infringement, Prism's complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

-14-

## VI. Conclusion.

Prism requests that in the event the Court finds the complaint to be inadequately pled, the Court grant Prism leave to amend the complaint. The Court will grant Prism's request. Accordingly,

IT IS ORDERED that Sprint's motion to dismiss (Filing No. 23) is granted, as follows:

1) Prism will file an amended complaint with the Court setting forth adequate infringement allegations on or before September 21, 2012;

2) Should Prism fail to file a timely amended complaint, this action will be dismissed.

DATED this 6th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court