IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 8:12-CV-123 |
| ) | |
| v. ) | DEFENDANT SPRINT SPECTRUM L.P. |
| ) | D/B/A SPRINT PCS' CROSS-MOTION |
| SPRINT SPECTRUM L.P. ) | FOR SUMMARY JUDGMENT |
| D/B/A SPRINT PCS, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Federal Rule of Civil Procedure 56 and NECivR 56.1 Defendant, Sprint Spectrum L.P. d/b/a Sprint PCS ("Sprint"), hereby moves this Court for an order: (1) granting summary judgment confirming that U.S. Patents No. 7,290,288 ("the '288 Patent"), No. 8,127,345 ("the '345 Patent") and No. 8,387,155 ("the '155 patent") (collectively the "patents-in-suit") are not entitled to claim priority to the filing date of U.S. Patent No. 6,516,416 ("the '416 patent"); and (2) granting summary judgment that the patents-in-suit are invalid and, therefore, Defendant is entitled to judgment as a matter of law.

As set forth in Defendant's Brief In Opposition to Prism's Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment the pleadings, together with the evidence set forth in the Index in Support of Motion for Partial Summary Judgment by Plaintiff Prism Technologies LLC Confirming its June 11, 1997 Priority Date of the Asserted Patents (Filing No. 77) and the Index of Evidence in Support of Defendant's Cross-Motion for Summary Judgment, filed contemporaneously herein, there is no genuine issue as to any material fact and that Sprint is entitled to judgment as a matter of law.

1

The United States Code, and implementing regulations, set forth the proper manner for a continuation patent applicant to claim priority to an earlier-filed application. In obtaining the '288 Patent, Prism did not follow the law. As a result, the '288 Patent is not entitled to claim priority to the earlier-filed '416 Patent, and the '345 Patent and '155 Patent, the other two patents-in-suit, are not entitled to claim priority back through the '288 Patent to the '416 Patent either.  Without the benefit of an earlier filing date, each patent-in-suit is invalid.

WHEREFORE, in conjunction with denying Plaintiff's Motion for Partial Summary Judgment (Filing No. 75), Sprint respectfully requests the Court enter summary judgment confirming that the patents-in-suit are not entitled to claim priority to the filing date of the '416 Patent and declaring that the patents-in-suit invalid and, as a result, enter judgment on behalf of Defendant.

Dated this 15th day of March, 2013.

SPRINT SPECTRUM L.P. D/B/A SPRINT PCS, Defendant.

By: s/Michael K. Huffer
Michael K. Huffer – 18087
David A. Blagg – 17473
Amy M. Locher – 24786
CASSEM, TIERNEY, ADAMS, GOTCH & DOUGLAS
8805 Indian Hills Drive, Suite 300
Omaha, Nebraska 68114-4070
Tel. (402) 390-0300
mhuffer@ctagd.com
dblagg@ctagd.com
amlocher@ctagd.com

B. Trent Webb (admitted to practice in D. Neb.)
Jonathan N. Zerger*
Beth A. Larigan*
Christine A. Guastello*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel. 816-474-6550
Fax. 816-421-5547
bwebb@shb.com
jzerger@shb.com
blarigan@shb.com
cguastello@shb.com

*Attorneys for Defendant Sprint Spectrum L.P.*

* admitted *pro hac vice*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of March, 2013, I electronically filed the above and foregoing with the Clerk of the U.S. District Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

                                                s/Michael K. Huffer_____
                                                Michael K. Huffer