**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
PRISM TECHNOLOGIES LLC,                :    Civil Action No. 8:12-cv-123-LES-TDT
                                       :
         Plaintiff,                    :
                                       :    **JURY TRIAL REQUESTED**
         v.                            :    **IN OMAHA**
                                       :
SPRINT SPECTRUM L.P. D/B/A             :
SPRINT PCS,                            :
                                       :
         Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**SPRINT SPECTRUM L.P.'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO
DISMISS PRISM TECHNOLOGIES LLC'S SECOND AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6) AND PARTIAL MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT TO RULE 12(c)**

Defendant Sprint Spectrum L.P. ("Sprint") submits this brief in support of its Partial

Motion to Dismiss plaintiff Prism Technologies LLC's ("Prism") Second Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) and Partial Motion for Judgment on the

Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## I.     INTRODUCTION

This Court dismissed Prism's Original Complaint, which included contributory

infringement claims, for failing to state a claim upon which relief could be granted and gave

Prism the opportunity to file an amended complaint to cure its pleading deficiencies.  Filing No.

35.  But Prism's Second Amended Complaint still fails to state contributory infringement claims

that are plausible on their face.  *See* Filing No. 84.  Indeed, as explained below, Prism fails to

provide any factual allegations in support of its conclusion that the components serving as the

basis for its contributory infringement claims have no substantial non-infringing use.  In fact,

Exhibit H to Prism's Second Amended Complaint shows that it is not even plausible for Prism to

allege that these components have no substantial non-infringing use.  Moreover, Prism still fails to even allege all of the elements of a contributory infringement claim.  Accordingly, the Court should dismiss with prejudice Prism's contributory infringement claims for the '288, '345, and '155 patents ("the asserted patents").

In addition, Prism's Second Amended Complaint does not allege that Sprint had knowledge of the '288 and '345 patents prior to the April 7, 2012 filing of the Original Complaint or that Sprint had knowledge of the '155 patent prior to the March 1, 2013 filing of the Second Amended Complaint.  Given that an alleged infringer must have knowledge of the asserted patents before being held liable for contributory and induced infringement, the Court should grant judgment on the pleadings in favor of Sprint for Prism's indirect infringement claims before the filing of the complaints in this action.

## II.     THE COURT SHOULD DISMISS PRISM'S CONTRIBUTORY INFRINGEMENT CLAIMS

The Court should dismiss Counts II, V, and VIII of Prism's Second Amended Complaint, which allege contributory infringement of the asserted patents.  Notwithstanding three opportunities to plead its claims, Prism has provided no factual allegations in support of its bald allegation that the components serving as the basis for its contributory infringement claims have no substantial non-infringing use.  Nor could it allege any plausible facts in support of this conclusion if given a fourth opportunity to do so.  Indeed, Exhibit H to Prism's Second Amended Complaint establishes what is already within the realm of common sense: Sprint phones can be used for the substantial non-infringing use of making traditional telephone calls.  Prism's Second Amended Complaint pleads absolutely no facts that, if true, would show that traditional voice services do not qualify as a substantial non-infringing use.  This alone dooms Prism's § 271(c) claim.  Moreover, Prism fails to even allege every element of a contributory infringement claim.

2

A.      **LEGAL STANDARD**

Patent infringement allegations are subject to the general pleading requirements of Rule 8, which "requir[e] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009).[1]  At the very least, "'the complaint must contain **facts** which state a claim as a matter of law and must not be conclusory.'" *Plan Pros, Inc. v. Zych*, No. 09 CV 125, 2009 U.S. Dist. LEXIS 28780, at *5 (D. Neb. Mar. 31, 2009) (Strom, J.) (emphasis added) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999)).  Further, "courts give 'no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right.'" *Id.* at *5-6 (quoting *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)).  Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.).  As such, factual allegations that only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief.  *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).  The pleading requirements of Rule 8 are not satisfied where the complaint

---

[1] When analyzing a motion to dismiss under Rule 12(b)(6), the well-pled allegations of the complaint are considered to be true and are viewed in a light most favorable to the plaintiff. *Riley v. St. Louis Cnty.*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).  In viewing the facts in the light most favorable to the plaintiff, the court must determine whether the complaint states a valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

The framework for a contributory infringement claim is set forth in 35 U.S.C. § 271(c), which states that:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). Thus, "to adequately plead contributory infringement under § 271(c), a patent owner must allege facts plausibly showing that . . . the component, material, or apparatus has no substantial noninfringing uses; and [] the component, material, or apparatus is a material part of the invention." *Palmetto Pharms. LLC v. AstraZeneca Pharms. LP*, Case No. 2:11-cv-00807-SB-JDA, 2012 U.S. Dist. LEXIS 18019, at *20-21 (D.S.C. Jan. 4, 2012) (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c))). "[A] substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)).

