IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,          )
                                  )
                Plaintiff,        )          8:12CV123
                                  )
        v.                        )
                                  )
SPRINT SPECTRUM L.P.,             )          ORDER
d/b/a SPRINT PCS,                 )
                                  )
                Defendant.        )
_____  )


        This matter is before the Court on the plaintiff's

motion (Filing No. 196) to strike a late disclosed witness.  The

plaintiff has filed a brief (Filing No. 197) and index of

evidence (Filing No. 198) in support of its motion.  The

defendant has filed a brief (Filing No. 203) and indices of

evidence (Filing Nos. 204 and 205) in opposition of the motion.

The motion will be granted in part and denied in part.

        This is an infringement action in which the plaintiff,

Prism Technologies, L.L.C. ("Prism"), alleges that the defendant,

Sprint Spectrum L.P. ("Sprint"), has infringed a series of its

patents.  The patents in question are germane to United States

Patent Number 6,516,416 ("'416 patent").

        Mark Morscher authored a prior art reference which

Sprint will use in expert testimony, but, unbeknownst to Sprint

when it identified the reference, Mr. Morscher also worked on the

'416 patent. According to Sprint, it discovered Mr. Morscher's involvement with Prism and the '416 patent only recently. Sprint also claims that Prism never informed Sprint of its relationship with Mr. Morscher despite requests to disclose those involved in the formation of the '416 patent.

Prism objects to the addition of Mr. Morscher to Sprint's witness list because the disclosure was made well after the close of fact discovery. Therefore, under Federal Rule of Civil Procedure 26, Prism states the disclosure is untimely and should be stricken.

The Court finds that the disclosure of Mr. Morscher was untimely but substantially justified. The mere use of a prior art reference did not necessarily notify Sprint of Mr. Morscher's personal communications with Prism. In fact, the delay in disclosing Mr. Morscher as a witness lies squarely with Prism for its failure to properly answer discovery requests.

Rule 26(e) provides that a party must supplement its initial disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. Pro. 26(e)(1)(A). Prism otherwise knew of Mr. Morscher's relationship with Prism and Prism's failure to disclose Mr. Morscher in previous discovery does not shield it from that knowledge.

-2-

In the event that the Court ruled in Sprint's favor, Prism requested that the Court limit Mr. Morscher's testimony to his communications as a member of CompuServe.  The Court agrees with Prism.  The Court will limit Mr. Morscher's testimony to the alleged conversations during his time at CompuServe regarding '416 and he should not testify regarding the CompuServe RPA prior art.

IT IS ORDERED that the plaintiff's motion is denied in part and granted in part as set forth above.

DATED this 16th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court