```
        IN THE UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEBRASKA


PRISM TECHNOLOGIES LLC,         )
                                )
            Plaintiff,          )      8:12CV122
                                )
      v.                        )
                                )
AT&T MOBILITY, LLC,             )      MEMORANDUM AND ORDER
                                )
            Defendant.          )
_____)
PRISM TECHNOLOGIES LLC,         )
                                )
            Plaintiff,          )      8:12CV123
                                )
      v.                        )
                                )
SPRINT SPECTRUM L.P.,           )
d/b/a SPRINT PCS,               )
                                )
            Defendant.          )
_____)
PRISM TECHNOLOGIES LLC,         )
                                )
            Plaintiff,          )      8:12CV124
                                )
      v.                        )
                                )
T-MOBILE USA, INC.,             )
                                )
            Defendant.          )
_____)
PRISM TECHNOLOGIES LLC,         )
                                )
            Plaintiff,          )      8:12CV125
                                )
      v.                        )
                                )
UNITED STATES CELLULAR          )
CORPORATION, d/b/a U.S.         )
CELLULAR,                       )
                                )
            Defendant.          )
_____)
```

```
PRISM TECHNOLOGIES LLC,       )
                              )
            Plaintiff,        )       8:12CV126
                              )
      v.                      )
                              )
CELLCO PARTNERSHIP d/b/a      )
VERIZON WIRELESS,             )
                              )
            Defendant.        )
_____)
```

This matter is before the Court on the common *Daubert* motions (Filing No. 255 in 8:12CV122; Filing No. 216 in 8:12CV123; Filing No. 229 in 8:12CV124; Filing No. 209 in 8:12CV125; Filing No. 199 in 8:12CV126)[1] of the five defendants in five separate cases. Pursuant to Section 299 of Title 35, plaintiff Prism Technologies, L.L.C. ("Prism") opted to file separate actions against common alleged infringers of its patents (35 U.S.C. § 299(a), (b); Filing No. 135). In the interest of judicial economy, the parties agreed to allow the filing of "common motions for summary judgment" and "common *Daubert* motions" by the Defendants, AT&T Mobility L.L.C., Sprint Spectrum L.P., T-Mobile U.S.A., Inc., United States Cellular Corporation d/b/a U.S. Cellular, and Cellco Partnership d/b/a Verizon Wireless (referred to heretofore as the "defendants") (Filing No.

---

[1] For ease of citation, the Court will refer to the filings in the AT&T Mobility L.L.C. case (8:12CV122).

226).  The defendants filed the current common *Daubert* motion to exclude the opinions and testimony of John Minor ("Minor").  The matter has been fully briefed and is ready for disposition (Filing No. 259, Filing No. 334, Filing No. 365).  After review of the motion, briefs, indices of evidence, and relevant case law, the Court finds as follows.

I.  **BACKGROUND**

Originally, Prism alleged infringement of three asserted patents (Filing No. 1).  Ultimately, Prism narrowed the scope of this action to two patents:  U.S. Patent No. 8,127,345 ("Patent '345") and U.S. Patent No. 8,387,155 ("Patent '155") (Filing No. 1; Filing No. 242, 9; Filing No. 243-4, 3; Filing No. 243-5, 2).  Prism dropped its third asserted patent, U.S. Patent 7,290,288 ("Patent '288"), from this action (*Id.*).

The United States Patent and Trademark Office ("PTO") issued Patent '345, entitled "METHOD AND SYSTEM FOR MANAGING ACCESS TO PROTECTED COMPUTER RESOURCES VIA AN INTERNET PROTOCOL NETWORK," on February 28, 2012, from an application filed October 30, 2007 (Filing No. 1-6, at 1).  Patent'345 is allegedly a continuation of Patent '288, entitled "METHOD AND SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK" and filed on August 29, 2002 (*Id.*).

