IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, ) ) Plaintiff, ) ) v. ) ) SPRINT SPECTRUM L.P., ) d/b/a SPRINT PCS, ) ) Defendant. ) _____) | 8:12CV123 | |
| PRISM TECHNOLOGIES LLC, ) ) Plaintiff, ) ) v. ) ) T-MOBILE USA, INC., ) ) Defendant. ) _____) | 8:12CV124 | |
| PRISM TECHNOLOGIES LLC, ) ) Plaintiff, ) ) v. ) ) UNITED STATES CELLULAR ) CORPORATION, d/b/a U.S. ) CELLULAR, ) ) Defendant. ) _____) | 8:12CV125 | |
| PRISM TECHNOLOGIES LLC, ) ) Plaintiff, ) ) v. ) ) CELLCO PARTNERSHIP d/b/a ) VERIZON WIRELESS, ) ) Defendant. ) _____) | 8:12CV126 ORDER | |

This matter is before the Court on two sets of motions filed by plaintiff Prism Technologies ("Prism") against Sprint Spectrum ("Sprint"), T-Mobile U.S.A. ("T-Mobile"), United States Cellular Corp. ("U.S. Cellular"), and Cellco Partnership ("Cellco") (collectively, the "Carrier Defendants") in four related, though separate, cases. In Prism's first set of motions (Filing No. 252 in 8:12CV123; Filing No. 263 in 8:12CV124; Filing No. 253 in 8:12CV125; and Filing No. 235 in 8:12CV126), Prism seeks to supplement its expert reports.

In its second set of motions (Filing No. 261 in 8:12CV123; Filing No. 274 in 8:12CV124; Filing No. 260 in 8:12CV125; and Filing No. 244 in 8:12CV126),[1] Prism requests oral argument regarding its request to supplement its reports. The Court finds as follows.

I. BACKGROUND

Prism accuses the Carrier Defendants of infringing upon its patents, 8,127,345 ("the '345 Patent") and 8,287,155 ("the '155 Patent"). Though Prism filed different actions against each Carrier Defendant, the parties agreed to common resolution of certain issues which traversed the cases. For example, Prism,

---

[1] The briefs of the parties are substantially identical across the four cases and the Court will cite to Case 8:12CV123 throughout the remainder of this opinion.

AT&T Mobility, and the remaining Carrier Defendants agreed to resolve "common" issues in summary judgment and *Daubert* motions in addition to case specific issues (Filing No. 214).  The Court adopted this policy and resolved the common issues pertaining to Prism's expert witnesses and various legal issues.  The Court made two determinations which play into Prism's current motions.  First, the Court granted the Carrier Defendants' motions to exclude the expert report and opinions of Mr. Malackowski, Prism's damages expert, due to the method of his damages calculations (Filing No. 246).  Second, the Court did not grant Prism's motion to exclude AT&T's damages expert on the basis that he relied upon settlements, instead of licenses, in computing damages.  Case 8:12CV122, Filing No. 410, at 10-14.

Now, Prism seeks leave to amend the expert reports of its damages and validity experts based on new agreements executed by Prism and AT&T Mobility, LLC ("AT&T") that resolved the matter of *Prism Technologies LLC v. AT&T Mobility, LLC* (Docket No. 8:12CV122) (the "AT&T Matter").  More specifically, the parties in the AT&T Matter executed a Memorandum of Agreement on October 23, 2014 (the "AT&T MOA"), and a Settlement and License Agreement (the "AT&T Settlement License") (collectively the "AT&T Documents"), executed on November 13, 2014, both of which reflect a confidential settlement agreement between the parties that

resolved the AT&T Matter.  Prism wishes to use this new evidence to extrapolate cost-savings of each of the Carrier Defendants and to amend its validity contentions.

