IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV123 |
| ) | | |
| v. ) | | |
| ) | | |
| SPRINT SPECTRUM L.P., ) | | |
| d/b/a SPRINT PCS, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV124 |
| ) | | |
| v. ) | | |
| ) | | |
| T-MOBILE USA, INC., ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV125 |
| ) | | |
| v. ) | | |
| ) | | |
| UNITED STATES CELLULAR ) | | |
| CORPORATION, d/b/a U.S. ) | | |
| CELLULAR, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV126 |
| ) | | |
| v. ) | | |
| ) | | |
| CELLCO PARTNERSHIP d/b/a ) | | ORDER |
| VERIZON WIRELESS, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

This matter is before the Court following correspondence and a conference in chambers between plaintiff Prism Technologies ("Prism") and the defendants: Sprint Spectrum ("Sprint"), T-Mobile U.S.A. ("T-Mobile"), United States Cellular Corp. ("U.S. Cellular"), and Cellco Partnership ("Cellco") (collectively, the "Carrier Defendants"). The conference concerned the trial schedules for the Carrier Defendants in light of the Court's recent order allowing Prism to supplement its expert reports (Filing No. 267 in 8:12CV123 ("the Sprint Matter"); Filing No. 278 in 8:12CV124 ("the T-Mobile Matter"); Filing No. 266 in 8:12CV125 ("the U.S. Cellular Matter"); and Filing No. 248 in 8:12CV126 ("the Cellco Matter")).

The Carrier Defendants, particularly Sprint as it is the next Carrier Defendant scheduled for trial, brought two issues before the Court. First, the Carrier Defendants seek to reschedule their trials in order to depose the experts regarding their amended reports, to file motions to exclude such expert opinions, and to offer rebuttal reports. Prism opposes changing any trial dates. Second, the Carrier Defendants and Prism seek guidance as to the scope of this new discovery.

The Court will grant the Carrier Defendants' request to modify their trial dates in order to accommodate the parties to the fullest extent possible.

The second issue will require motion practice to crystalize the parameters of discovery. To the extent that Mr.

Malackowski possesses information on the AT&T Matter (Dkt. No. 12CV122) upon which he relied in order to form his opinions in the remaining Matters, that information must be delivered to the Carrier Defendants. The Carrier Defendants seek copious information from the AT&T Matter. In the AT&T Matter, AT&T prepared its damages expert to discuss Prism's previous settlement agreements, and AT&T prepared its witness without third-party discovery requests. However, if the Carrier Defendants seek to pursue such discovery from third-parties, they should proceed quickly so that the Court can review those requests and maintain the amended trial schedule. Therefore,

IT IS ORDERED:

1) In Docket Number 8:12CV123, the Court grants defendant's request and adopts the following deadlines:

> Prism shall produce documents by February 13, 2015.
>
> Fact depositions shall be completed by February 23, 2015.
>
> Mr. Malackowski's deposition shall be completed by March 13, 2015.
>
> The Carrier Defendants may offer a common *Daubert* motion by April 3, 2015.
>
> Prism may respond to that motion by April 17, 2015.
>
> The Carrier Defendants may reply to the response brief by April 27, 2015.

          The Sprint Matter shall go to trial on June 15, 2015.

2) In Docket Number 8:12CV124, the Court grants defendant's request and the T-Mobile Matter shall go to trial on October 13, 2015.

3) In Docket Number 8:12CV125, the Court grants defendant's request and the U.S. Cellular Matter shall go to trial on November 9, 2015.

4) In Docket Number 8:12CV126, the Court grants the defendant's request and the Verizon Matter shall go to trial on a date to be determined.

5) Plaintiff Prism shall deliver documents upon which Mr. Malackowski relies in his expert report to the Carrier Defendants. The Court reserves ruling on remaining discovery requests until motions are filed.

DATED this 9th day of February, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court