```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA


PRISM TECHNOLOGIES LLC,          )
                                 )
            Plaintiff,           )        8:12CV122
                                 )
      v.                         )
                                 )
AT&T MOBILITY, LLC,              )        MEMORANDUM AND ORDER
                                 )
            Defendant.           )
_____)
PRISM TECHNOLOGIES LLC,          )
                                 )
            Plaintiff,           )        8:12CV123
                                 )
      v.                         )
                                 )
SPRINT SPECTRUM L.P.,            )
d/b/a SPRINT PCS,                )
                                 )
            Defendant.           )
_____)
PRISM TECHNOLOGIES LLC,          )
                                 )
            Plaintiff,           )        8:12CV124
                                 )
      v.                         )
                                 )
T-MOBILE USA, INC.,              )
                                 )
            Defendant.           )
_____)
PRISM TECHNOLOGIES LLC,          )
                                 )
            Plaintiff,           )        8:12CV125
                                 )
      v.                         )
                                 )
UNITED STATES CELLULAR           )
CORPORATION, d/b/a U.S.          )
CELLULAR,                        )
                                 )
            Defendant.           )
_____)
```

```
PRISM TECHNOLOGIES LLC,        )
                               )
          Plaintiff,           )           8:12CV126
                               )
     v.                        )
                               )
CELLCO PARTNERSHIP d/b/a       )
VERIZON WIRELESS,              )
                               )
          Defendant.           )
_____)
```

This matter is before the Court on motions filed by AT&T Mobility L.L.C. ("AT&T"). AT&T filed these motions in Case No.12CV122 (the "AT&T Matter") (Filing No. 511), Case No. 12CV123 (the "Sprint Matter")[1] (Filing No. 292), Case No. 12CV124 (Filing No. 280), Case No. 12CV125 (Filing No. 268), and Case No. 12CV126 (Filing No. 250). Though the AT&T Matter is closed, AT&T moves to assert its rights in pending cases against Sprint Spectrum L.P. ("Sprint"), T-Mobile U.S.A. Inc. ("T-Mobile"), U.S. Cellular Corp. ("U.S. Cellular"), and Cellular Partnership, doing business as Verizon Wireless ("Verizon") (collectively, the "Carrier Defendants"). The Court has met with the parties, and they have delivered written responses to the various matters at issue. The Court finds as follows.

---

[1] All remaining citations will refer exclusively to 12CV123, the Sprint Matter, though identical filings exist is the Carrier Defendants' sister-cases.

-2-

I.   BACKGROUND

The Court granted the Carrier Defendants' motions to exclude Mr. Malackowski's expert report just prior to trial in the AT&T Matter (Filing No. 411), and he did not testify during that trial.  After the close of the evidence and before closing arguments, the parties settled the case.

After the conclusion of the AT&T Matter, Prism moved for leave to supplement and/or amend its expert reports (Filing No. 252).  The Carrier Defendants expressed concerns regarding Mr. Malackowski's new theories on damages, particularly based upon information garnered at the AT&T trial.  Specifically, the Carrier Defendants wanted to reopen discovery into Mr. Malackowski's proposed amended expert report and to review the materials upon which he relied in order to reach his opinions.  The Court granted Prism's motion to amend and/or supplement Mr. Minor's and Mr. Malackowski's expert reports (Filing No. 267).[2]

Following that order, the Carrier Defendants sought a modification of their trial schedules in order to conduct additional discovery, depose Prism's experts, and prepare rebuttal reports.  Prism objected to modifying the trial schedules but did not object to the additional discovery.  The

---

[2] Mr. Malackowski offered two opinions on damages; this order only affects his opinion concerning the AT&T Matter.

-3-

Carrier Defendants also sought guidance from the Court as to the scope of this new discovery. The Court granted the Carrier Defendants' request to modify the trial schedule and compelled Prism to deliver any materials from the AT&T Matter which Mr. Malackowski relied upon to form his opinion (Filing No. 287, at 2-4). The Court reserved ruling on setting parameters on new discovery and instead encouraged the Carrier Defendants to act quickly in pursuing new discovery in order to maintain the new trial schedules (*Id.*).

The Court notes for the record that the motion to supplement and/or amend expert reports, the Court's corresponding order, and the order to modify trial schedules did not appear in the AT&T Matter because AT&T settled its case and the subsequent motions were solely instituted by the Carrier Defendants and Prism. However, only days after the Court instructed the Carrier Defendants to begin pursuing discovery, AT&T received requests for discovery from the Carrier Defendants pertaining to exhibits filed at its trial. AT&T was also made aware of the Court's order (Filing No. 287) compelling Prism to deliver information Mr. Malackowski relied upon in his expert report. AT&T, perceiving that the third-party subpoenas and the Court's order violated the parties' protective order, filed the current motions. All parties have met to discuss the issues raised by

-4-

those motions. The matter has been briefed and is ready for disposition.

II. DISCUSSION

At the outset, the Court reiterates its opinion in a previous Prism case, "it is inherently unreasonable to allow Prism's expert access to information that defendants' experts cannot access." *Prism Technologies LLC v. Adobe Systems, Inc., et al.* (The "Adobe Case"), Case Action No. 8:10CV220, Filing No. 829, at 6 (D. Neb. July 2, 2012) (citing Case No. 8:10CV220, Filing No. 758). This was the situation in the Adobe case and this is the situation now.

