## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>SPRINT SPECTRUM L.P. D/B/A SPRINT PCS<br><br>      Defendant. | Civil Action No. 8:12-cv-123-LES-TDT |

### STIPULATION ON JOINT NOTICE OF AGREEMENTS ON MOTIONS *IN LIMINE*

1.      Neither party may refer to any fee arrangement or interest in the litigation held by Kramer Levin Naftalis & Frankel LLP or Bentham Capital.

2.      Sprint may not argue that Sprint does not infringe because the claims are allegedly invalid.

3.      Neither party may make disparaging remarks or references to the patent system or patents.

4.      Sprint may not make any reference regarding any motives for filing the current (and related) actions.

5.      Sprint may not rely on declarations and/or affidavits served after the close of fact discovery, including JDG_PRISM_INV_0022640 - JDG_PRISM_INV_0026487, except for purposes of authentication.

6.      Sprint may not disparage Prism as a "patent troll" or non-practicing entity.  The parties may, however, refer to Prism's origins as a practicing company and to the fact that Prism is no longer a practicing company.

7.      Sprint may not argue that Prism has committed inequitable conduct as Sprint has not asserted inequitable conduct as a defense.  Sprint may argue that certain references were not of record during prosecution before the Patent Office.

8.      Sprint may not argue that Prism is trying to prevent or interfere with Sprint's customers receiving data services, as Prism does not seek an injunction.

9.      Sprint cannot present an argument that, because an unasserted claim was rejected by the PTO during examination, one or more asserted claim(s) would also be invalid.  This does not preclude Sprint from referencing the prosecution history of the asserted claims.

10.     The parties will not offer testimony, other evidence, or argument regarding any witness's race, nationality, religion, origin, color, creed, gender, or ethnicity.

11.     The parties will not offer testimony, other evidence, or argument contradicting the claim constructions set forth by the Court in the Claim Construction Order.  (ECF No. 133).

12.     The parties will not offer testimony, other evidence, or argument regarding any of Prism's unasserted claims.

13.     The parties will not offer testimony, other evidence, or argument regarding a witness's or a party's charity work.

14.     Sprint may not present argument that the CDPD Book was publicly available prior to June 11, 1996.

15.     Sprint's damages expert, Scott D. Hampton, may not present trial testimony or an opinion regarding the use of microwave as a non-infringing alternative because such an opinion was not disclosed in his expert report.

16.     Sprint may not introduce any argument, testimony, evidence or expert opinion that a damages award may increase the price of Sprint's wireless data services, put Sprint out of business, cause jobs to be lost or negatively impact the quality and/or price of Sprint's wireless data services.

17.     Sprint may not present evidence from third-party fact witness Mark Morscher that exceeds the scope of the Court's Order (ECF No. 209), including testimony regarding the CompuServe RPA prior art outside of any contribution by Mr. Morscher to the '416 patent.

18.     Other than for cross-examination and/or impeachment purposes, the parties will not offer testimony, other evidence or argument regarding any article, website, or publication not produced to the opposing party or specifically referenced in an expert report.

19.     Prism will not offer testimony, other evidence or argument regarding trace routes of Sprint's network.  Prism may respond to any testimony, evidence and argument introduced by Sprint regarding trace routes.

20.     The parties will not offer testimony, other evidence, or argument regarding K&L Gates LLP's retention of Mr. James E. Malackowski as an expert in any case.

21.     The parties will not offer testimony, other evidence, or argument regarding Internet Patent Corporation's retention of Sidley Austin LLP as outside legal counsel.

22.     The parties  will not offer testimony, other evidence, or argument regarding Sprint's investors, including Softbank's ownership interests in Sprint.

23.     Prism will not offer testimony, other evidence, or argument regarding Sprint's "deep pockets" or size (e.g., "huge," "giant," or "large").

24.     Neither party's fact witnesses will offer expert testimony under F.R.E. 702.  The parties may offer fact testimony under F.R.E. 701.

25.     The parties will not offer testimony, other evidence, or argument regarding the other party's decision not to call a particular witness who that party does not control at trial. Prism reserves its right to present such testimony, evidence and argument if Sprint introduces evidence relating to Mark Morscher without calling him as a witness.

26.     The parties will not offer testimony, other evidence, or argument regarding the other party's  failure to call any senior executives as a witness or have them present at trial.

