# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>SPRINT SPECTRUM L.P. D/B/A SPRINT PCS<br><br>        Defendant. | Civil Action No. 8:12-cv-123-LES-TDT<br><br>Jury Trial Requested in Omaha |

## PLAINTIFF PRISM TECHNOLOGIES, LLC'S TRIAL BRIEF

**TABLE OF CONTENTS**

        **Page**

I.     FACTUAL BACKGROUND ................................................................................. 1

     A.     The Parties ................................................................................................ 1

     B.     The Asserted Patents ................................................................................ 1

     C.     Prism's Invention ..................................................................................... 2

     D.     The Accused Sprint Systems and Methods ............................................. 2

II.    LEGAL STANDARDS ...................................................................................... 3

III.   SUMMARY OF ISSUES TO BE TRIED ......................................................... 3

     A.     Sprint Infringes the Asserted Claims ...................................................... 3

     B.     Prism is Entitled to Damages in the Amount of No Less Than a Reasonable Royalty for Sprint's Infringement ........................................ 3

     C.     Prism is Entitled to a May 6, 1996 Conception Date ............................. 4

     D.     Prism's Asserted Claims Are Valid ......................................................... 4

Plaintiff Prism Technologies, LLC ("Prism") respectfully submits this trial brief in accordance with this Court's Order on Final Pretrial Conference (ECF No. 390) and the parties' joint motion to modify the Order on Final Pretrial Conference (ECF No. 408).

## I.     FACTUAL BACKGROUND

### A.     The Parties

Prism is a limited liability company organized and existing under the laws of the State of Nebraska, with its principal place of business at 2323 S. 171st Street, Suite 106, Omaha, Nebraska 68130.

Defendant Sprint Spectrum L.P. d/b/a Sprint PCS ("Sprint") is a Delaware limited partnership with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

### B.     The Asserted Patents

Prism is the owner of U.S. Patent Nos. 8,287,155 ("the '155 Patent") and 8,127,345 ("the '345 Patent") (collectively "the Asserted Patents"). The Asserted Patents are generally directed to providing protected computer resources over an untrusted network to an authenticated and authorized client computer device. The Asserted Patents are both continuations of U.S. Application No. 10/230,338, which is a continuation-in-part of U.S. Application No. 08/872,710 ("the '416 Patent Application"). Prism will be asserting the following claims at trial:

- '345 Patent: Claims 1, 33, and 57; and
- '155 Patent: Claims 7, 11, 37, 56, and 76.

Prism contends that the Asserted Patents both have an effective filing date of June 11, 1997, the filing date of the '416 Patent Application to which they claim priority.

### C.     Prism's Invention

Prism's predecessor (Prism Resources, Inc.) began work on the project that resulted in the inventions claimed in the Asserted Patents by early 1996. This project was commenced in response to a request by Data Transmission Network ("DTN") regarding how to provide protected computer resources over the Internet, an untrusted network. The named inventors conceived of the invention by February 22, 1996, and diligently continued development work over the next year, as evidenced by contemporaneous records, including a confidential demonstration to DTN and Prism's time sheets and technical specifications. This work resulted in the filing of the '416 Patent Application on June 11, 1997.

### D.     The Accused Sprint Systems and Methods

The accused Sprint systems and methods relate to authentication and authorization of a subscriber's client computer device (e.g., a smart phone) to receive protected computer resources, including access to data services, over an untrusted network, such as the Internet.

For example, when a Sprint subscriber's smart phone requests access to the Internet and other Sprint protected computer resources, it sends identity information to a Sprint base station, which then forwards the identity information to Sprint's core network over a backhaul network, which is an untrusted Internet Protocol network. Sprint's core network uses the identity data to authenticate and authorize the user to receive protected computer resources, which are then provided to the smart phone over the same backhaul network.

## II.     LEGAL STANDARDS

Prism bears the burden of proving Sprint's infringement and damages by a preponderance of the evidence. Because the asserted patents are presumed valid, Sprint is required to prove its invalidity defense by clear and convincing evidence. 35 U.S.C. § 282.

## III.    SUMMARY OF ISSUES TO BE TRIED

### A.     Sprint Infringes the Asserted Claims

Prism will show that Sprint's accused systems and methods infringe the Asserted Patents. Prism's proofs at trial will include:

- Sprint and third-party documents showing the operation of the accused systems;
- The expert analysis of Dr. David Lyon on Sprint's infringement;
- The expert analysis of John Minor on the use by Sprint of Internet Protocol networks for backhaul; and
- The testimony (live or by deposition video) of Sprint employees.

