IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,          )
                                  )
              Plaintiff,          )          8:12CV123
                                  )
        v.                        )
                                  )
SPRINT SPECTRUM L.P.,             )          MEMORANDUM AND ORDER
d/b/a SPRINT PCS,                 )
                                  )
              Defendant.          )
_____   )
```

This matter is before the Court on two related motions. First, defendant Sprint Spectrum L.P., doing business as Sprint PCS ("Sprint") moves for summary judgment against plaintiff Prism Technologies, L.L.C. ("Prism") on the basis Sprint did not infringe upon Prism's patents (Filing No. 268). Second, Prism moves (Filing No. 323) to strike agreements raised in Sprint's reply brief (Filing No. 308). After review of the motions, briefs, submitted evidence, and relevant law, the Court finds as follows.

I.   BACKGROUND

A.   PATENTS

Originally, Prism alleged infringement of three asserted patents (Filing No. 1). Ultimately, Prism narrowed the scope of this action to two patents: U.S. Patent No. 8,127,345 ("Patent '345") and U.S. Patent No. 8,387,155 ("Patent '155")

(Filing No. 1; Filing No. 270, 2).  Prism dropped its third

asserted patent, U.S. Patent 7,290,288 ("Patent '288"), from this

action (*Id.*).

The United States Patent and Trademark Office ("PTO")

issued Patent '345, entitled "METHOD AND SYSTEM FOR MANAGING

ACCESS TO PROTECTED COMPUTER RESOURCES VIA AN INTERNET PROTOCOL

NETWORK," on February 28, 2012, from an application filed October

30, 2007 (Filing No. 1-6, at 1).  Patent '345 is allegedly a

continuation of Patent '288, entitled "METHOD AND SYSTEM FOR

CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO PROTECTED

COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK" and

filed on August 29, 2002 (*Id.*).

The PTO issued Patent '155, entitled "SYSTEM FOR

MANAGING ACCESS TO PROTECTED COMPUTER RESOURCES," on February 26,

2013, from an application filed November 11, 2010, with the PTO.

Prism contends that the Patent '155 application was a

continuation of the Patent '345 application.

At issue in this case are Asserted Claims in Patents

'155 and '345 (Filing No. 390, at 3-4).  The following are the

Asserted Claims in Patent '345:  1, 33, and 57 (*Id.* at 4).  The

following are the Asserted Claims in Patent '155:  7, 11, 37, 56,

and 76 (*Id.* at 3).

B.   PROCEDURE

On April 4, 2012, Prism filed complaints against Sprint and various other cellular phone providers in separate actions, alleging direct infringement, indirect contributory infringement, and indirect inducement of infringement of Patents '345 and '155 (Filing No. 1; *see also Prism v. A&T Mobility*, 8:12CV122; *Prism v. T-Mobile USA, Inc.*, 8:12CV124; *Prism v. United States Cellular Corp., d/b/a U.S. Cellular*, 8:12CV125; *Prism v. Cellco Partnership, d/b/a Verizon Wireless*, 8:12CV126).  The complaint was amended September 21, 2012 (Filing No. 36) and March 1, 2013 (Filing No. 84).  On April 23, 2013, the parties submitted a Joint Claim Construction Statement and the Court conducted a *Markman* hearing on July 2, 2013 (Filing No. 108, Filing No. 128). The Court issued its *Markman* order on July 30, 2013, accepting jointly stipulated terms and construing disputed terms (Filing No. 133).

In the instant motion, Sprint moves for summary judgment on the ground that it did not infringe upon the Asserted Claims because access to Sprint's networks is only allowed after authenticating the identity of the subscriber -- not the phone (Filing No. 270).

II.   STANDARD OF REVIEW

A motion for summary judgment shall be granted by the Court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.  *Wood v. SatCom Marketing, LLC*, 705 F.3d 823, 828 (8th Cir. 2013).

