IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,        )
                                )
              Plaintiff,        )         8:12CV123
                                )
         v.                     )
                                )
SPRINT SPECTRUM L.P.,           )         MEMORANDUM AND ORDER
d/b/a SPRINT PCS,               )
                                )
              Defendant.        )
_____)
```

This matter is before the Court on three related motions filed by plaintiff Prism Technologies, L.L.C. ("Prism") regarding Scott Hampton ("Mr. Hampton"), damages expert for defendant Sprint Spectrum, doing business as Sprint P.C.S. ("Sprint"). First, Prism filed a motion (Filing No. 325) to strike Mr. Hampton's non-infringing alternative theory as untimely and prejudicial. Second, Prism filed a motion (Filing No. 329) concerning Mr. Hampton's Smallest Salable Patent Practicing Unit ("SSPPU") theory as untimely and prejudicial. Third, Prism filed a *Daubert* motion (Filing No. 333) to exclude Mr. Hampton's testimony and opinions based upon the SSPPU and non-infringement theories.

First, the Court will deny Prism's motion to strike Sprint's non-infringing theory as moot. Sprint will not offer a non-infringing theory at trial (Filing No. 392, at 5).

Second, the Court will grant Prism's motion to strike Sprint's SSPPU rebuttal theory. Sprint claims that Mr. Malackowski's damages report necessitated this new SSPPU theory. Sprint's argument is unsupported. The Court finds Sprint's new, SIM-card theory is not related to Malackowski's new damages theory and, therefore, Sprint's new theory is not rebuttal. The Court further finds that the SSPPU theory and its underlying basis are untimely and prejudicial.

Third, the Court will deny Prism's *Daubert* motion to exclude the remainder of Mr. Hampton's opinion. Prism seeks to entirely exclude Mr. Hampton's opinions because those opinions are based on the now-withdrawn non-infringement theory and the late-disclosed SIM-card SSPPU theory. However, the Court finds that Mr. Hampton's export report contains materials beyond those two points. For example, Mr. Hampton may testify to the *Georgia-Pacific* factors and may offer his opinions as to why Mr. Malackowski's calculations are flawed.

IT IS ORDERED:

1) Plaintiff's motion (Filing No. 325) to strike a non-infringing alternative theory is denied as moot.

2) Plaintiff's motion (Filing No. 329) to strike evidence of SIM-card, SSPPU evidence is granted.

3) Plaintiff's motion (Filing No. 333) to exclude the testimony and opinions of Sprint's damages expert is denied.

DATED this 8th day of June, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court