IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV123 |
| ) | | |
| v. ) | | |
| ) | | |
| SPRINT SPECTRUM L.P., ) | | |
| d/b/a SPRINT PCS, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV124 |
| ) | | |
| v. ) | | |
| ) | | |
| T-MOBILE USA, INC., ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV125 |
| ) | | |
| v. ) | | |
| ) | | |
| UNITED STATES CELLULAR ) | | |
| CORPORATION, d/b/a U.S. ) | | |
| CELLULAR, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| PRISM TECHNOLOGIES LLC, ) | | |
| ) | | |
| Plaintiff, ) | | 8:12CV126 |
| ) | | |
| v. ) | | |
| ) | | |
| CELLCO PARTNERSHIP d/b/a ) | | ORDER |
| VERIZON WIRELESS, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

This matter comes before the Court on common *Daubert* motions filed by defendants Sprint Spectrum ("Sprint"), T-Mobile U.S.A. ("T-Mobile"), United States Cellular Corp. ("U.S. Cellular"), and Cellco Partnership ("Cellco") (collectively, the "Carrier Defendants") in four related cases. In their motions (Filing No. 336 in 8:12CV123; Filing No. 290 in 8:12CV124; Filing No. 279 in 8:12CV125; and Filing No. 261 in 8:12CV126), defendants seek to exclude the expert opinion and testimony of Mr. Malackowski.[1] The Court granted the Carrier Defendants' request for oral arguments and arguments were held May 20, 2015.

I.  BACKGROUND

Prism accuses the Carrier Defendants of infringing upon its patents, 8,127,345 ("the '345 Patent") and 8,287,155 ("the '155 Patent"). Though Prism filed different actions against each Carrier Defendant, the parties agreed to common resolution of certain issues which affected all the cases. For example, Prism, AT&T Mobility, and the remaining Carrier Defendants agreed to resolve "common" issues in summary judgment and *Daubert* motions in addition to case specific issues. Filing No. 214. The Court adopted this policy and resolved the common issues pertaining to

---

[1] The briefs of the parties are substantially identical in the four cases and the Court will cite to docket number 8:12CV123 throughout the remainder of this opinion.

Prism's expert witnesses and various legal issues. The Court made a determination in the matter of *Prism Technologies LLC v. AT&T Mobility, LLC* (Docket No. 8:12CV122) (the "AT&T Matter") which plays into the Carrier Defendants' current motions. The Court granted the Carrier Defendants' motions to exclude the expert report and opinions of Mr. Malackowski, Prism's damages expert, due to the method of his damages calculations. Filing No. 246. Following the AT&T Matter, the Court granted Prism leave to amend the reports of its damages and validity experts based on agreements executed by Prism and AT&T Mobility, L.L.C. ("AT&T") that resolved the AT&T Matter.[2]

Mr. Malackowski has offered three damages theories. The first was excluded. The second and third theories were introduced in his amended report. The Court finds the following illustration instructive in distinguishing the major differences between the theories:

---

[2] Though a major issue in their briefs, the parties stated at oral arguments that Prism will not use the confidential figures from the AT&T Matter in the present and successive Carrier Defendant Matters. Therefore, the Court considers the matter withdrawn and moot.

|  | **First Theory- Revenue** | **Second Theory - Cost-Savings (I)** | **Third Theory - Cost-Savings (II)** |
|---|---|---|---|
| **Starting Point** | Total Service Revenues (Voice + Data) | Alleged Cost Savings (Voice + Data) | Alleged Cost Savings (Voice + Data) |
| **Distinction Between Voice and Data Services** | Limited to Data Revenues | No Limitation (Voice + Data Included) | Limit to Alleged Data-Related Cost Savings |
| **Apportionment Metric** | 12.1% (87.9% Reduction) | -- (No Reduction) | -- (No Reduction) |
| **Royalty Base** | X | Y | Z |
| **Royalty Rate** | 3.5% | 3.5% | 3.5% |
| **Royalty** | .035X | .035Y | .035Z |

(*See* Carrier Defendants' Slide No. 3 for Malackowski *Daubert* Hearing).

II. LEGAL STANDARDS

The Court must determine whether Mr. Malackowski's specialized knowledge will assist the trier of fact to understand evidence or to determine a fact at issue. Fed. R. Evid. 702. Under Rule 702, the Court must consider whether (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness

has applied the principles and methods reliably to the facts of the case.

>Royalty damage calculations are governed by case law:

>>Upon a showing of infringement, a patentee is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. A "reasonable royalty" derives from a hypothetical negotiation between the patentee and the infringer when the infringement began. *See, e.g.*, *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 (Fed. Cir. 1995). A comprehensive (but unprioritized and often overlapping) list of relevant factors for a reasonable royalty calculation appears in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

>>Thus, the trial court must carefully tie proof of damages to the claimed invention's footprint in the market place. *See, e.g.*, *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999) ("To prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture."); *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002) ("[T]he market would pay [the patentee] only for his product

> . . . . [The patentee's damages] model [does not support the award because it] does not associate [the] proposed royalty with the value of the patented method at all, but with the unrelated cost of the entire Spirit platform."). Any evidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute.

*ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868-69 (Fed. Cir. 2010). "A damages theory must be based on 'sound economic and factual predicates.'" *LaserDynamics*, *Inc.*, 694 F.3d at 67 (citing *Riles v. Shell Exploration & Pro. Co.,* 298 F.3d 1302, 1311 (Fed. Cir. 2002)).

The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592-93, n.10. "[T]estimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006). "When the analytical gap between the data and proffered opinion is too great, the opinion must be excluded." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Carrier Defendants object to the Second and Third theories on various grounds. After review of the filings, oral arguments and relevant case law, the Court will deny the Carrier Defendants' motions. Accordingly,

IT IS ORDERED:

1) In Case Number 8:12CV123, the defendant's motion (Filing No. 336) to exclude the testimony of Mr. Malackowski is denied.

2) In Case Number 8:12CV124, the defendant's motion (Filing No. 290) to exclude the testimony of Mr. Malackowski is denied.

3) In Case Number 8:12CV125, the defendant's motion (Filing No. 279) to exclude the testimony of Mr. Malackowski is denied.

4) In Case Number 8:12CV126, the defendant's motion (Filing No. 261) to exclude the testimony of Mr. Malackowski is denied.

DATED this 8th day of June, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court