IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV123 |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT SPECTRUM L.P., D/B/A SPRINT PCS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on cross motions *in limine* from both the plaintiff Prism Technologies, L.L.C. ("Prism") (Filing No. 357) and defendant Sprint Spectrum, doing business as Sprint PCS ("Sprint") (Filing No. 361, Filing No. 362, Filing No. 363). After review of the motions, briefs, indices of evidence, and relevant case law,

IT IS ORDERED:

I. PRISM'S MOTIONS *IN LIMINE*

1) Neither party may refer to Prism's prior patent infringement lawsuits or current affiliated entities and their current business or litigation activities, except that the parties may discuss Prism's settlement agreements to establish reasonable damages.

Deferred until trial.

2) Sprint may not argue that Prism failed to test Sprint's systems.

Granted as to Sprint's systems.

      3) Neither party may refer to whether testimony from any expert witness was excluded in a prior case.

      Granted.

      4) Neither party may present testimony from prospective damages experts concerning whether the other party's expert complied with applicable law.  This does not exclude the experts from providing testimony regarding the legal standard applied.

      Denied.

      5) Sprint may not argue that it respects the intellectual property rights of others and Prism will not refer to the fact that Sprint is often sued for and settles patent infringement lawsuits.

      Deferred until trial.

      8)[1] Sprint may not present evidence or argument that Mr. Minor has served as an expert for individuals accused of sexual assault.  The parties may note that Mr. Minor has served as an expert for the prosecution and defense in capital murder cases and in civil actions.

      Granted.

      10) Sprint may not present argument that multiple GSM documents are anticipatory references.

      Denied.

      11) The parties may not rely on transcripts from the trial testimony of the parties' experts or AT&T's fact witnesses from the trial in the matter of Prism Techs., LLC v. AT&T Mobility, LLC, (8:12CV122).

---

[1] Prism originally asserted twenty-one motions but later resolved six of those motions.  *Compare* Filing No. 358, at 2-3, *with* Filing No. 378 (withdrawing motions *in limine* 6, 7, 9, 20), *and* Filing No. 379 (same), *and* Filing No. 392 (withdrawing motions *in limine* 13 and 14), and Filing No. 393 (same).  This opinion uses the original numeration of the motions in Filing No. 357 and related filings.

   Denied. Parties may use the prior testimony of an expert witness from the AT&T trial to cross-examine the same witness in this trial.

   12) The parties may not rely on deposition transcripts of Prism's expert witnesses from the matter of Prism Techs., LLC v. AT&T Mobility, LLC, 8:12CV122 (D. Neb.).

   Denied. Parties may use the prior testimony of an expert witness from depositions in the AT&T matter to cross-examine the same witness in this trial.

   15) Sprint's expert, Scott D. Hampton, may not rely on technical documents contained in Exhibit K to his expert report that were not disclosed during fact discovery or cited in the reports of Sprint's technical expert.

   Denied.

   16) Sprint's expert, Scott D. Hampton, may not present trial testimony or an opinion that Prism and/or AT&T manipulated the AT&T Settlement Agreements to attribute the entire settlement amount to a license for the asserted patents in order to influence Sprint's and the other carriers' litigations.

   Denied.

   17) Sprint may not present argument, testimony, evidence or expert opinion regarding a smallest salable patent practicing unit.

   Denied as moot. The Court has ruled on this issue in a concurrent order related to Filing Nos. 329, 230, and 333.

   18) Sprint may not present argument, testimony, evidence or expert opinion regarding the cost of SIM cards or non-volatile memory as the basis for a damages calculation.

   Denied as moot. The Court has ruled on this issue in a concurrent order related to Filing Nos. 329, 230, and 333.

19) Sprint may not introduce as evidence or present any argument, testimony or expert opinion regarding the document bearing Bates-number SPRINTPR00091538-539.

Denied as moot. The Court has ruled on this issue in a concurrent order related to Filing Nos. 329, 230, and 333.

21) Consistent with F.R.E. 408, the parties will not offer testimony, evidence or argument regarding settlement communications between Prism and any of the wireless carriers (i.e., AT&T, Sprint, T-Mobile, USCC and Verizon).

Granted as to Sprint, T-Mobile, USCC, and Verizon. Deferred until trial as to AT&T.

II. SPRINT'S MOTIONS *IN LIMINE*

1) Prism will not provide testimony, other evidence, or argument regarding the Prism v. AT&T Settlement and License Agreement or testimony, other evidence, or argument revealing the identity of AT&T as the licensee to the agreement.

Denied.

2) Prism will not offer lay opinion testimony from Mr. Duman that Prism would have offered Sprint a license to the Asserted Patents equal to five percent of Sprint's cost savings achieved by leasing as opposed to buying its backhaul networks; and Prism will not offer expert opinion testimony from Mr. Duman that Prism would have offered Sprint a license to the Asserted Patents equal to five percent of Sprint's cost savings achieved by leasing as opposed to buying its backhaul networks.

Denied.

3) Prism will not offer testimony, other evidence, or argument regarding any documents filed with the Securities and Exchange Commission authored by anyone other than Sprint and its affiliates or Prism and its affiliates.

Granted.

4) With the exception of documents specifically referenced in the body of the parties' expert reports, the parties will not offer testimony, other evidence, or argument

regarding any contract between any backhaul provider and any party.[2]

       Denied.

       5) Prism will not offer testimony, other evidence, or argument regarding any statement to the Federal Communications Commission authored by anyone other than Sprint.

       Granted.

       6) Prism will not offer testimony, other evidence, or argument regarding Sprint's data revenue, voice revenue, overall revenues, overall profits, or market value.

       Deferred until trial. The Court will allow Prism to use revenue-based information only in the event that Sprint relies upon specific revenue-based theories.

       7) Prism will not offer testimony, other evidence, or argument speculating that potentially-relevant Sprint documents exist but were not produced by Sprint in this case.

       Granted as to both parties.

       8) Prism will not offer testimony, other evidence, or argument regarding the opinions or statements made or reports served in the Carrier Defendant Cases by any expert.

       Granted as to both parties.

       9) Prism will not offer testimony, other evidence, or argument regarding the technical operation of the accused networks in Prism's Carrier Defendant Cases not of record in this case.

       Deferred until trial.

---

[2] The Court has reworded the language of this motion. The original text read as follows: Prism will not offer testimony, other evidence, or argument regarding any contract between any backhaul provider and any party other than Sprint and Prism's experts may only rely on documents specifically referenced in the body of their expert reports. Filing No. 363, at 3.

       10) Prism will not offer testimony, other evidence, or argument regarding any settlement discussions, or lack thereof, between Prism and Sprint or the other remaining defendants in the Carrier Defendant Cases.

       Deferred until trial.

       11) Prism will not offer testimony, other evidence, or argument regarding reexaminations of the '288 patent by the United States Patent and Trademark Office.

       Denied.

       DATED this 8th day of June, 2015.
                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court