```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

PRISM TECHNOLOGIES, LLC,       )
                               )
            Plaintiff,         )       8:12CV123
                               )
     v.                        )
                               )
SPRINT SPECTRUM L.P., D/B/A    )       MEMORANDUM AND ORDER
SPRINT PCS,                    )
                               )
            Defendant.         )
_____)

This matter comes before the Court on two related motions. First, Sprint filed a motion (Filing No. 271) to strike, or exclude, Mr. Minor's "new" opinion. Second, plaintiff Prism Technologies, L.L.C. ("Prism") filed a *Daubert* motion (Filing No. 274) to exclude certain opinions and testimony of Dr. Melvin Ray Mercer, the retained expert of defendant Sprint Spectrum L.P., doing business as Sprint PCS. ("Sprint"). Second, The relation between these two motions is the perceived dispute between the parties as to what the word "use" means. After review of the motions, briefs, indices of evidence, and relevant case law, the Court finds as follows.

I.   **ISSUE**

In its *Markman* order, the Court construed "Internet Protocol network" terms ("an Internet Protocol network," "network utilizing at least one Internet Protocol," and "a network

utilizing at least one Internet Protocol") to mean "an untrusted network **using any protocol** of the Internet Protocol Suite including at least one of IP, TCP/IP, UDP/IP, HTTP, and HTTP/IP. . . ." Filing No. 133, at 67 (emphasis added). In Prism's motion to exclude the opinions of Dr. Mercer, Prism alleges that Dr. Mercer impermissibly construed "using" to mean "routing." Filing No. 275, at 1, Filing No. 290. In Sprint's motion to strike or exclude the "new" opinion of Mr. Minor, Sprint alleges that Mr. Minor impermissibly construed "using" to mean "carrying." Filing No. 275 at 2-4; Filing No. 303 at 2. In the current motion to exclude conflicting expert testimony, the issue before the Court is whether these constructions are consistent with the Court's construction of "Internet Protocol Network."

## II. STANDARD OF REVIEW

The Court must determine whether these experts' specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue. Fed. R. Evid. 702. Under Rule 702, the Court considers whether (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. The Court's role is to act as a gatekeeper, excluding evidence if it is based upon unreliable principles or methods, or

legally insufficient facts and data and must be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *See, e.g.*, *Daubert*, 509 U.S. at 595 ("The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."). The Court is mindful not to overstep its gatekeeping role and weigh facts, evaluate the correctness of conclusions, impose its own preferred methodology, or judge credibility, including the credibility of one expert over another. *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014) (citing *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). These tasks are solely reserved for the fact finder. *Id.* (citing *Smith,* 215 F.3d at 718). The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592-93, n.10. "[T]estimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case."

In *Transamerica Life Insurance Co. v. Lincoln National Life Insurance Co.*, the United States District Court for the Northern District of Iowa offered detailed insight into conflicting interpretations of patent constructions. *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 910-15 (N.D. Iowa 2009) (citing *Kemin Foods, L.C.*

-3-

*v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 4:02CV40327, 2004 WL 5508752, *4 (S.D. Iowa Sept. 9, 2004)). "[I]t should be the responsibility of the parties, in the first instance, to make a timely objection that an opposing party is offering a construction that is or may be contrary to the court's construction or that the court has already rejected. When presented with such an objection that the court finds to be well-founded, the court will exclude or strike the offending testimony." *Id.* at 913. In the "exceedingly rare" circumstance where opposing parties demonstrate a "difference between an offering party's construction and the court's construction, that difference goes to the weight to be given to the offering party's arguments or constructions." *Id.* at 914. "[C]ross-examination and impeachment of an offering party's expert concerning the expert's interpretation and application of the court's claim constructions may reasonably and properly include the plausibility of the expert's interpretation and application of the court's claim construction in light of the court's claim construction itself. . . ." *Id.*

### III. DISCUSSION

The parties each hold the burden for substantiating the admissibility of their experts' opinions. Though each side argues vigorously that their expert's opinion is the sole

-4-

interpretation of the word "using," the Court does not agree. Both interpretations are reasonable on their face. When the conflicting opinions are offered, opposing counsel can cross-examine that expert and let the jury decide who holds the better interpretation. The Court further finds that the purportedly new opinion is not new because it falls within the scope of Mr. Minor's expert report.

IT IS ORDERED:

1) Plaintiff's motion (Filing No. 271) to exclude certain opinions and testimony of Dr. Mercer is denied.

2) Defendant's motion (Filing No. 274) to strike, or exclude, Mr. Minor's "new" opinion is denied.

DATED this 9th day of June, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court