IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,        )
                                )
            Plaintiff,          )          8:12CV123
                                )
       v.                       )
                                )
SPRINT SPECTRUM L.P., D/B/A     )          MEMORANDUM AND ORDER
SPRINT PCS,                     )
                                )
            Defendant.          )
_____)
```

This matter is before the Court on plaintiff's motion (Filing No. 481) seeking attorneys' fees pursuant to 35 U.S.C. § 285. Defendant has filed a motion for oral argument on Prism Technologies LLC's motion for attorneys' fees under 35 U.S.C. § 285 (Filing No. 512).

Under that section, courts in exceptional cases "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In expounding this terse statutory language, the United States Supreme Court explained that "an exceptional case" simply means a case "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, L.L.C. v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749,

1756 (2014). District courts have discretion is determining "whether a case is 'exceptional' in the case-by-case exercise . . . considering the totality of the circumstances." *Id.*, at 1756. The Supreme Court enumerated the following, non-exclusive factors courts could consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*, at 1756, n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994)). Here, Prism, as the prevailing party, holds the burden to establish the trial was exceptional. *See id.*, at 1758.

After reviewing the case law and briefs, the Court finds that this case was not exceptional. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for attorneys' fees (Filing No. 481) is denied.

2) Defendant's motion for oral argument (Filing No. 512) is denied as moot.

DATED this 28th day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court