IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV123 |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT SPECTRUM L.P., | ) | MEMORANDUM OPINION |
| d/b/a SPRINT PCS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant, Sprint Spectrum L.P.'s ("Sprint"), post trial motions. Presently pending in this case are defendant's renewed motion for judgment as a matter of law (Filing No. 490), motion for new trial (Filing No. 486), and motion for relief filed pursuant to Federal Rule of Civil Procedure 60(b), or in the alternative, motion for leave to supplement the motion for new trial (Filing No. 576). All motions have been fully briefed and are ready for disposition. After reviewing the motions, briefs, indices of evidence, and applicable law, the Court finds as follows.

**I. Renewed Motion for Judgment as a Matter of Law**

In patent cases, a motion for judgment as a matter of law pursuant to Rule 50(b) is reviewed under the law of the regional circuit. *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734

F.3d 1332, 1340 (Fed. Cir. 2013).  When considering a motion for judgment as a matter of law, a court "must determine whether or not the evidence was sufficient to create an issue of fact for the jury." *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir. 1979).  The Court will grant a motion for judgment as a matter of law "when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Ehrhardt v. Penn. Mut. Life Ins. Co.*, 21 F.3d 266, 269 (8th Cir. 1994).  In considering the motion, the Court views the record in the light most favorable to the prevailing party. *Wash Solutions, Inc. v. PDQ Mfg.*, Inc., 395 F.3d 888, 892 (8th Cir. 2005).  The Court must also assume that all conflicts in the evidence were resolved in favor of the prevailing party, and the Court must assume as proved all facts that the prevailing party's evidence tended to prove. *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 772 (8th Cir. 2003).  The motion should be denied unless the Court concludes that no reasonable juror could have returned a verdict for the nonmoving party. *Billingsley v. City of Omaha*, 277 F.3d 990, 995 (8th Cir. 2002).

Sprint alleges that Prism failed to offer legally sufficient evidence at trial that Sprint infringes the asserted patents.  Sprint's renewed motion for judgment as a matter of law focuses on Prism's theory that third-party AAV backhaul providers

satisfy the "Internet Protocol Network" limitations. Sprint argues that it does not control the third-party AAV backhaul providers or its customers who operate the client computer device; therefore, it does not infringe the asserted claims.

Reviewing the record in the light most favorable to the prevailing party, the Court finds that Prism presented sufficient evidence at trial that a reasonable juror could find that Sprint infringed the asserted patents. A reasonable juror could determine, based on the evidence presented at trial, that Sprint alone performed the steps to control access to protected computer resources provided over an untrusted internet protocol network. In addition, the claims do not require Prism to show that Sprint controls its customers to prove infringement. As a result, the Court will deny Sprint's renewed motion for judgment as a matter of law.

**II. Motion for New Trial**

A motion for new trial is governed by Federal Rule of Civil Procedure 59. The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial pursuant to Rule 59(a), the "key question is whether a new trial should have been granted

to avoid a miscarriage of justice." *McKnight By & Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994).

After reviewing th facts, evidence, and the relevant law, the Court cannot say that the jury's verdict was against the great weight of the evidence. Therefore, the Court will deny the defendant's motion for new trial.

**III. Motion for Relief under Federal Rule of Civil Procedure 60(b)**

Under Federal Rule of Civil Procedure 60(b), "a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons. Sprint moves this Court to set aside the judgment pursuant to Rule 60(b)(5) and (6), which authorizes a court to relieve a party when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief." "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Atkinson v. Prudential Property Co., Inc.,* 43 F.3d 367, 371 (8th Cir. 1994)(quoting *United States v. Young,* 806 F.2d 805, 806 (8th Cir. 1986)(per curiam)). Relief may be granted "only where exceptional circumstances have denied the moving party a full and

fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)(citing *Atkinson*, 43 F.3d at 373)).

Sprint alleges that the Court altered the claim construction for "authentication server" when the Court answered a jury question in the T-Mobile trial (*See Prism Technologies LLC v. T-Mobile USA, Inc.,* 8:12CV124). The Court did not change the claim construction by answering the jury's question. In addition, Sprint did not present a non-infringement theory at trial regarding the authentication server. Sprint now wants to rely on an answer to a jury question from a trial with different systems and evidence. Sprint has failed to show an exceptional circumstance for which relief could be granted. As a result, the Court will deny Sprint's motion for relief from judgment under Rule 60(b), or in the alternative, motion for leave to supplement Sprint's motion for new trial.

A separate order will be entered in accordance with this memorandum opinion.

DATED this 9th day of December, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court