IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,           )
                                   )
                Plaintiff,         )          8:12CV123
                                   )
        v.                         )
                                   )
SPRINT SPECTRUM L.P.,              )          MEMORANDUM OPINION
d/b/a SPRINT PCS,                  )
                                   )
                Defendant.         )
_____)


        This matter is before the Court on two related motions.
The plaintiff, Prism Technologies, LLC ("Prism"), filed a motion
for prejudgment and postjudgment interest to be paid by the
defendant, Sprint Spectrum L.P., ("Sprint") (Filing No. 489).  In
addition, Prism filed a motion for an accounting and ongoing
royalties (Filing No. 496).  The two motions have been fully
briefed and are ready for disposition.  After reviewing the
motions, briefs, indices of evidence, and the relevant law, the
Court finds as follows.

**Background**

        Prism brought suit against Sprint alleging patent
infringement of U.S. Patent Nos. 8,127,345 and 8,387,155 (the
"Asserted Patents").  A seven-day trial was held in June of 2015.
On June 23, 2015, the jury returned a verdict is favor of Prism.
The jury awarded Prism $30 million in damages for Sprint's

infringement of the asserted patents.  Prism moves this Court for prejudgment and postjudgment interest and for an accounting and ongoing royalties.

**Discussion**

**I. Motion for Prejudgment and Postjudgment Interest**

Prism moves this Court for an award of prejudgment and postjudgment interest.  Prism suggests that prejudgment interest should be calculated using the prime rate compounded quarterly. Prism has submitted a calculation of prejudgment interest calculated by James E. Malackowski (Filing No. 493, Exhibit 5). Sprint alleges that the prejudgment interest, if awarded, should be calculated at the Treasury bond rate, compounded annually. Both parties agree that postjudgment interest is appropriate under 28 U.S.C. § 1961.

The Supreme Court has held that prejudgment interest should ordinarily be awarded in patent cases, but an award is not automatic.  *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983).  "For example, it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit.  There may be other circumstances in which it may be appropriate not to award prejudgment interest."  *Bio-Rad Laboratories, Inc. v. Nicolet*

-2-

*Instrument Corp.,* 807 F.2d 964, 967 (Fed. Cir. 1986).  Applying these standards, the Court finds that there are no circumstances precluding awarding prejudgment interest.  However, the issue before the Court is what rate to apply to the awarded prejudgment interest.

Prism alleges that the prime rate is appropriate in calculating the prejudgment interest owed to Prism.  However, Sprint claims that a prejudgment interest should be calculated at the Treasury bond rate.  "Regarding the rate at which prejudgment interest is calculated, the district court has the discretion to determine whether to use the prime rate, the prime rate plus a percentage, the U.S. Treasury rate, state statutory rate, corporate bond rate, or whatever rate the court deems appropriate under the circumstances."  *Century Wrecker Corp. v. E.R. Buske Mfg. Co., Inc.,* 913 F. Supp. 1256, 1280 (N.D. Iowa 1996).  The Court finds that the prime rate at 3.25% would best compensates Prism for Sprint's infringement.  As a result, the Court will grant Prism's motion for prejudgment interest to be calculated at the prime rate of 3.25% and compounded quarterly, totaling $2,001,923.

Under 28 U.S.C. § 1961, "interest shall be allowed on any money judgment in a civil case recovered in a district court."  Postjudgment interest "shall be calculated from the date

-3-

of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . compounded annually." *Id.*

Both parties agree that Prism is entitled to postjudgment interest calculated using the Treasury bond rate pursuant to 28 U.S.C. § 1961. Prism alleges that postjudgment interest should be awarded inclusive of prejudgment interest and any award of ongoing royalties. The Court addresses Prism's motion for ongoing royalties below. The Court will grant the plaintiff's motion for postjudgment interest which shall be calculated using the "weekly average 1-year constant maturity Treasury yield . . . compounded annually" pursuant to 28 U.S.C. § 1961.

## II. Motion for an Accounting and Ongoing Royalties

Prism moves this Court for an accounting for Sprint's infringement after 2014 through the entry of judgment and to have a royalty set for ongoing infringement through the life of the Asserted Patents. Sprint opposes Prism's motion and alleges that both an accounting and ongoing royalties are improper. Sprint argues that the jury instructions were clear to provide Prism compensation for past, present, and ongoing infringement. Prism claims that an accounting and ongoing royalties would grant Prism with complete relief from the infringement.

-4-

Under 35 U.S.C. § 284, a prevailing patentee shall be awarded damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  The district court has discretion to determine whether an ongoing royalty would be appropriate.  The Court finds that the jury instructions were clear in providing Prism with complete relief from infringement.  The jury was instructed that, "[T]he damages you award must be adequate to compensate Prism for the infringement . . . . Your damages award, if you reach this issue, should put Prism in approximately the same financial position that it would have been in had the infringement not occurred."  (Filing No. 466 at 25).  In addition, question 2 on the verdict form indicated that the jury would be awarding damages in the amount of a reasonable royalty. (*See* Filing No. 467).  The Court finds that an accounting and ongoing royalties would be inappropriate because the $30 million jury verdict represents the jury's award of a reasonable royalty to compensate Prism for Sprint's past, present, and ongoing infringement.  As a result, the Court will deny Prism's motion

for an accounting and ongoing royalties.  A separate order will
be entered in accordance with this memorandum opinion.

DATED this 18th day of December, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-6-