# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPRINT SPECTRUM L.P. D/B/A SPRINT PCS<br><br>　　　　Defendant. | Civil Action No. 8:12-cv-123-LES-TDT |

**PRISM'S BRIEF IN OPPOSITION TO SPRINT'S SECOND MOTION FOR RELIEF FROM JUDGMENT OR, IN THE ALTERNATIVE, A FURTHER STAY OF THE CASE**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. SUMMARY OF THE FACTS AND PROCEEDINGS .............................................2

    A. Sprint's First Unsuccessful Motion for Relief from Judgment Based on a Non-Infringement Defense It Did Not Assert at Trail ..........................2

    B. Sprint's Supersedeas Bond Terminated as of the Federal Circuit Mandate............................................................................................................3

    C. The *T-Mobile* Decision Did Not Address Certain Claims Prism Asserted at Trial Against Sprint....................................................................4

    D. Sprint's Second Motion for Relief from Judgment Based on a § 101 Defense it Did Not Assert at Trial ......................................................5

III. SPRINT IS NOT ENTITLED TO RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(6) ....................................................................................5

IV. COLLATERAL ESTOPPEL DOES NOT APPLY BASED ON THE *T-MOBILE* DECISION......................................................................................................8

    A. The Mandate Rule Precludes Reconsideration of the Final Judgment.........................................................................................................9

    B. Collateral Estoppel Does Not Apply After the Federal Circuit Issues its Mandate ........................................................................................10

V. SPRINT IS NOT ENTITLED TO A FURTHER STAY................................................12

VI. CONCLUSION............................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackermann v. United States*,
    340 U.S. 193 (1950) ..................................................................................................7

*Banks v. United States*,
    741 F.3d 1268 (Fed. Cir. 2014) ............................................................................9, 13

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found*,
    402 U.S. 313 (1971) ...............................................................................................11

*Bradley v. School Bd. of City of Richmond*,
    416 U.S. 696 (1974) ......................................................................................... 10-11

*Briggs v. Pa. R. Co.*,
    334 U.S. 304 (1948) ..............................................................................................9, 13

*Broyhill Furniture Indus., Inc. v. Craftsmaster Furniture Corp.*,
    12 F.3d 1080 (Fed. Cir. 1993) .................................................................................7

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
    576 F.3d 1348 (Fed. Cir. 2009) ...........................................................................9, 13

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*,
    702 F.3d 1147 (8th Cir. 2013) ...........................................................................7 n.4

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*,
    785 F.3d 1207 (8th Cir. 2015) ...........................................................................7 n.4

*Gander v. FMC Corp.*,
    733 F. Supp. 1346 (E.D. Mo. 1990) .......................................................................13

*Engel Indus., Inc. v. Lockformer Co.*,
    166 F.3d 1379 (Fed. Cir. 1999) ...............................................................................9

*Fiskars, Inc. v. Hunt Mfg. Co.*,
    279 F.3d 1378 (Fed. Cir. 2002) ...............................................................................6

*Harley v. Zoesch*,
    413 F.3d 866 (8th Cir. 2005) ..............................................................................6, 13

*Invista N.th Am. S.A.R.L. v. M&G USA Corp.*,
    No. 11-1007-SLR, 2015 WL 183970 (D. Del. Jan. 14, 2015) ..................................6

# TABLE OF AUTHORITIES
## continued

|  | **Page(s)** |

*Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*,
   714 F.3d 1289 (Fed. Cir. 2013)..................................................................................13

*Louisville Bedding Co. v. Pillowtext Corp.*
   455 F.3d 1377 (Fed. Cir. 2006)....................................................................................6

*McCurry v. Allen*,
   688 F.2d 581 (8th Cir. 1982) .....................................................................................13

*Mendenhall v. Barber-Greene Co.*,
   26 F.3d 1573 (Fed. Cir. 1994) ...................................................................................11

*In re Nangle*,
   274 F.3d 481 (8th Cir. 2001) .....................................................................................12

*Nucor Corp. v. Nebraska Pub. Power Dist.*,
   999 F.2d 372 (8th Cir. 1993) .......................................................................................6

