# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>SPRINT SPECTRUM, L.P. D/B/A SPRINT PCS,<br><br>     Defendant. | Civil Action No. 8:12-cv-123-LES-TDT |

**SPRINT SPECTRUM L.P.'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM JUDGMENT OR, IN THE ALTERNATIVE, A STAY OF THE CASE**

**I.      INTRODUCTION**

Relief from the judgment under Rule 60(b) is warranted based on the Federal Circuit's definitive ruling that the claims at issue in this case are invalid as patent ineligible under § 101. Under Federal Circuit precedent, Sprint's request for relief is fully supported by the extraordinary circumstances presented here and is both timely and preserved. Prism's arguments to the contrary ignore the Federal Circuit's clear directive that an invalidity ruling can be raised "at any stage in the affected proceedings" and rely on an inappropriately rigid view of the mandate rule that is contradicted by Federal Circuit precedent.[1] Prism's effort to "exact royalties for the use of an idea that is not in fact patentable" should not be countenanced.[2]

**II.     ARGUMENT**

**A.      Sprint has demonstrated that exceptional circumstances warrant 60(b) relief here.**

The Federal Circuit's ruling that the patent claims at issue here are invalid provides exceptional circumstances warranting Rule 60(b) relief from the judgment. Dkt. No. 622 at 4–7. In arguing to the contrary, Prism simply disregards "the equitable nature of the [exceptional circumstances] inquiry," *Watkins v. Lundell*, 169 F.3d 540, 545 (8th Cir. 1999), and ignores binding Federal Circuit precedent. As Sprint showed, to enforce the invalid patents against Sprint when they are a nullity to the rest of the world would be "anomalous in the extreme," *Mendenhall*

---

[1] This Court has the authority to provide relief under Rule 60(b) as well as to continue to stay enforcement of the judgment, as set forth in this Motion (Dkt. No. 622) and Sprint's opposition and proposed sur-reply to Prism's Motion to Lift Stay and Enforce Judgment (Dkt. Nos. 617, 626-1). However, in view of Prism's position that this Court lacks such authority due to the Federal Circuit's mandate, Sprint has also filed with the Federal Circuit a motion to recall the mandate out of an abundance of caution and because recalling the mandate would efficiently resolve the issue.

[2] Further, Prism's Opposition brief to this Motion was due on July 13, 2017 but was filed out-of-time, shortly before the close of business on July 14, 2017. Under the local rules, Prism is precluded from contesting Sprint's statements of fact, and its attempts to do so should be disregarded. NECivR 7.1(b)(1)(C).

1

*v. Barber-Greene Co.*, 26 F.3d 1573, 1578 (Fed. Cir. 1994), *as corrected on reh'g* (Sept. 14, 1994), and would conflict with the Supreme Court's admonition that a party should not be "allowed to exact royalties for the use of an idea that is not in fact patentable." *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 349-50 (1971). The inequities of enforcing the invalid patent claims against Sprint are all the more exceptional here where Prism sued Sprint and T-Mobile (among others) at the same time on the same patents and where the Federal Circuit ruled the claims at issue invalid less than two months after the denial of rehearing in the Sprint case and before the case became final through the expiration of the time to petition for certiorari.[3] Indeed, the Federal Circuit has recognized that an invalidity judgment issued by the Federal Circuit "presents an 'exceptional circumstance' warranting departure from the prior rulings that [the] defendants are liable" for infringement "under any articulated test." *Mendenhall*, 26 F.3d at 1583.

Moreover, contrary to Prism's perplexing assertion, Dkt. No. 627 at 7 n.4, Sprint more than amply demonstrated that the *T-Mobile* decision is a change in the governing law warranting Rule 60(b) relief. After citing Eighth Circuit cases establishing generally that a change in governing law warrants Rule 60(b) relief, Sprint explained that because "[t]he scope of a patent defines a party's legal right and is the standard by which that party's legal rights are judged …, a change in the scope of the patent represents a change in the governing legal right." Dkt. No. 622 at 6 (citing *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346–47 (Fed. Cir. 1998); *Chicago & N.W. Ry. Co. v. Sayles*, 97 U.S. 554, 563–64 (1878); *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996)). Prism cannot contend that after the Federal Circuit ruled that the patents are invalid, it