### B.   Prism has no plausible basis for alleging that the Data Enabled Wireless Devices that Sprint sells have no substantial non-infringing use

Liability under § 271(c) only applies to the sale of "a *component* of a patented machine, manufacture, combination, or composition, or a *material or apparatus* . . . ." 35 U.S.C. § 271(c) (emphasis added). Indeed, the Federal Circuit has held that § 271(c) cannot apply to the sale of a

service.  *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007).

Thus, as an initial matter, the allegations  in the Second Amended Complaint relating to Sprint's

sale of *services*, such as Sprint's "Simply Everything" Plan and Sprint's "Everything Data" Plan,

cannot support a § 271(c) claim as a matter of law.  *See* Second Am. Compl. ¶¶ 13, 16, 21; *see*

*also Pharmastem*, 491 F.3d at 1357 (§ 271(c) does not apply to sale of a service); *Best Med.*

*Int'l, Inc. v. Accuray, Inc.*, No. 2:10-cv-1043, 2011 WL 860423, at *6 (W.D. Pa. Mar. 9, 2011)

("Contributory infringement requires the sale of a product of some sort—the provision of a

*service does not suffice*.") (emphasis added).

Prism's other allegations relating to the sale of a product also fail to state a claim for

relief pursuant to 35 U.S.C. § 271(c).  According to the Second Amended Complaint, the only

"components" serving as the basis of Prism's contributory infringement claims are certain "Data

Enabled Wireless Devices."   Second Am. Compl. ¶¶ 46, 70, 93.  Prism's operative complaint

defines these "Data Enabled Wireless Devices" as certain wireless phones that Sprint sells to

customers, such as the Apple iPhone 4 and the Samsung Transform Ultra, which can allegedly

access Sprint's Data Services.  *Id.* ¶ 33.  Although Prism's Second Amended Complaint states in

conclusory fashion that these Data Enabled Wireless Devices—i.e., wireless telephones—"have

no substantial non-infringing use," *id.* ¶¶ 46, 70, and 93, Prism fails to plead a single fact in

support of this allegation.  That failure alone requires dismissal.  *See, e.g.*, *Driessen v. Sony*

*Music Entm't*, No. 2:09CV140, 2012 U.S. Dist. LEXIS 152822, at *28-29 (D. Utah Oct. 23,

2012) (dismissing contributory infringement allegations where complaint alleged that the

component had no substantial non-infringing use but failed to allege any facts in support of this

allegation); *Radiation Stabilization Solutions LLC v. Accuray Inc.*, No. 11CV7700, 2012 WL

3621256, at *5 (N.D. Ill. Aug. 21, 2012) (dismissing contributory infringement claims where

plaintiff failed to "plead a single fact from which [the] Court [could] infer that the [component] ha[d] no other substantial non-infringing uses").

Even setting aside that Prism's § 271(c) allegations should be dismissed as conclusory, the § 271(c) claim still must be dismissed because Prism's own pleading establishes that Sprint's devices *do* have substantial non-infringing uses. Exhibit H to Prism's Second Amended Complaint, which includes terms and conditions of Sprint's Subscriber Agreement, establishes that Prism could not assert any factual allegations to support a plausible claim that these "Data Enabled Wireless Devices" (i.e., wireless phones) can only be used to access Sprint's Data Services. *Id.* at Ex. H.[2] Indeed, Exhibit H evidences what is commonly known — the "Data Enabled Wireless Devices," such as the Apple iPhone 4, can be used for purposes that do not require accessing Sprint's Data Services. For example, customers can use the accused phones to make a telephone call or to send a simple text message,[3] neither of which require the device to access the accused Sprint "Data Services." Ex. H (evidencing that the accused phones can be used for "voice services" and for sending text messages).