The PTO issued Patent '155, entitled "SYSTEM FOR MANAGING ACCESS TO PROTECTED COMPUTER RESOURCES," on February 26, 2013, from an application filed November 11, 2010, with the PTO. Prism contends that the Patent '155 application was a continuation of the Patent '345 application.

Prism has a fourth, unasserted patent, U.S. Patent No. 6,516,416 ("'416 Patent"), entitled "SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK." The Court has referenced this patent in its prior orders (*E.g.*, Filing No. 132).

B.  PROCEDURE

On April 4, 2012, Prism filed its complaints against AT&T and various other cellular phone providers in separate actions, alleging direct infringement, indirect contributory infringement, and indirect inducement of infringement of Patents '345 and '155 (Filing No. 1, 85). The complaint was amended September 21, 2012 (Filing No. 40) and March 1, 2013 (Filing No. 85). On April 23, 2013, the parties submitted a Joint Claim Construction Statement and the Court conducted a *Markman* hearing on July 2, 2013 (Filing Nos. 110, 130). The Court issued its *Markman* order on July 30, 2013, accepting jointly stipulated terms and construing disputed terms (Filing No. 132).

An integral construction in the *Markman* order was the term "Internet Protocol Network" (hereinafter "IPN"), which

-4-

appears ubiquitously in the asserted claims (Patent '345 claim Nos. 1, 50; Patent '155 claim Nos. 50, 56, 74).  The Court construed IPN to mean "**an untrusted network using any protocol of the Internet Protocol Suite including at least one of IP, TCP/IP, UDP/IP, HTTP, and HTTP/IP . . .**"  (Filing No. 132, at 12-30).  The Court further defined "**untrusted**" as "**a public network with no controlling organization, with the path to access the network being undefined and the user being anonymous.**" (*Id.*).

Prism has retained experts to testify and offer testimony and opinions at trial regarding damages and the systems in this case.  The parties submitted their briefs and a *Daubert* hearing was held August 27, 2014.  Minor will offer the following, paraphrased, expert opinions at trial:

> 1.  The cost for the defendants to build a backhaul[2] is two to five times more than each defendant spends on leasing a backhaul.
>
> 2.  The Court's *Markman* order construes IPN to mean in part "**a public network with no** *single* **controlling organization.**"
>
> 3.  The defendants' backhauls constitute IPNs.

---

[2]  The backhaul is a physical infrastructure which the defendant does not own but rather leases from third parties under strict contractual terms.

The defendants first move to exclude those sections within Minor's report where he estimates the costs of the backhaul. The defendants then move to exclude Minor's testimony regarding his interpretation of Internet Protocol Network and whether the defendants' backhaul constitute the Internet Protocol Networks.

**II.   STANDARD OF REVIEW**

This Court must determine whether Minor's specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue. Fed. R. Evid. 702. Under Rule 702, the Court must consider whether (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. The Court's role is to act as a gatekeeper, excluding evidence if it is based upon unreliable principles or methods, or legally insufficient facts and data and must be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Daubert*, 509 U.S. at 595.

The Court is mindful not to overstep its gatekeeping role and weigh facts, evaluate the correctness of conclusions, impose its own preferred methodology, or judge credibility, including the credibility of one expert over another. *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014)

(citing *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). These tasks are solely reserved for the fact finder. *Id.* citing *Smith,* 215 F.3d at 718. The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592-93, n.10.

### III. DISCUSSION

The defendants' arguments against Minor's opinion and testimony is two fold. First, the defendants object to the sufficiency of the evidence upon which Minor relied to establish the basis of his estimations. Filing No. 334, at 6-7. Second, the defendants argue that Minor deliberately modified the term IPN, disregarding the Court's *Markman* order. *Id.*

A. SUFFICIENCY

Minor has experience creating and leasing backhaul systems. The defendants primarily object to the fact that his experience is not specifically in creating and leasing backhaul systems in the cellular industry. Filing No. 634, at 8. The Court finds that Minor's experience is sufficiently specific to the facts in this case to allow Minor to rely upon his experience. The Court also finds the distinction between "cellular backhauls" and "other backhauls" does not invalidate Minor's experience as it relates to this case. This argument is best made in cross examination.