II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(e) provides that a party has a duty to supplement its expert report in a timely manner when the party obtains additional information or learns that in some material respect the disclosure or response is "incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A); (2).  Courts may permit amended expert reports past the Rule 26(e) deadline pursuant to Fed. R. of Civ. P. 37©, if the failure to timely disclose the amendment was substantially justified or harmless.  While the Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the Court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness.  *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *7 (D. Kan. April 30, 2013).

III. DISCUSSION

The Carrier Defendants object to the admission of the new reports on various grounds. First, the Carrier Defendants argue that the evidence upon which the experts rely in their new reports was available at the time of the original submissions. The Court finds that the AT&T Documents constitute new evidence. This evidence was unavailable prior to the experts' original reports and prior to the Court's "common" *Daubert* motion excluding Mr. Malackowski. The new evidence is relevant to the remaining cases. *See* Case 12CV122, Filing No. 410, at 10-14. The prejudice to the Carrier Defendants, if any exists, is negligible. The Court, with the support of Prism and the Carrier Defendants, has attempted to balance the interests of Prism to file five separate, closely related, law suits and the interests of the Court and the Carrier Defendants to dispose of as many common issues as possible. Though the amendment comes after the deadlines which spanned all cases, the Carrier Defendant has time before its trial with Prism which the Court deems sufficient not to prejudice them or the remaining Carrier Defendants. If prejudice exists, sufficient time exists to cure it. The Court finds that the inclusion of some damages model is certainly preferable to the absence of one and, therefore, there would be a benefit, and no disruption, at trial. Finally, the Court finds no evidence of bad faith on behalf of any party.

Second, the Carrier Defendants object because the methodology Mr. Malackowski wishes to use is drastically different than what he original submitted. The Court finds no reason to exclude an amended report because of its dissimilarity to the original report.

Third, the Carrier Defendants make arguments as to the admissibility of the report. The Court finds that such arguments are more appropriate in a case-specific *Daubert* motion following submission of these amended reports.

Fourth, the Carrier Defendants argue that Mr. Duman's reasonable royalty rate of 5% is not admissible because he asserted privilege until the time of the AT&T Matter. The Court also finds such argument more appropriate in a case-specific *Daubert* motion following submission of this amended report.

Fifth, the Carrier Defendants object to the new damages calculations because the figures are larger. The Court did not strike Mr. Malackowski's report because the numbers were large or small; the Court struck the report because the methodology was capricious.

Sixth, Sprint specifically objects because it states the filing of an amended report will necessitate "significant" additional discovery, which in turn will delay the trial. Sprint

knows a great deal about the report now, at the time of its briefing. It has, in fact, already begun to lodge objections to the amended report's admissibility and methodology. Sprint also claims that the information in Mr. Malackowski's report has been known for some time. The Court finds it difficult to believe that additional fact discovery will be necessary, but will accommodate the parties as necessary.

Finally, the Carrier Defendants object to the Court's schedule. If Prism is permitted to amend its damages and validity contentions following the AT&T Matter, then Prism will seek to amend its expert reports following the conclusion of every case. The Carrier Defendants and the Court did not anticipate this contingency in the trial schedules. To the extent that the current trials schedules must be altered, the Court will accommodate the parties. For the foregoing reasons,

IT IS ORDERED:

1) In Case 8:12CV123, plaintiff's motion (Filing No. 252) to supplement its reports is granted and plaintiff's motion (Filing No. 261) for a hearing is denied.

2) In Case 8:12CV124, plaintiff's motion (Filing No. 263) to supplement its reports is granted and plaintiff's motion (Filing No. 274) for a hearing is denied.

3) In Case 8:12CV125, plaintiff's motion (Filing No. 253) to supplement its reports is granted and plaintiff's motion (Filing No. 260) for a hearing is denied.

4) In Case 8:12CV126, plaintiff's motion (Filing No. 235) to supplement its reports is granted and plaintiff's motion (Filing No. 244) for a hearing is denied.

DATED this 23rd day of January, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court