AT&T asserts that Mr. Malackowski utilized discovery from the AT&T Matter to formulate his opinions in the Carrier Defendants' cases in violation of the protective order, that AT&T did not waive its rights under the protective order, that the Court's order (Filing No. 287, at 2-4) compels Prism to violate the Protective order, and that third-party subpoenas compelling AT&T to deliver materials to the remaining Carrier Defendants also violates the Protective order (Filing No. 66, Filing No. 70). Prism argues that Mr. Malackowski did not use AT&T discovery materials, that AT&T waived its protection order, that the Court could refashion the protective order, and no violation of the protective order has yet occurred.

A. THE PROTECTIVE ORDER

The Protective Order was designed by all the parties, including AT&T, Prism, and the Carrier Defendants. The Court resolved any disputed portion of the Protective Order (Filing No. 66) and issued a protective order (Filing No. 70).

The Protective Order contemplated that its content would apply to "all information, documents, testimony . . . ." (*Id.* at 2, ¶ 1). Subject to Paragraphs 19 and 30, the protected material produced in each of the cases would be limited to exclusive use in that case (*Id.* at 4, ¶ 6). "For the avoidance of doubt, [Prism] shall not share Protected Material produced by one Defendant with any other Defendant, including Defendant's corporate representatives, counsel, experts, consultants, or any other agents, without the express written consent of the Producing Party." (*Id.*). Paragraph 30 is the issue now before the Court:

> Furthermore, neither Plaintiff nor Plaintiff's outside counsel shall disclose to Defendant or any Defendant's outside counsel any other Defendant's Protected Material, whether through Court filings, oral argument in Court, expert reports, deposition, discovery requests or responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material.

(*Id.* at 26-27, ¶ 30). It is the duty of the Receiving Party, in this case AT&T, to assert its rights under the Protective Order and to carry the burden that its documents should not be produced (*See id.* at 27, ¶ 31). The Protective Order remains in effect as to all Carrier Defendants, AT&T, and Prism until the termination of all the above-captioned cases (*Id.* at 28, ¶34).

      B.    USE OF AT&T TRIAL MATERIALS

In his amended expert report, Mr. Malackowski modifies his damage model based upon figures in the AT&T Matter. Though Prism asserts that certain information may have been said in open court to provide a bases for this computation, it is clear from the trial transcript and the parties, that Mr. Malackowski used a figure which appears only in a document produced by AT&T to Prism during discovery (Exhibit 349). Mr. Malackowski uses the information contained in that document and the testimony of Mr. Weatherly to create a ratio between the settlement costs and the total revenue of AT&T. By applying that figure to the Carrier Defendants' revenues, Mr. Malackowski seeks to form an alternative damages model against the Carrier Defendants using financial documents covered by the Protective Order. Arguments that Mr. Malackowski did otherwise are without merit.

### C. EXPRESS PRIOR WRITTEN CONSENT

Prism argues that AT&T has waived its rights under the Protective Order because AT&T withdrew its objections to the admission of Exhibit 349 at the AT&T trial. This argument is without merit. AT&T did not provide consent expressly, in writing, prior to Mr. Malackowski's report, to the use of Exhibit 349 by Prism or to allow the Carrier Defendants access. At best, AT&T orally consented to Prism's use of the document in its trial, which is unrelated to the protections provided by the Protective Order. In fact, the Protective Order illustrates that the parties anticipated the use of confidential trial exhibits in the courtroom, yet included the express prior written consent requirement for cross-litigation documents. In addition, Prism's open-courtroom and competitor-knowledge arguments are without merit. AT&T has not waived the protections to its trial materials.

### D. UNREASONABLY WITHHELD CONSENT

Despite ostensibly maintaining that AT&T waived its protections under the Protective Order, Prism also argues that AT&T is unreasonably withholding its consent for Prism to use the AT&T materials. The Court finds that AT&T has not unreasonably withheld its consent from Prism or the Carrier Defendants.

E.   VIOLATION OF THE PROTECTIVE ORDER

After review of the forgoing details and analysis, the Court finds that AT&T has a protected interest in its materials which AT&T has not waived.  Therefore, the Court's order requiring that Prism provide materials from the AT&T trial to the Carrier Defendants and third-party subpoenas served on AT&T violates this Court's Protective Order.  AT&T and the Carrier Defendants are trapped between the Court's Protective order and its Court order compelling certain discovery.  The Court finds that the Protective Order controls.

F.   REMEDY

The Court cannot allow Prism's expert to pursue discovery not available to the Carrier Defendants' experts.  The Court will not compel Prism to produce documents in violation of the Protective Order and, consequently, the Carrier Defendants cannot request documents available to Prism's expert.  Therefore,

IT IS ORDERED:

1) The portion of its order (Case No. 12CV123, Filing No. 287; Case No. 12CV124, Filing No. 279; Case No. 12CV125, Filing No. 267; Case No. 12CV126, Filing No. 249) that requires Prism to deliver the documents in question to the Carrier Defendants is stricken.

     2) That portion of Mr. Malackowski's expert report which relies upon the documents in question is stricken.

     3) AT&T's motions (Case No. 12CV122, Filing No. 511; Case No. 12CV123, Filing No. 292; Case No. 12CV124, Filing No. 280; Case No. 12CV125, Filing No. 268; Case No. 12CV126, Filing No. 250) filed in each case are granted.

     DATED this 23rd day of February, 2015.

     BY THE COURT:

     /s/ Lyle E. Strom

     _____
     LYLE E. STROM, Senior Judge
     United States District Court