27.     The parties will not offer testimony, other evidence, or argument regarding the opposing party's  failure to have any other entity appear at trial or call any witness from any other -related entity.

28.     The parties will not  offer  testimony,  other  evidence,  or  argument  regarding any pending patent applications, continuations, divisionals, or continuation-in-part applications from the patents-in-suit.

29.     Prism  will  not  offer  testimony,  other  evidence,  or  argument  regarding any presumption of validity of any claim of the patents-in-suit.

30.     Prism will not refer to or offer testimony, other evidence, or argument that the patents-in-suit are necessary or essential to comply with an industry standard.

31.     Prism will not refer to or offer testimony, other evidence, or argument that Sprint was aware, had notice of, or knowledge of the patents-in-suit before Prism filed this case.

32.     Prism will not offer testimony, other evidence, or argument regarding any alleged lack of opinion of counsel in support of willfulness or any other issue.

33.     Prism will not offer testimony, other evidence, or argument suggesting that Sprint had copied the invention described in the claims of the patents-in-suit.

Dated: May 1, 2015

By: *s/ Cristina Martinez*

Michael C. Cox, Esq. (17588)
Daniel J. Fischer, Esq. (22272)
**Koley Jessen P.C., L.L.O.**
1125 S. 103rd St., Suite 800
Omaha, NE 68124
Tel: (402) 390-9500
Fax: (402) 390-9005
mike.cox@koleyjessen.com
dan.fischer@koleyjessen.com

André J. Bahou, Esq.
**Prism Technologies LLC**
Vice President & Chief IP Officer
878 Arlington Heights Dr., Suite 400
Brentwood, TN 37027
Tel: (615) 712-6580
Fax: (402) 578-1447
aj.bahou@prsmip.com

Jonathan S. Caplan, Esq.
Mark A. Baghdassarian, Esq.
Aaron M. Frankel, Esq.
Marcus A. Colucci, Esq.
Matthew W. Olinzock, Esq.
Cristina Martinez, Esq.
**Kramer Levin Naftalis & Frankel LLP**
1177 Avenue of the Americas
New York, NY 10001
Tel:  212.715.9100
Fax:  212.715.8000
jcaplan@kramerlevin.com
mbaghdassarian@kramerlevin.com
afrankel@kramerlevin.com
mcolucci@kramerlevin.com
molinzock@kramerlevin.com
cmartinez@kramerlevin.com

By: *s/ Christopher Hanba (with permission)*

Michael K. Huffer, Esq. (#18087)
David A. Blagg (#17473)
Amy M. Locher, Esq. (#24786)
**CASSEM, TIERNEY LAW FIRM**
8805 Indian Hills Drive
Suite 300
Omaha, NE 68114
Tel: (402) 390-0300
Fax: (402) 390-9676
mhuffer@ctagd.com
dblagg@ctagd.com
amlocher@ctagd.com

B. Trent Webb
John D. Garretson
Beth Larigan
Christine A. Guastello
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel. 816-474-6550
Fax. 816-421-5547
bwebb@shb.com
jzerger@shb.com
blarigan@shb.com
cguastello@shb.com
jgarettson@shb.com

Michael T. Hilgers (#24483)
Carrie S. Dolton (#24221)
**GOBER HILGERS PLLC**
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone: 402.218.2106
Facsimile: 877.437.5755
mhilgers@goberhilgers.com
cdolton@goberhilgers.com

Paul Andre, Esq.
Lisa Kobialka, Esq.
**Kramer Levin Naftalis & Frankel LLP**
990 Marsh Road
Menlo Park, CA 94025
Tel: 650.752.1700
Fax: 650.752.1810
pandre@kramerlevin.com
lkobialka@kramerlevin.com

**ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC**

Michael J. Abernathy
Christopher Hanba
**K&L GATES LLP**
70 West Madison Street
Chicago, IL 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000
mike.abernathy@klgates.com
christopher.hanba@klgates.com

Michael J. Bettinger (admitted pro hac vice)
Irene Yang (admitted pro hac vice)
**SIDLEY AUSTIN LLP**
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415)772-7400
mbettinger@sidley.com
irene.yang@sidley.com

**ATTORNEYS FOR DEFENDANT
SPRINT SPECTRUM LP**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 1st day of May 2015.

*s/ Cristina Martinez*
Cristina Martinez