### B.     Prism is Entitled to Damages in the Amount of No Less Than a Reasonable Royalty for Sprint's Infringement

Prism is entitled to compensation which may not be less than a reasonable royalty for Sprint's infringement. Prism intends to present the testimony of its damages expert, James E. Malackowski, as well as evidence developed during discovery to support an award of damages of no less than a reasonable royalty, including, for example, evidence of Sprint's cost savings from using the patented technology, the quantitative and qualitative benefits to Sprint from using the patented technology and Prism's licensing practices for the patented technology.[1]

---

[1] Sprint filed a *Daubert* motion to exclude portions of the opinions that will be offered by Prism's damages expert James Malackowski. Even if Sprint's motion is granted, the Federal Circuit has been clear that "if a patentee's damage expert is excluded, that fact does not does not automatically deny a patentee a right to recover damages." *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327 (Fed. Cir. 2014). This is "[b]ecause no less than a reasonable royalty is required [and] the fact finder must determine what royalty is supported by the record . . . If a patentee's

### C. Prism is Entitled to a May 6, 1996 Conception Date

Prism will show that it conceived of the claimed inventions by as early as February 22, 1996, and by no later than May 6, 1996. Prism will further show at trial that it diligently worked to reduce its invention to practice until the constructive reduction of practice of the filing of the '416 Patent Application on June 11, 1997, as evidenced by contemporaneously created time sheets and an evolving set of technical specifications leading up to the filing of the '416 Patent Application.

### D. Prism's Asserted Claims Are Valid

Sprint cannot prove by clear and convincing evidence that the asserted claims are invalid. Sprint indicated that it will rely at trial on three purported prior art references, the Taylor CDPD book, the Willens RADIUS Internet draft and GSM. As set forth in Prism's briefing in support of its motions *in limine* No. 10, Sprint's attempt to argue anticipation based on GSM is improper, as a matter of law (ECF Nos. 358 and 394). Prism will show that the asserted prior art does not disclose various key elements of the asserted claims. Furthermore, Sprint cannot show by clear and convincing evidence that the Taylor CDPD book was available before Prism's conception of the claimed invention on or before May 6, 1996. Such materials, thus, are not prior art. *See, e.g.*, *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576-78 (Fed. Cir 1996).

Finally, Sprint cannot demonstrate that Prism's Asserted Patents are invalid for lack of a proper written description or enablement.

---

evidence fails to support its specific royalty estimate, the fact finder is still required to determine what royalty is supported by the record." *Id.* at 1330.

Dated: June 3, 2015

Respectfully submitted,

By: *s/ Cristina Martinez*

| | |
|---|---|
| **Koley Jessen P.C., L.L.O.** | **Kramer Levin Naftalis & Frankel LLP** |
| Michael C. Cox, Esq. (17588) | Jonathan S. Caplan, Esq. |
| Daniel J. Fischer, Esq. (22272) | Mark A. Baghdassarian, Esq. |
| 1125 S. 103rd St., Suite 800 | Aaron M. Frankel, Esq. |
| Omaha, NE 68124 | Marcus A. Colucci, Esq. |
| Tel: (402) 390-9500 | Matthew W. Olinzock, Esq. |
| Fax: (402) 390-9005 | Cristina Martinez, Esq. |
| mike.cox@koleyjessen.com | 1177 Avenue of the Americas |
| dan.fischer@koleyjessen.com | New York, NY 10036 |
| | Tel: 212.715.9100 |
| | Fax: 212.715.8000 |
| | jcaplan@kramerlevin.com |
| | mbaghdassarian@kramerlevin.com |
| | afrankel@kramrelevin.com |
| | mcolucci@kramerlevin.com |
| | molinzock@kramerlevin.com |
| | cmartinez@kramerlevin.com |
| | |
| **Prism Technologies LLC** | **Kramer Levin Naftalis & Frankel LLP** |
| André J. Bahou, Esq. | Paul Andre, Esq. |
| Vice President & Chief IP Officer | Lisa Kobialka, Esq. |
| 878 Arlington Heights Dr., Suite 400 | Aakash Jariwala, Esq. |
| Brentwood, TN 37027 | 990 Marsh Road |
| Tel: (615) 712-6580 | Menlo Park, CA 94025 |
| Fax: (402) 578-1447 | Tel: 650.752.1700 |
| aj.bahou@prsmip.com | Fax: 650.752.1810 |
| | pandre@kramerlevin.com |
| | lkobialka@kramerlevin.com |
| | ajariwala@kramerlevin.com |
| | |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |
| *Prism Technologies LLC* | *Prism Technologies LLC* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 3rd day of June 2015.

                                                         *s/ Cristina Martinez*
                                                         Cristina Martinez