The moving party bears the burden to establish that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  If the moving party does not meet its initial burden, summary judgment must be denied even if no affidavits or other evidence have been submitted in opposition to the motion.  *See id.* at 159-60.  After the moving party has met its burden, "the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a

-4-

genuine issue of material fact exists."  *Singletary v. Missouri*

*Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

Patent infringement occurs when a person "without

authority makes, uses or sells any patented invention, within in

the United States . . . during the term of the patent."  35

U.S.C. § 271(a).

> An infringement analysis entails
> two steps.  The first step is
> determining the meaning and scope
> of the patent claims asserted to be
> infringed.  The second step is
> comparing the properly construed
> claims to the device accused of
> infringing.

*Markman v. Westview Insruments, Inc.*, 52 F.3d 967. 976 (Fed. Cir.

1995) (citations and footnotes omitted).  In order to succeed on

a claim of literal infringement, the plaintiff must prove that

every limitation of the patent claim limitation is found in the

accused device by a preponderance of the evidence.  *See*

*SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878,

889 (Fed. Cir. 1988) (citing *Uniroyal, Inc. v. Rudkin-Wiley*

*Corp.*, 837 F.2d 1044, 1054 (Fed. Cir. 1988); *Pennwalt Corp. v.*

*Durand–Wayland, Inc.*, 833 F.2d 931, 935 (Fed. Cir. 1987) (*en*

*banc*)).  Therefore, in order to succeed in its motion for

complete summary judgment, Sprint need only point to "specific

ways in which accused systems did not meet the claim

limitations." *Exigent Tech. v. Atrana Solutions, Inc*., 442 F.3d

1301, 1308-09 (Fed. Cir. 2006) (citing *Celotex Corp. v. Catrett*,

477 U.S. 317, 326 (1986); *United States v. Four Parcels*, 941 F.2d

1428, 1438 n.19 (11th Cir. 1991) (*en banc*)).  Sprint does not

need to present affirmative evidence of non-infringement.  *Id.*

(citing *Celotex Corp.*, 477 U.S. at 326).  Sprint may rely solely

upon "pleadings, depositions, answers to interrogatories, and

admissions on file."  *Id.* at 1308 (citing *Celotex*, 477 U.S. at

324).  Therefore, it is Sprint's burden to point to specific

portions of the record which illustrate that Prism has failed to

sustain Prism's burden.

III. DISCUSSION

       The issue before the Court is whether it can be said

that Sprint's systems identify its devices or the person using

the device when allowing access to its networks.  Sprint's

argument for summary judgment is as follows.  This Court

construed Prism's patents to authenticate devices.  Sprint's

technology authenticates people (subscribers).  Therefore,

Sprint's technology cannot infringe upon Prism's patents.  This

argument fails to satisfy the requirements of summary judgment

because if Sprint's technology does authenticate only people,

then evidence exists to the contrary creating a material,

disputed question of fact.

Sprint asserts that its 3G and 4G networks require authentication of a person by identifying the phone's identity. This statement is internally inconsistent because identification of a device is not tantamount to identification of a person. The Court made this distinction in its *Markman* order. Filing No. 133, at 53-56, 68.

Also, as Prism sets out in its brief in opposition, Sprint's networks simply cannot authenticate people. If Sprint did authenticate subscribers, and not devices, how do non-subscribers use subscribers' devices? If Sprint has the technology to identify individual subscribers, then its subscribers could access Sprint's network with non-Sprint devices, to wit: a Sprint subscriber could use a phone with an AT&T SIM card to access Sprint's network because Sprint identifies subscribers, not the device. Of course, these arguments are outlandish and cannot withstand scrutiny.

Sprint seems to rely solely on the testimony of Prism's expert, Mr. Lyons, who used the term subscriber liberally, and Sprint now seeks to capitalize upon it. To the extent that Sprint is not misconstruing Mr. Lyons' expert report, there is a question as to Mr. Lyons' true meaning that must be determined by the jury. Accordingly,

IT IS ORDERED:

1)   Defendant's motion (Filing No. 268) is denied.

2)   Plaintiff's motion (Filing No. 323) is denied.

DATED this 8th day of June, 2015.

                     BY THE COURT:

                     /s/ Lyle E. Strom

                     _____

                     LYLE E. STROM, Senior Judge
                     United States District Court