*Prism Techs., LLC v. T-Mobile USA, Inc.*,
   2016-2031, 2017 WL 2705338 (Fed. Cir. June 23, 2017) ............................... *passim*

*Pharmacia & Upjohn Co. v. Mylan Pharma., Inc.*,
   170 F.3d 1373 (Fed. Cir. 1999)..................................................................................12

*Schultz v. Commerce First Fin.*,
   24 F.3d 1023 (8th Cir. 1994) .......................................................................................6

*SK Hynix Inc. v. Rambus Inc.*,
   No. C-00-20905 RMW, 2013 WL 1915865 (N.D. Cal. May 8, 2013).........................9, 10, 11

*Soveriegn Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
   778 F.3d 1311 (Fed. Cir. 2015) .................................................................................11

*U.S. v. Ethernet Innovations, LLC v. Texas Instruments Inc.*,
   645 F. App'x 1026 (Fed. Cir. 2016) ..................................................................... 11-12

*Versata Computer Indus. Sols., Inc. v. SAP AG*,
   564 F. App'x 600 (Fed. Cir. 2014) .....................................................................10, 11

*Watkins v. Lundell*,
   169 F.3d 540 (8th Cir. 1999) ..................................................................................7, 8

**Other Authorities**

Fed. R. Civ. P. 60(b) ................................................................................................ *passim*

Plaintiff Prism Technologies, LLC submits this brief in opposition to defendant Sprint Spectrum L.P. d/b/a Sprint PCS's second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) or, in the alternative, for a further stay of the case. Dkt. No. 622 (the "Second Motion").

I.  INTRODUCTION

This is Sprint's second attempt to avoid the consequences of the jury verdict of patent infringement against it, which the Federal Circuit unanimously upheld on appeal, based on proceedings in a different action and on an issue that Sprint did not pursue at trial. Contrary to Sprint's argument, there is no basis for relief from the Judgment under Rule 60(b) or the collateral estoppel doctrine.

This Court summarily rejected Sprint's first baseless attempt to avoid the Judgment under Rule 60(b), wherein Sprint claimed it was entitled to relief based on a jury question in the *T-Mobile* action[1] that concerned a non-infringement theory that Sprint did not pursue at trial. Here again, Sprint seeks to skirt its obligation to satisfy the Judgment by invoking the Federal Circuit's *T-Mobile* decision,[2] which involved a patent eligibility defense under 35 U.S.C. § 101 that Sprint never raised at trial and that does not address claims that Prism asserted at trial against Sprint.

Contrary to Sprint's contention, the Federal Circuit's *T-Mobile* decision does not provide a basis to relieve Sprint of its obligation to immediately satisfy the Judgment. *First*, Rule 60(b) offers relief only when a party demonstrates exceptional circumstances, and is not available

---

[1] The "*T-Mobile* action," as used herein, refers to the matter *Prism Techs., LLC v. T-Mobile USA, Inc.*, Civ. A. No. 8:12-cv-124 (D. Neb.).

[2] The "*T-Mobile* decision," as used herein, refers to the Federal Circuit's June 23, 2017 decision in the mater *Prism Techs., LLC v. T-Mobile USA, Inc.*, 2016-2031, 2017 WL 2705338 (Fed. Cir. June 23, 2017). Prism filed a petition for rehearing and for rehearing en banc and will, if necessary, file a writ *of certiorari* to the Supreme Court regarding the T-Mobile decision.

merely because another party later obtains a favorable judgment on a § 101 theory that was available to Sprint, but that Sprint intentionally elected not to pursue. *Second*, Sprint fundamentally misinterprets the collateral estoppel doctrine, which does not apply retroactively to the final judgment and Mandate issued in this case. This is particularly true because Sprint waived any invalidity or enforceability defense by not challenging at trial the validity or enforceability of the asserted patents. As such, there is no basis to relieve Sprint of the Judgment against it.