---

[3] In addition to the blatant inequity in enforcing invalid patents against only one of two defendants in closely related and simultaneously pending suits, here "the jury's award included compensation for 'future' and 'ongoing' infringement," *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1379 (Fed. Cir. 2017). Rule 60(b) expressly envisions relief when "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

retains the right "to exact royalties for the use of an idea that is not in fact patentable or that is beyond the scope of the patent monopoly granted." *Blonder-Tongue Labs., Inc.*, 402 U.S. at 350. And the Federal Circuit has expressly ruled that such a subsequent invalidity judgment qualifies as "intervening controlling authority on the relevant issue of law." *Mendenhall*, 26 F.3d at 1583. Under Federal Circuit precedent, the invalidity ruling qualifies as an exceptional circumstance warranting relief from the judgment.

### B. Sprint timely raised the applicability of the T-Mobile invalidity ruling, which can be raised "at any stage of the affected proceedings."

Sprint's request for relief based on the *T-Mobile* invalidity ruling is timely under Federal Circuit precedent. Prism's efforts to invoke principles of waiver, Dkt. No. 627 at 6–7, and the mandate rule, *id.* at 9–12, are unavailing. Prism wholly fails to address the Federal Circuit's instruction that "the defense of collateral estoppel based on a final judgment of patent invalidity in another suit can 'be timely made *at any stage of the affected proceedings*.'" *Mendenhall*, 26 F.3d at 1579 (emphasis added). This pronouncement could not be plainer, and Prism offers no basis to ignore it here.[4]

With regard to waiver, the Federal Circuit has made clear that a party can benefit from an invalidity ruling in another suit even when the defendant "did not challenge validity at trial." *Id.* at 1580.[5] Prism's waiver cases do not involve invalidity rulings, and are therefore inapposite.

---

[4] Prism seeks to avoid the consequences of the Federal Circuit's precedents by faulting Sprint for not citing a case with the exact procedural posture as this case, but, as noted above, the Federal Circuit has already determined that an invalidity ruling can be raised "at any stage of the affected proceedings," *Mendenhall*, 26 F.3d at 1579. And the unique and extraordinary circumstances here—where the Federal Circuit held invalid the identical patent claims within a matter of weeks of issuing the mandate in this case and well within the time remaining to petition for certiorari— simply underscore the appropriateness of providing relief under Rule 60(b).

[5] Patent eligibility under Section 101 is not a jury issue, in any event. *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340-41 (Fed. Cir. 2013) ("Patent eligibility under § 101 presents an issue of law…"). Prism's assertion that Sprint is not entitled to relief

3

Sprint's request for relief is timely and preserved under Federal Circuit precedent: it raised the T-Mobile invalidity decision "at virtually the earliest possible date." *Id.*

With regard to the mandate rule, that rule applies only to issues that were decided explicitly or by "*necessary* implication" on appeal. *TecSec, Inc. v. Int'l Bus. Machines Corp.*, 731 F.3d 1336, 1341–42 (Fed. Cir. 2013). Here, the *T-Mobile* decision issued *after* the Federal Circuit decided the appeal in this case. The application of the T-Mobile invalidity ruling to Prism's claims against Sprint therefore cannot have been decided explicitly or by necessary implication in the appeal in this case.

In all events, the Federal Circuit has repeatedly recognized that the mandate rule is not a straightjacket. *See, e.g.*, *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1359 (Fed. Cir. 2008) ("An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law." (quoting *Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir.1993))). As the Federal Circuit has explained,

> the trial court should consider both the letter and the spirit of the mandate. Thus, it may be appropriate in some circumstances for a court to revisit an issue that would otherwise be deemed waived and beyond the scope of an appellate mandate. This may occur when there has been a substantial change in the evidence, or where an intervening decision has changed the law.

*Yankee Atomic Elec. Co. v. United States*, 679 F.3d 1354, 1360 (Fed. Cir. 2012) (internal quotation marks, alteration and citations omitted).