Other courts have dismissed 271(c) claims for similar infirmities. In *In re Bill of Lading*, even though plaintiff alleged that the component serving as the basis of its contributory infringement claim had no substantial non-infringing uses, plaintiff's complaint referenced materials attached to the complaint, which contained repeated descriptions of non-infringing uses for these components. 681 F.3d at 1338. As such, the Federal Circuit affirmed the dismissal of

---

[2] "[A] Court reviewing a 12(b)(6) motion to dismiss ordinarily does not consider matters outside the pleadings." *Pac. Life Ins. Co. v. Qwest Corp.*, Case No. 8:09CV168, 2009 U.S. Dist. LEXIS 67490, *6-7 (D. Neb. July 29, 2009). Nevertheless, Federal Rule of Civil Procedure 10(c) states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "Therefore, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (internal quotations omitted).

[3] It is well known in the art that text messages using the SMS protocol use the paging channel on the voice network.

plaintiff's contributory infringement claim, finding that the complaint made clear on its face that the components do have substantial non-infringing uses. *Id.* at 1339. Similarly, in *Gharb v. Mitsubishi Elec. Automation, Inc.*, plaintiff attached defendant's marketing materials to his complaint, which described non-infringing uses for the component serving as the basis for plaintiff's contributory infringement claim. No. 10CV7204, 2012 WL 1986435, at *5 (N.D. Ill. June 4, 2012). Relying on these marketing materials, the Court dismissed plaintiff's contributory infringement claim, finding that plaintiff "fail[ed] to allege any facts that [gave] rise to an inference that any of [defendant's] products [were] not staple articles of commerce without substantial non-infringing uses." *Id.* Because no question exists that using the accused "Data Enabled Wireless Devices" to make voice calls or send simple text messages constitute substantial non-infringing uses for these devices, the Court should dismiss Prism's contributory infringement allegations.

### C.   Prism does not allege that "Data Enabled Wireless Devices" constitute a "material part" of the inventions claimed in the asserted patents

Prism's operative complaint fails to plead contributory infringement for other reasons. Prism's complaint fails to even allege that the component sold—i.e., the "Data Enabled Wireless Devices"—constitute a "material part" of the claimed invention(s) of the asserted patents. *See, e.g.*, *Radiation Stabilization Solutions LLC*, 2012 WL 3621256, at *5 (dismissing contributory infringement claim where plaintiff failed to plead any facts in support of its claims that the accused product constituted a material part of the invention); *Halton Co. v. Streivor, Inc.*, No. 10CV655, 2010 WL 2088203, at *2-3 (N.D. Cal. May 21, 2010) (dismissing contributory infringement claim where plaintiff failed to even allege that the component was a material part of the invention). For this reason, too, the Court should dismiss Prism's contributory infringement allegations.

III.   **THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS LIMITING SPRINT'S LIABILITY FOR PRISM'S INDIRECT INFRINGEMENT CLAIMS**

Prism fails to state indirect infringement claims against Sprint before April 7, 2012 for the '288 and '345 patents and before March 1, 2013 for the '155 patent.  As such, the Court should grant judgment on the pleadings that Sprint cannot be held liable for indirect infringement of the '288 and '345 patents before April 7, 2012 and cannot be held liable for indirect infringement of the '155 patent before March 1, 2013.

A.   **Legal Standard**

"Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009)  (quotation omitted).  In considering a motion for judgment on the pleadings, the Court must "accept as true the non-moving party's factual allegations and grant the non-moving party all reasonable inferences from the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 981 (8th Cir. 2008) (citing *MM&S Fin., Inc. v. NASD, Inc.*, 364 F.3d 908, 909 (8th Cir. 2004)).  The Court does not, however, "blindly accept the legal conclusions drawn by the pleader from the facts."  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Both forms of indirect patent infringement - contributory and induced - require that a patent owner show that the accused infringer had knowledge of the asserted patent.  *See Fujitsu Ltd.*, 620 F.3d at 1326 (noting that "[t]o establish contributory infringement, the patent owner must show . . . that the accused infringer had knowledge of the patent . . . .");  *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012) (citation omitted) (stating that

8

"[t]o prevail on an inducement claim, a patentee must establish that . . . the defendant, with knowledge of the patent, actively and knowingly aided and abetted such direct infringement.").