The Court also finds Minor reasonably relied upon quantitative analyses. To the extent these reports fail to incorporate specific issues for the defendants, the defendants may bring that issue to the jury's attention at trial.

Finally, the defendants raise an interesting issue as to whether Prism is shifting its burden from its damages expert to its technical expert in order to circumvent the scientific requirements of calculating damages. Though Minor's opinion is the integral piece of Prism's damages model, the Court will exclude Prism's damages model in its entirety, so the Court will not address this final issue.

B.   *MARKMAN*

Below is a visualization of the parties' argument regarding the interpretation of untrusted:

| Minor's interpretation | The Court's *Markman* order |
|---|---|
| "**a public network with no** *single* **controlling organization, with the path to access the network being undefined and the user being anonymous.**" | "**a public network with no controlling organization, with the path to access the network being undefined and the user being anonymous.**" |

The effect of this distinction is significant and potentially dispositive. If Minor's reading is correct, only a single

-8-

organization may "control" a network in order to constitute a trusted network. Prism argues, because the defendants share control with multiple other organizations, there is no *single* controlling organization and the defendants' networks are untrusted and therefore infringe.

If Minor is incorrect, one or more organizations may "control" a network. Any controlling organization in a public network, whether singular or plural, is not an untrusted network and the defendants' networks, therefore, are trusted and do not infringe.

The parties concur on two issues. First, control exists at every level of the defendants' networks. Second, the internet is the preferred embodiment of the Asserted Patents. The Court is mindful that experts are permitted to reasonably disagree as to the interpretation and application of the Court's *Markman* order. However, they must not "cross[] the line by asserting claim constructions that are contrary to the court's [construction]." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 910 (N.D. Iowa 2009) (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 4:02CV40327, 2004 WL 5508752, *4 (S.D. Iowa Sept. 9, 2004)). The issue is whether Minor's interpretation of the *Markman* order is inapposite or merely germane to the order.

-9-

Minor interpreted the *Markman* order in light of the "internet," the preferred embodiment of untrusted network in the Asserted Patents.  Filing No. 334, at 23.  The internet, according to Minor, is a "network-of-networks with many of the individual constituent components privately owned and controlled, but in the aggregate there is no controlling organization."  Prism argues that because the defendants do not solely own all the portions of their networks, those networks constitute the internet -- an untrusted network.  If the defendants purchases all the leased backhaul, then their networks would be trusted and not the internet.

First, the Court disregards Prism's argument that the defendants' experts have adopted Minor's interpretation.  It is merely an ostensible misconstruction of the experts' testimony.  *See* Filing No. 334, at 25 (focusing solely on "no one organization" but ignoring "or organizations").

Prism's primary argument is that the defendants' verbatim interpretation of the *Markman* order excludes the "internet."  *Id.* at 24-26.  The parties agree that the connection of all networks in the world is the public, uncontrolled, undefined pathway, anonymous-user aggregated internet.  The parties agree portions of the aggregate internet may be controlled, but no single organization controls all of the

-10-

aggregate internet. The question is whether the defendants' networks, over which each exert an arguable level of control, can likewise constitute a public, uncontrolled, undefined pathway, anonymous-user internet like the aggregated internet. When does an organization exert sufficient control over its network in order for it to be trusted? This is a question of fact and the Court will not determine whether the defendants' networks exert sufficient control over the backhaul. The Court finds Minor's interpretation of the control element of untrusted does not stand inapposite of the *Markman* hearing and he may rely upon it at trial.

IT IS ORDERED that the defendants' motions (Filing No. 255 in 8:12CV122; Filing No. 216 in 8:12CV123; Filing No. 229 in 8:12CV124; Filing No. 209 in 8:12CV125; Filing No. 199 in 8:12CV126) are denied.

DATED this 29th day of September, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court