Similarly, there is no basis in law or fact for Sprint's request for an open-ended stay of indeterminate length "pending any further proceedings in the T-Mobile case." Sprint Br. at 2. Indeed, as explained in Prism's motion to lift the stay and enforce the judgment, this Court lacks jurisdiction to stay enforcement of the Judgment. Dkt. No. 616 at 506; Dkt. No. 624 at 3-6. Sprint fails to cite a single case authorizing the exceptional relief it seeks. Sprint's statement, relegated to a footnote, that the case is currently stayed is wrong. The Federal Circuit issued its Mandate (Dkt. No. 609), which triggered the condition of payment under Sprint's supersedeas bond—namely, the resolution of Sprint's appeal to the Federal Circuit—and Sprint never moved the Federal Circuit for a stay of the Mandate. Thus, Sprint's payment of the Judgment is now due.

## II. SUMMARY OF THE FACTS AND PROCEEDINGS

### A. <u>Sprint's First Unsuccessful Motion for Relief from Judgment Based on a Non-Infringement Defense It Did Not Assert at Trail</u>

On June 23, 2015, at the conclusion of trial in this patent infringement action, the jury entered a verdict in favor of Prism and against Sprint and awarded Prism $30 million in damages. Dkt. No. 467. On June 24, 2015, the Court entered judgment consistent with the jury's verdict. Dkt. No. 470-1.

In an attempt to avoid the Judgment, Sprint moved for relief under Rule 60(b) raising a specious argument based on the Court's answer to a question raised by the jury during deliberations in the *T-Mobile* Action regarding a non-infringement defense that Sprint intentionally elected not to pursue at trial. Dkt. No. 576, Sprint's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). As Prism explained in its opposition brief, Sprint sought a re-do of its case by raising for the first time in a post-trial motion a defense that it did <u>not</u> purse during trial, did <u>not</u> pursue in its Rule 50(a) motion, did <u>not</u> purse in its Rule 50(b) motion, and did <u>not</u> purse in its motion for new trial. Dkt. No. 581 at 1. This Court summarily rejected Sprint's effort to avoid the Judgment. Dkt. No. 588 at 5 (noting Sprint did not present the pertinent non-infringement defense at trial).

The Court subsequently entered final judgment confirming the $30 million jury verdict and awarding Prism costs in the amount of $42,495.43, pre-judgment interest in the amount of $2,001,923, and post-judgment interest "from the date of judgment, i.e., June 24, 2015, until satisfaction." Dkt. Nos. 589, 591 and 592 (the "Judgment").

    B.    <u>Sprint's Supersedeas Bond Terminated as of the Federal Circuit Mandate</u>

On January 5, 2016, Sprint moved to stay the proceedings pending its appeal to the Federal Circuit based on Sprint's securing a supersedeas bond in the amount of $32,200,000 to cover the Judgment, costs, prejudgment interest and estimated post-judgment interest. Dkt. No. 594. The supersedeas bond explicitly states: "THE CONDITION OF THIS OBLIGATION is such that [Sprint] has entered an appeal to <u>THE UNITED STATES DISTRICT COURT OF APPEALS FOR THE FEDERAL CIRCUIT</u> to review the **JUDGMENT** . . . ." Dkt. No. 601 (emphasis in original). On January 6, 2016, the Court entered an Order approving Sprint's supersedeas bond and staying execution of the Judgment pending Sprint's appeal to the Federal Circuit. Dkt. No. 596.

- 3 -

On March 6, 2017, the Federal Circuit affirmed the Judgment. Dkt. No. 605. On May 15, 2017, the Federal Circuit issued its mandate, which this Court received on the same date. Dkt. No. 609 (the "Mandate"). Sprint did not move the Federal Circuit to stay the Mandate pending its intended writ of *certiorari* to the Supreme Court.

On June 2, 2017, this Court entered an Order confirming the amount of post-judgment interest due to Prism from the date of Judgment (i.e., June 24, 2015) through the date of the Mandate (i.e., May 15, 2017) as $163,883.60. Dkt. No. 614. This Court further Ordered that the total amount of the Judgment (including the jury award, costs, prejudgment interest and post-judgment interest calculated through the date of the Mandate) is $32,208,302.03. *Id.* The Order confirmed that Prism did not waive its right to collect additional post-judgment interest up to and including Sprint's final satisfaction of the Judgment. *Id.*[3]