Indeed, the Federal Circuit recognizes that both "the mandate rule and the broader law-of-the-case doctrine," allow a court to "deviate from a decision in a prior appeal if 'extraordinary circumstances' exist." *ArcelorMittal France v. AK Steel Corp.*, 786 F.3d 885, 889 (Fed. Cir. 2015). As noted above, the Federal Circuit has already determined that an intervening invalidity decision

---

because it did not "pursue at trial" a Section 101 defense or "did not challenge the eligibility of the asserted patents at trial" is incorrect. Dkt. 627 at 5, 8.

4

qualifies as an extraordinary circumstance warranting departure from the law of the case. *Mendenhall*, 26 F.3d at 1583.

An intervening decision "forecloses application of the mandate rule," if the party lacked a "reasonable opportunity to claim the decision's benefit prior to [the] issuance of the … mandate." *Amado*, 517 F.3d at 1360. Here, the mandate in this case issued on May 15, 2017 and the intervening T-Mobile invalidity decision issued on June 23, 2017. Sprint plainly did not have an opportunity to claim the decision's benefit before the mandate issued.

Prism relies heavily on the unpublished district court decision in *SK hynix Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2013 WL 1915865, at *1 (N.D. Cal. May 8, 2013), but that case does not support Prism's arguments here. The district court in *SK hynix* recognized that the mandate rule is subject to the same exceptions as the law of the case doctrine, and that *Mendenhall* recognized an exception for subsequent invalidity rulings. The court, however, declined to apply *Mendenhall* where "the asserted intervening decisions are not final judgments but rather reexamination rulings that remain subject to review by the Federal Circuit" and where "not all of the asserted intervening decisions address the claims-in-suit." *Id*. at *9. Notably, the district court expressly limited its decision, explaining that "[*o*]*n the particular facts of this case*, this court concludes that *Mendenhall* does not authorize departure from the mandate rule." *Id*. (emphasis added).[6] Here, by contrast, the intervening invalidity decision was issued by the Federal Circuit,

---

[6] Prism also cites an unpublished Federal Circuit summary order that provided no analysis of any of the cases demonstrating that the invalidity ruling in *T-Mobile* applies here. Dkt. No. 627 at 10 (citing *Versata Computer Indus. Sols., Inc. v. SAP AG*, 564 F. App'x 600 (Fed. Cir. 2014)). In any event, that case suffers from the same weakness as the *SK hynix* case: the asserted intervening decision was a non-final ruling by the Patent Trial and Appeal Board that was still subject to review in the Federal Circuit. *See* Plaintiffs-Appellees' Motion to Dismiss or Summarily Affirm at 12 n.4, *Versata Comput. Indus. Sols., Inc. v. SAP AG*, No. 2014-1430 (Fed. Cir. May 29, 2014) (Dkt No. 12-1).

5

and it addresses the claims at issue. Under *Mendenhall*, this constitutes an exceptional circumstance warranting relief from the judgment.

  **C. The Federal Circuit's invalidity ruling covers all the claims at issue here.**

Prism asserts in its summary of the facts and proceedings that the T-Mobile decision did not address two of the claims that Prism asserted at trial against Sprint. But in its argument, Prism offers nothing on this score beyond a passing reference. Dkt. No. 627 at 8. And for good reason: Prism's assertion is plainly incorrect.

Prism does not dispute that it asserted all the claims at issue here against T-Mobile and that T-Mobile moved for summary judgment on the basis of patent-ineligibility of all of those claims. Nor could it. *See* Index In Opposition to Motion to Lift Stay (Dkt. No. 618-4) (July 17, 2015 T-Mobile Brief in Support of Motion for Summary Judgment of Patent Ineligibility) at 3 (addressing claims 1, 33, 39, 50, 57, 70, 77, and 87 of the '345 patent and claims 7, 11, 32, 37, 50, 56, 74, 75, 76, and 93 of the '155 patent). On appeal, T-Mobile explicitly stated that it "moved for summary judgment on the basis that none of the claims then in the litigation are patent-eligible under § 101" and that "all of the claims addressed in its motion are patent-ineligible." Ex. 2 to Index in Opposition to Motion to Lift Stay (Dkt. No. 618-3) (2016-09-22 T-Mobile appeal brief) at 10. And T-Mobile asked the Federal Circuit to "reverse the district court's eligibility rulings *on T-Mobile's summary judgment and Rule 50(b) motions*, and hold that *the claims addressed therein* are not patent-eligible." *Id.* at 67 (emphases added). Indeed, in opposing T-Mobile's cross-appeal of the eligibility rulings, Prism repeatedly quoted the summary judgment ruling, and relied on the very claims it now contends were not at issue in the appeal. *See* 2016-12-01 Prism response to T-Mobile appeal brief at 23, 26–27, (quoting district court's summary judgment order); *id.* at 33–34 ("Claim 33 of the '345 Patent recites that the functionality of the authentication server is at least partially distributed to another server."), *id.* at 34 (citing Claim 7 of '155 patent as a dependent