**B.      Prism fails to allege that Sprint had knowledge of the Asserted Patents prior to filing of the complaints in this action**

Prism alleges only that Sprint had knowledge of the '288 and '345 patents upon Prism's service of the Original Complaint on April 7, 2012 in this action.  Second Am. Compl. at ¶¶ 53, 79.  But Prism's Second Amended Complaint is completely devoid of any allegations that Sprint had knowledge of the '288 and '345 patents before April 7, 2012 or that Sprint had knowledge of the '155 patent prior to Prism's March 1, 2013 filing of the Second Amended Complaint in this action.  In fact, the '155 patent did not even issue until shortly before Prism's Second Amended Complaint.  As such, Prism cannot collect damages for Sprint's alleged indirect infringement of the '288 and '345 patents prior to April 7, 2012 and likewise cannot collect damages for Sprint's alleged indirect infringement of the '155 patent prior to March 1, 2013.  *See, e.g.*, *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998) (reversing a finding of liability for inducing infringement because liability could not be predicated on any acts that occurred prior to defendant having notice of the patent); *CIVIX-DDI, L.L.C. v. Cellco P'ship*, 387 F. Supp. 2d 869, 899 (N.D. Ill. 2005) (barring plaintiff from seeking pre-filing damages for defendant's alleged indirect infringement of the asserted patent where defendant first learned of the patent upon filing of the complaint); *Cybiotronics, Ltd. v. Golden Source Elecs., Ltd.*, 130 F. Supp. 2d 1152, 1166 (C.D. Cal. 2001) (granting motion for summary judgment that defendant's potential liability for inducement and contributory infringement did not begin accruing until the filing of the complaint, which was the first time defendant acquired knowledge of the asserted patent).  Therefore, the Court should grant judgment on the pleadings that Sprint cannot be held

liable for indirect infringement of the '288 and '345 patents before April 7, 2012 and cannot be held liable for indirect infringement of the '155 patent before March 1, 2013.

Dismissing Prism's improperly pled indirect infringement claims will not only limit potential damages available to Prism, it will also streamline discovery and decrease the already high costs associated with this litigation. "Unlike indirect infringement under §§ 271(b) and (c), which both require a certain mens rea, under § 271(a), direct infringement is a strict-liability offense." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1347 (Fed. Cir. 2012) (citations omitted). Eliminating the indirect infringement claims under §§ 271(b) and (c) renders intent irrelevant in this case, along with the bulk of discovery focusing on intent and other subjective, state of mind inquiries. Prism cannot even *allege* knowledge of the patents before it sued Sprint. Prism should not be allowed to expand the scope of discovery and make this litigation even more expensive based on claims it cannot plead.

## IV.    CONCLUSION

The Court should dismiss with prejudice Counts II, V, and VIII of Prism's Second Amended Complaint, which allege contributory infringement of the Asserted Patents, for failure to state a claim. In addition, the Court should grant judgment on the pleadings that Sprint cannot be held liable for indirect infringement of the '288 and '345 patents before April 7, 2012 and cannot be held liable for indirect infringement of the '155 patent before March 1, 2013.

Dated:  March 18, 2013               Respectfully submitted,

*/s/ Michael K. Huffer*
Michael K. Huffer – 18087
David A. Blagg - 17473
Amy M. Locher - 24786
Cassem, Tierney, Adams, Gotch &
Douglas
9290 West Dodge Road, Suite 302
Omaha, Nebraska  68114
Telephone: (402) 390-0300
Facsimile: (402) 390-9676
mhuffer@ctagd.com
dblagg@ctagd.com
amlocher@ctagd.com

B. Trent Webb
bwebb@shb.com
Jonathan N.Zerger
jzerger@shb.com
Beth A. Larigan
blarigan@shb.com
Chrissie Guastello
cguastello@shb.com
Albert F. Harris
afharris@shb.com
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
SPRINT SPECTTRUM, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Paul Andre**
pandre@kramerlevin.com,vjones@kramerlevin.com

**Mark A. Baghdassarian**
MBaghdassarian@kramerlevin.com,acwiecek@kramerlevin.com,WHood@kramerlevin.com

**Andre J. Bahou**
aj.bahou@prsmip.com

**Jonathan S. Caplan**
jcaplan@kramerlevin.com,whood@kramerlevin.com

**Marcus A. Colucci**
mcolucci@kramerlevin.com,whood@kramerlevin.com

**Michael C. Cox**
mike.cox@koleyjessen.com,pam.stanesick@koleyjessen.com

**Daniel J. Fischer**
dan.fischer@koleyjessen.com,teri.gibbons@koleyjessen.com,diana.woodward@koleyjessen.com

**Lisa Kobialka**
lkobialka@kramerlevin.com,kstrong@kramerlevin.com

/s/ Michael K. Huffer