### C. The *T-Mobile* Decision Did Not Address Certain Claims Prism Asserted at Trial Against Sprint

After the Federal Circuit issued the Mandate, it announced the *T-Mobile* decision. Sprint incorrectly states that the Federal Circuit in the *T-Mobile* decision held unenforceable all of the claims Prism asserted against Sprint. Prism asserted at trial against Sprint Claim 33 of the '345 Patent and Claim 7 of the '155 Patent, neither of which Prism asserted at trial against T-Mobile. *Compare* Dkt. No. 467, Sprint Verdict Form (Prism asserted Claims 1 and 33 of the '345 Patent and 7 and 37 of the '155 Patent) *with* Dkt. No. 625-2, T-Mobile Verdict Form (Prism asserted Claims 1, 77 and 87 of the '345 Patent and Claims 11, 37 and 56 of the '155 Patent). The Federal Circuit *T-Mobile* decision confirms that it applies only to the claims asserted at trial against T-Mobile.

---

[3] There is currently $8,302.03 in post-judgment interest awarded by the Court (Dkt. No. 614) that exceeds the amount secured by Sprint's supersedeas bond.

More specifically, the Federal Circuit (i) explicitly stated that "[T-Mobile] cross-appeals the district court's final decision denying its motions for judgment as a matter of law," which only involved the claims asserted at trial against T-Mobile (*T-Mobile* decision at *1); (ii) repeatedly referred to the "asserted claims," which do not include two claims Sprint was found to infringe (*id.* at *2, *3); and (iii) explained in the legal standard portion of its decision that "we review denial of JMOL motions under regional circuit law—here, the Eight Circuit." *Id.* at 2. Thus, Claim 33 of the '345 Patent and Claim 7 of the '155 Patent are not addressed in the *T-Mobile* decision.

### D. Sprint's Second Motion for Relief from Judgment Based on a § 101 Defense it Did Not Assert at Trial

Notwithstanding the final judgment and Mandate, which triggered Sprint's payment obligation under the supersedeas bond, and that the *T-Mobile* decision does not address various claims asserted at trial against Sprint, Sprint refuses to satisfy the Judgment. Prism filed on June 9, 2017 a motion to enforce the Judgment. Dkt. Nos. 615. Sprint opposed the motion, raising the same baseless collateral estoppel argument it asserts herein. Dkt. No. 617. Prism incorporates by reference herein its briefing in support of its motion to enforce the Judgment. Dkt. Nos. 616 and 624. Sprint again seeks to be relieved from Judgment based on a § 101 patent eligibility defense that Sprint did not assert at trial and that arose after the Mandate issued from the Federal Circuit in Sprint's appeal.

### III. SPRINT IS NOT ENTITLED TO RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(6)

Relief from judgment pursuant to Rule 60(b) is <u>not</u> a mechanism for Sprint to avoid the Judgment based on a § 101 patent eligibility theory that was available throughout the pendency of this action, but that Sprint elected not to pursue at trial.

Rule 60(b)(6) requires a showing of exceptional circumstances involving Sprint that Sprint cannot demonstrate.  *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.") (citation omitted); *Schultz v. Commerce First Fin.*, 24 F.3d 1023, 1024 (8th Cir. 1994) (Rule 60(b)(6) provides for extraordinary relief which may be granted only upon a showing of exceptional circumstances); *Nucor Corp. v. Nebraska Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993) (same).

Here, it is undisputed that Sprint affirmatively chose not to pursue a § 101 patent ineligibility defense.  Sprint therefore cannot obtain relief from the Judgment under Rule 60(b) based on this unasserted defense.  *Invista N. Am. S.A.R.L. v. M & G USA Corp.*, No. 11-1007-SLR, 2015 WL 183970, at *3 (D. Del. Jan. 14, 2015) (denying Sprint's Rule 60(b) motion based on purported intervening case law regarding indefiniteness when Sprint did not presented a defense of indefiniteness at trial or on appeal); *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1383 (Fed. Cir. 2002) (affirming denial of relief under Rule 60(b)(6) and holding a party was <u>not</u> entitled to a "second opportunity to present its case" with evidence of a non-infringing alternative of which it was aware, but presented no evidence regarding that alternative at trial).