6

claim that allegedly "provide[s] additional specificity on the identity data used for authentication"); *id.* (arguing that "*[t]hese claims* further satisfy Step 1" of the eligibility test) (emphasis added); *id.* at 39 (arguing that these same elements "are concrete limitations that satisfy *Alice* Step Two") (Excerpts attached as Ex. A). Prism cannot now contend that these claims are outside the scope of the Federal Circuit's ruling.[7]

### D. Alternatively, A Stay of the Case is Warranted.

Prism does not dispute the finality of the T-Mobile invalidity decision for purposes of Sprint's 60(b) motion. *See* Dkt. No. 627 at 12. But as Sprint demonstrated, to the extent the Court has any reservations about the finality of the Federal Circuit's T-Mobile decision, the Court should reopen this case and stay it. Prism's arguments against a stay fall short. Prism once again invokes the mandate rule, *id.* at 13, but, as explained above, the mandate rule does not bar the district court from providing relief in the extraordinary circumstances of this case. And in any event, as explained in Sprint's filings (Dkt. Nos. 617, 626-1) on Prism's motion to lift the stay and enforce judgment, this Court has jurisdiction over this case and has power to stay the case as part of its discretionary authority to manage cases on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket. . . ."). As Sprint explained in that briefing, the supersedeas bond of $32,200,000 that Sprint posted, and Prism agreed to, protects Prism's ability

---

[7] In any event, Prism's erroneous argument that only two of the four claims asserted against Sprint were at issue in the T-Mobile appeal—an argument that Prism did not raise during briefing before the Federal Circuit in that case—does nothing to ameliorate the need for relief here. The fact that two claims were held invalid is more than sufficient reason to open the judgment because the current damages award cannot stand. There is no evidence from which to determine how the jury allocated damages for each of the asserted claims. The verdict form did not break out damages by asserted claim. The jury might very well have believed that each claim was worth 1/4 of the total damages amount, or that the independent claims were worth more than the dependent claims, or some other allocation.

to recover the award if necessary.[8]  As Sprint has explained, the bond notes that it is effective while Sprint "prosecutes its appeal to full and final effect."  Dkt. Nos. 601, 617.  Further, neither the Court nor Sprint conditioned the stay of this case or the lifetime of the bond on only appeal to the Federal Circuit.  *See* Dkt. No. 617 at 4-6.

### III.  CONCLUSION

For the foregoing reasons and the reasons stated in Sprint's 60(b) motion, the Court should grant Sprint relief from the judgment and enter judgment in favor of Sprint, or, in the alternative, open the judgment and stay the case pending disposition of the T-Mobile proceedings.

Dated: July 21, 2017

Respectfully submitted,

By:  s/ Michael T. Hilgers
Michael J. Bettinger (admitted *pro hac vice*)
Irene Yang (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415)772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Michael T. Hilgers (#24483)
Carrie S. Dolton (#24221)
HILGERS Graben
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone: 402.218.2106
Facsimile: 877.437.5755
mhilgers@hilgersgraben.com
cdolton@hilgersgraben.com

*Attorneys for Defendant Sprint Spectrum L.P.*

---

[8] Sprint has explained that it offered to place the additional $8,302.03 in a supplemental bond, but Prism has refused the offer.  Dkt. No. 617 at 5 n.6.

8

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have consented to electronic service.

s/ Michael T. Hilgers
Michael T. Hilgers