Indeed, courts have declined to find a change in governing law based on subsequent rulings regarding issues a party failed to challenge.  *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1297 (Fed. Cir. 2013) (reversing district court's grant of relief pursuant to Rule 60(b) based on subsequent judgment that modified claim construction when party elected not to pursue a cross-appeal on this issue); *Louisville Bedding Co. v. Pillowtext Corp.*, 455 F.3d 1377, 1380 (Fed. Cir. 2006) (finding no extraordinary circumstances under Rule

60(b) where party did not challenge claim construction that was later reversed in separate action); *Broyhill Furniture Indus., Inc. v. Craftsmaster Furniture Corp.*, 12 F.3d 1080, 1084 (Fed. Cir. 1993) (holding that the fact that a patent was later determined to be unenforceable did <u>not</u> justify relief from an earlier judgment pursuant to Rule 60(b)).[4] The Supreme Court *Ackermann v. United States*, declined to grant relief under Rule 60(b) where a party made the "calculated and deliberate choice" not to appeal an issue. 340 U.S. 193, 198 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."). Sprint made such a calculated and deliberate choice not to pursue a § 101 patent ineligibility defense and cannot in hindsight use Rule 60(b) to avoid that consequences of its litigation decision.

Sprint failed to cite a single case in which a court vacated a judgment after the Federal Circuit issued its Mandate based on a ruling in a separate action regarding a defense that could have been, but intentionally was not raised by the moving party. Instead, Sprint broadly states that a Rule 60(b) motion may be brought "within a reasonable time." Sprint Br. at 4.

Sprint entirely disregards, however, the procedural posture and legal circumstances of the Eighth Circuit's decision in *Watkins v. Lundell*—a case that dealt with the entry of a default judgment, did not involve an appeal, and had nothing to do with voiding a judgment of infringement following a jury verdict, the entry of final judgment by the district court and a summary affirmance and corresponding mandate by the Federal Circuit. 169 F.3d 540, 544 (8th

---

[4] Sprint offers no support for its contention that the *T-Mobile* decision is a change to governing law. In fact, the two cases Sprint cites in support of its contention that the invalidation of patent claims changes the governing law have nothing to do with patent invalidity. Sprint Br. at 6 (citing *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 785 F.3d 1207, 1212 (8th Cir. 2015) (breach of contract action involving Indian Gaming Regulatory Act); *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1154 (8th Cir. 2013) (relief from consent decree issued by National Indian Gaming Commission).

Cir. 1999). In fact, the Eighth Circuit noted it had "considerable trepidation about whether the [] Rule 60(b) motion was made within a reasonable time" and explicitly stated it was not considering the issue because "it is not properly before us on appeal." *Id.* at 544. The Eighth Circuit further noted the deficiency of the underlying proceedings analysis of Rule 60(b): "Both parties seem to almost entirely overlook the procedural posture in which this case arises. Very little discussion of the standards under Rule 60(b) were addressed in the briefs or mentioned at oral argument." *Id.* at n.3. Thus, the *Watkins* decision does not support the relief Sprint seeks.

Sprint also points to general law that the scope of patent claims defines the scope of a patentee's rights. Sprint Br. at 6. This proposition, however, does not support Sprint's argument. Here, the validity and enforceability of the asserted patents against Sprint was fully and finally determined. Sprint did not challenge the eligibility of the asserted patents at trial, the jury found Sprint liable for infringement, this Court entered final judgment and Federal Circuit issued its summary affirmance and Mandate.

Thus, Sprint provides no legal justification whatsoever for its request for relief from the Judgment under the procedural circumstances of this case.

## IV. COLLATERAL ESTOPPEL DOES NOT APPLY BASED ON THE *T-MOBILE* DECISION

The Federal Circuit's *T-Mobile* decision does not relieve Sprint of its obligation to immediately satisfy the Judgment because collateral estoppel does not apply after the court enters final judgment and the Federal Circuit issues a mandate, particularly where Sprint never challenged at trial the validity or patentability of the asserted patents and Prism asserted claims at trial against Sprint that were not addressed by the *T-Mobile* decision.

### A. The Mandate Rule Precludes Reconsideration of the Final Judgment

"The mandate rule requires that the district court follow an appellate decree as the law of the case." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356 (Fed. Cir. 2009) (holding district court improperly considered invalidity issue on remand limited to infringement issues); *SK Hynix Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2013 WL 1915865, at * 6 (N.D. Cal. May 8, 2013). "Unless remanded by [this] court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999). "[T]he mandate rule precludes reconsideration of any issue within the scope of the judgment appealed from—not merely those actually raised." *SK Hynix*, 2013 WL 1915865, at *6 (citation omitted). A district court thus "has no power or authority to deviate from the mandate issued by an appellate court." *Banks v. United States*, 741 F.3d 1268, 1276 (Fed. Cir. 2014) (quoting *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948)).

The mandate rule aids the judicial role of adjudicating disputes to finality. A contrary approach "would allow appellants to present appeals in a piecemeal and repeated fashion, and would lead to the untenable result that a party who has chosen not to argue a point on first appeal should stand better as regards the law of the case than one who had argued and lost." *Engel*, 166 F.3d at 1382-83 (citation and internal quotation marks omitted).

Sprint's efforts to avoid finality of the Judgment by filing serial motions for relief under Rule 60(b) do not authorize the Court to deviate from its sole source of jurisdiction following the Mandate—namely, to enforce the Judgment. Contrary to Sprint's assertions, the supersedeas bond does not grant the Court jurisdiction to following the Mandate. Not only is Sprint's position inconsistent with the mandate rule, but also Sprint ignores the plain language of its supersedeas bond that explicitly states that its condition of obligation is Sprint's appeal ***to the***

- 9 -

***Federal Circuit*** (*see* Dkt. No. 601 at 1), which Sprint confirmed in its motion to stay proceedings. Dkt. No. 594. Sprint can point to no facts supporting its position that the supersedeas bond remains in effect after the Federal Circuit issued its mandate. Thus, Sprint provides no legal or factual to supports it bald claim that the Court retains jurisdiction to do anything other than enforce the Judgment pursuant to the Mandate.

      B.      <u>Collateral Estoppel Does Not Apply After the Federal Circuit Issues its Mandate</u>

Collateral estoppel based on the *T-Mobile* decision does not retroactively apply to the Judgment because the Federal Circuit issued the Mandate. This is particularly true because Sprint never raised a §101 defense at trial or on appeal and the *T*-Mobile decision does not address claims Prism asserted at trial against Sprint. Sprint entirely ignores these facts and the procedural posture of this case in arguing otherwise.

A defendant cannot invoke collateral estoppel based on a subsequent finding of patent invalidity after final judgment has been entered and a mandate entered. *SK Hynix*, 2013 WL 1915865, at *8-9 (rejecting application of collateral estoppel based on subsequent invalidity decision issued after mandate issued); *Versata Computer Indus. Sols., Inc. v. SAP AG*, 564 F. App'x 600 (Fed. Cir. 2014) (affirming judgment of infringement notwithstanding invalidity decision subsequent to entry of final judgment and mandate). The Federal Circuit in *Versata* and the district court in *SK Hynix* rejected arguments based on the cases relied on by Sprint (discussed below) that collateral estoppel applies to a final judgment after a mandate issued.[5]

Indeed, the Supreme Court in *Bradley v. School Bd. of City of Richmond*, a case relied on by Sprint (Sprint Br. at 7), explicitly rejects that collateral estoppel necessarily applies based on a subsequent ruling of invalidity: "[T]he Court notes that the effect of a subsequent ruling of

---

[5] *See* Dkt. Nos. 625-3 and 625-4 for the parties underlying submissions to the Federal Circuit in the matter *Versata Computer Indus. Sols., Inc. v. SAP AG*, No. 2014-1430 (Fed. Cir.), Dkt. Nos. 12-1 and 22.

invalidity on a prior final judgment under collateral attack **is subject to no fixed 'principle of absolute retroactive invalidity** . . . ." 416 U.S. 696, 710-11 n.15 (1974) (emphasis added). Rather, Court's must consider the procedural posture of each case which, here, precludes application of the collateral estoppel doctrine because of the Federal Circuit's Mandate. *SK Hynix*, 2013 WL 1915865, at *8-9 (collateral estoppel did not apply when invalidity decision made after mandate issued); *Versata*, 564 F. App'x at 601 (same).

Sprint's reliance on *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found* is misplaced. 402 U.S. 313, 349-50 (1971). In *Blonder*, the Supreme Court considered whether the mutuality element of the collateral estoppel doctrine applied to patent invalidity rulings, and ruled that collateral estoppel may apply in a ***subsequent*** lawsuit where a patent is declared invalid in a prior action against a different defendant. *Id.* The *Blonder* decision does not permit a court, as Sprint seeks here, to retroactively apply an invalidity decision to a ***prior*** lawsuit involving different patent claims and in which Sprint conceded the validity of the asserted patents.

Sprint ignores the procedural posture of every case cited in its brief — none of which retroactively apply collateral estoppel to a case that reached final judgment and had a mandate issue before the pertinent invalidity decision. Sprint Opp. at 3-4. For example, in *Soveriegn Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, the Federal Circuit held patent claims invalid against one group of defendants on January 22, 2013 and found collateral estoppel applied to the same patent claims against different defendants in an appeal decided two years <u>later</u> on February 12, 2015. 778 F.3d 1311, 1314 (Fed. Cir. 2015). Similarly, the Federal Circuit's decision in *Mendenhall v. Barber-Greene Co.*, involved an interlocutory appeal where final judgment had not yet been entered. 26 F.3d 1573, 1580-81 (Fed. Cir. 1994). *See also U.S. v. Ethernet Innovations, LLC v. Texas Instruments Inc.*, 645 F. App'x 1026, 1029 (Fed. Cir.

2016) (collateral estoppel applied when district court had not yet ruled on post-trial motion for judgment as matter of law).

Sprint's flawed reasoning regarding the Eighth Circuit has purportedly relaxed the finality requirement in the collateral estoppel context should be disregarded. Sprint Br. at 8. *First*, the cases Sprint cites to support its argument confirm that collateral estoppel is a forward-looking doctrine, and does not retroactively apply to a judgment that has been affirmed by a Federal Circuit mandate. *Pharmacia & Upjohn Co. v. Mylan Pharma., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999) (collateral estoppel prevents re-litigation in subsequent action of issue determined in prior action); *In re Nangle*, 274 F.3d 481, 485 (8th Cir. 2001) (collateral estoppel applies to prevent the relitigation of the same issue in a subsequent action). *Second*, Sprint's argument is a red-herring because the dispositive issue of finality for purposes of Sprint's collateral estoppel argument is that this Court entered Judgment and the Federal Circuit issued the Mandate **before** the *T-Mobile* decision, **not** whether Sprint may invoke the collateral estoppel doctrine while Prism moves for reconsideration of the *T-Mobile* decision or a writ of certiorari to the Supreme Court. *Third*, these cases confirm that Sprint is obligated now to satisfy the Judgment, notwithstanding Sprint's contemplated writ to the Supreme Court, because the possibility of an appeal does not undermine a district court's judgment. *Pharmacia*, 170 F.3d at 1379 (pendency of appeal has no effect on finality or the binding effect of a trial court's holding).

Collateral estoppel does not apply here because this Court entered final judgment and the Federal Circuit issued its Mandate, and Sprint is not entitled to relief from Judgment.

## V. SPRINT IS NOT ENTITLED TO A FURTHER STAY

Sprint's request for an open-ended stay of indeterminate length "pending any further proceedings in the T-Mobile case" (Sprint Br. at 2) is a blatant attempt for finality avoidance that

should be rejected outright. As explained in Prism's motion to lift the stay and enforce the judgment, this Court lacks jurisdiction to stay enforcement of the Judgment. Dkt. No. 616 at 506; Dkt. No. 624 at 3-6.

Upon issuance of an appellate court mandate, the district court "loses the power to stay the judgment" and must "act consistent with the mandate." *Banks*, 741 F.3d at 1276 (Fed. Cir. 2014) (district court "had no power or authority to deviate from the mandate issued by an appellate court") (quoting *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948))*; Cardiac Pacemakers,* 576 F.3d at 1356 ("The mandate rule requires that the district court follow an appellate decree as the law of the case."); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990) ("The power of a district court to grant a stay of judgment pending appeal terminates when the Court of Appeals issues its mandate.") (citation omitted); *McCurry v. Allen*, 688 F.2d 581, 586 (8th Cir. 1982) (petition for writ of certiorari does not operate as a stay to the execution of the judgment) (citing Stern & Gressman, Supreme Court Practice 847 (5th ed. 1978)). Thus, the stay in this case expired upon the Federal Circuit Mandate and Sprint is obligated now to satisfy the judgment. *Gander*, 733 F. Supp. at 1347 ("The mandate of the Eighth Circuit Court of Appeals having issued in this matter, the stay issued by this Court during the pendency of the appeal has expired.").

Sprint's statement that the case is currently stayed based on the supersedeas bond is wrong. The plain language of the supersedeas bond states that its condition of obligation is Sprint's appeal to the Federal Circuit. Dkt. No. 601 at 1. Sprint did not (because it cannot) point to any facts establishing that the supersedeas bond remains in effect after the Federal Circuit issued its Mandate. Rather, the undisputed facts are that Federal Circuit issued its Mandate, the triggering condition of payment under Sprint's supersedeas bond—namely, the resolution of

Sprint's appeal to the Federal Circuit—occurred, and Sprint never moved the Federal Circuit for a stay of the Mandate. Thus, Sprint is not entitled to a stay.

## VI. CONCLUSION

For the reasons explained above, Prism requests that the Court deny Sprint's motion seeking relief from judgment or, alternatively, to stay enforcement of the Judgment.

Dated: July 14, 2017　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: *s/ Cristina Martinez*

**Koley Jessen P.C., L.L.O.**　　　　　　　　　**Kramer Levin Naftalis & Frankel LLP**
Michael C. Cox, Esq. (17588)　　　　　　　　Jonathan S. Caplan, Esq.
Daniel J. Fischer, Esq. (22272)　　　　　　　Mark A. Baghdassarian, Esq.
1125 S. 103rd St., Suite 800　　　　　　　　　Aaron M. Frankel, Esq.
Omaha, NE 68124　　　　　　　　　　　　　Marcus A. Colucci, Esq.
Tel: (402) 390-9500　　　　　　　　　　　　Cristina Martinez, Esq.
Fax: (402) 390-9005　　　　　　　　　　　　Matthew W. Olinzock, Esq.
mike.cox@koleyjessen.com　　　　　　　　　1177 Avenue of the Americas
dan.fischer@koleyjessen.com　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　　　Tel: 212.715.9100
　　　　　　　　　　　　　　　　　　　　　　Fax: 212.715.8000
　　　　　　　　　　　　　　　　　　　　　　jcaplan@kramerlevin.com
　　　　　　　　　　　　　　　　　　　　　　mbaghdassarian@kramerlevin.com
　　　　　　　　　　　　　　　　　　　　　　afrankel@kramrelevin.com
　　　　　　　　　　　　　　　　　　　　　　mcolucci@kramerlevin.com
　　　　　　　　　　　　　　　　　　　　　　cmartinez@kramerlevin.com
　　　　　　　　　　　　　　　　　　　　　　molinzock@kramerlevin.com

**Prism Technologies LLC**　　　　　　　　　**Kramer Levin Naftalis & Frankel LLP**
André J. Bahou, Esq.　　　　　　　　　　　　Paul Andre, Esq.
Vice President & Chief IP Officer　　　　　　Lisa Kobialka, Esq.
878 Arlington Heights Dr., Suite 400　　　　 Aakash Jariwala, Esq.
Brentwood, TN 37027　　　　　　　　　　　990 Marsh Road
Tel: (615) 712-6580　　　　　　　　　　　　Menlo Park, CA 94025
Fax: (402) 578-1447　　　　　　　　　　　　Tel: 650.752.1700
aj.bahou@prsmip.com　　　　　　　　　　　Fax: 650.752.1810
　　　　　　　　　　　　　　　　　　　　　　pandre@kramerlevin.com
　　　　　　　　　　　　　　　　　　　　　　lkobialka@kramerlevin.com
　　　　　　　　　　　　　　　　　　　　　　ajariwala@kramerlevin.com


*Attorney for Plaintiff*　　　　　　　　　　　*Attorneys for Plaintiff*
*Prism Technologies LLC*　　　　　　　　　　*Prism Technologies LLC*

- 15 -

## **CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 14th day of July 2017.

*s/ Cristina Martinez*
Cristina Martinez