```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,      )
                              )
            Plaintiff,        )         8:12CV123
                              )
      v.                      )
                              )
SPRINT SPECTRUM L.P., D/B/A   )         MEMORANDUM OPINION
SPRINT PCS,                   )
                              )
            Defendant.        )
_____)
```

This matter is before the Court on three motions filed by the parties. The plaintiff, Prism Technologies, LLC (hereinafter "Prism" or "plaintiff"), has filed a motion to lift the Court's stay and enforce the judgment (Filing No. 615). The defendant, Sprint Spectrum L.P. (hereinafter "Sprint" or "defendant") has moved for relief from the judgment pursuant to Federal Rule of Civil Procedure 60, or in the alternative, has moved for a further stay of the case (Filing No. 621). In addition, Sprint has moved for leave to file a sur-reply in opposition to Prism's motion to lift the stay and enforce the

judgment (Filing No. 626). The motions have been fully briefed.[1]

See Filing Nos. 616, 617, 624, 626-1,[2] 622, 627,[3] 628, and 629.

After review of the motion, the parties' briefs and indexes of

---

[1] In addition to the briefs, both parties submitted notices of new/recent authority (Filing No. 632 and Filing No. 633). As will be addressed more below, these notices came following a July 25, 2017, order from the United States Court of Appeals for the Federal Circuit (Filing No. 631). The Federal Circuit's order came in response to Prism's argument that this Court lacked authority to provide relief under Rule 60(b) or to do anything but enforce the judgment due to the Federal Circuit's issuance of its mandate. *See, e.g.*, Filing No. 624 at 5-11 (relying on 28 U.S.C. § 2101(f)). In response to this contention, Sprint filed a motion with the Federal Circuit to recall its mandate. *See* Filing No. 629 at 2 n.1. The Federal Circuit's order followed.

[2] Sprint moves to file a sur-reply contending that Prism raised new arguments in its reply brief in violation of the Federal Rules of Civil Procedure and this Court's local rules. *See* Filing No. 626 at 2 (citing *Marion v. Werner Enterprises, Inc.*, No. 8:08CV466, 2009 WL 3754392, at *5 (D. Neb. Nov. 2, 2009)). Sprint filed its sur-reply brief with the Court as an attachment to its motion. *See* Filing No. 626-1. The brief advances no arguments not made at some stage by the parties' extensive briefing. Therefore, even though it is of little consequence and did not sway the Court's decision, Sprint's motion will be granted.

[3] Sprint challenges the timeliness of Prism's brief in opposition to Sprint's Rule 60(b) motion. *See* Filing No. 629 at 2 n.2. Sprint states that pursuant to local rules "Prism is precluded from contesting Sprint's statement of fact, and its attempt to do so should be disregarded." *Id.* (internal citation omitted). Even if the Court were inclined to strictly apply NECivR 7.1(b)(1)(C) due to Prism's filing being a single day later than required, the facts are, by and large, uncontroverted. To the extent disputes of fact exist, the Court will resolve such disputes based on the record before it without merely accepting Sprint's statement of facts.

evidence (Filing Nos. 618, 619, 620,[4] 623, 625, 630), and the relevant law, the Court finds as follows.

**BACKGROUND**

    **I. The Sprint Action**

On June 23, 2015, following a six-day trial, a jury returned a verdict in favor of Prism and against Sprint in the amount of $30,000,000.00 (Filing No. 467). The jury's award was based on its finding that Sprint had infringed Claims 1 and 33 of Prism's U.S. Patent No. 8,127,345 (the "345 patent") and Claims 7 and 37 of Prism's U.S. Patent No. 8,387,155 (the "155 patent") (*Id.*). On December 9, 2015, the Court denied Sprint's renewed motion for judgment as a matter of law, Sprint's motion for a new trial, and Sprint's first motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Filing No. 588 and Filing No. 589).

On January 5, 2016, Sprint and Prism filed their respective notices of appeal (Filing No. 593 and Filing No. 595). In addition, Sprint, by an unopposed motion, sought to stay the execution of the judgment pending appeal and approval of a supersedeas bond pursuant to Fed. R. Civ. P. 62 (Filing No. 594).

---

    [4] This filing is Sprint's submitted notice of recent authority of the Federal Circuit's decision in *Prism Technologies LLC, v. T-Mobile USA, Inc.*, Case Nos. 2016-2031, 2016-2049, 2017 WL 2705338(Fed. Cir. June 23, 2017).

The following day, on January 6, 2016, the Court granted Sprint's motion for a stay of execution of the judgment pending appeal and approval of a supersedeas bond (the "bond") (Filing No. 596). The bond posted by Sprint provides in relevant part, that Sprint is "firmly bound unto **PRISM TECHNOLOGIES, LLC** in the sum of **THIRTY TWO MILLION TWO HUNDRED THOUSAND AND NO/100** Dollars . . . ." (Filing No. 601 at 1). The bond further states:

> THE CONDITION OF THIS OBLIGATION is such that: [Sprint] has entered an appeal to THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT to review the **JUDGMENT** . . . .
>
> NOW THEREFORE, the condition of this obligation is such that if [Sprint] prosecutes its appeal to the full and final effect . . . [and] such judgment [is] reduced, modified, or amended . . . then this obligation shall be null and void; otherwise to remain in full force and effect. (*Id.*).

On March 3, 2017, the Federal Circuit affirmed this Court's denial of Sprint's post-trial motions and its denial of Prism's motion for additional monetary relief (Filing No. 605). It is important to note here that the validity of the patent claims at issue in this case were not contested as Sprint agreed in a May 15, 2015, agreement on motions in limine that "Sprint may not argue that Sprint does not infringe because the claims are allegedly invalid." (Filing No. 378 at 1). Therefore, no

invalidity argument was advanced to or decided upon by the Federal Circuit on appeal.  *See* Filing No. 605.

**II. The T-Mobile Action**

While the appeal in this case was pending, Prism went to trial against another cell carrier, T-Mobile USA, Inc., on claims of patent infringement of the same patents.  *See* Case No. 8:12CV124 (hereinafter the "124 case").  Following a fourteen-day trial, the jury found in favor of T-Mobile on Prism's claims of infringement (Filing No. 579 in the 124 case).  Following the filing and denial of various post-trial motions, both parties appealed (Filing Nos. 675 and 679 in the 124 case).  Prism appealed this Court's denial of its motions for a new trial and judgment as a matter of law (Filing No. 685-1 at 2).  T-Mobile appealed, among other rulings not pertinent here, this Court's denial of its motion for judgment as a matter of law seeking "a reversal . . . of subject-matter eligibility under [35 U.S.C.] § 101 . . . ."  (*Id.* at 4).  On June 23, 2017, the Federal Circuit reversed this Court's finding of the patent claims' validity and determined that Prism's asserted patent claims "merely recite a host of elements that are indisputably generic computer components" and "recite patent ineligible subject matter . . . ."  (*Id.* at 6-7).

**III. Subsequent Proceedings**

On June 9, 2017, two weeks before the Federal Circuit invalidated Prism's patent claims in the *T-Mobile* case, Prism moved this Court to lift the stay and enforce the judgment (Filing No. 615). Before that motion was ripe for disposition, Sprint filed its motion for relief from the judgment pursuant to Rule 60 or, in the alternative, for a further stay of the case (Filing No. 621).

Following the parties' briefing, the Federal Circuit, in response to a motion by Sprint to recall its mandate, issued a three-page order denying Sprint's motion (Filing No. 631). The Federal Circuit stated that Sprint "plans to seek certiorari from [the Federal Circuit's] March ruling, and it is apparently undisputed that, as a result, the original district court judgment against Sprint remains stayed -- until the time for certiorari runs without a filing or until disposition of the matter in the Supreme Court." (*Id.* at 2). The Federal Circuit's order also determined that

> [r]ecall [of the Circuit's mandate] is unnecessary to give effect to the preclusion law that Sprint invokes . . . . To avoid any doubt, this court here confirms that the May 2017 mandate does not alter how the district court *should* decide the preclusive effect of the *T-Mobile* ruling, which did not

-6-

> exist in May 2017. The district court *must* consider Sprint's preclusion motion -- including any issues about what patent claims were actually the subject of this court's *T-Mobile* ruling -- by applying the standards of *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573 (Fed. Cir. 1994), its successors, and any other relevant law.

(*Id.* at 2-3) (emphasis added). Finally the Federal Circuit's order instructed this Court that the "May 2017 mandate should not be treated . . . as altering whatever conclusion [this Court] would otherwise reach about Sprint's Rule 60(b) motion." (*Id.* at 3).

**LAW**

Federal Rule of Civil Procedure 60(b) provides: "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such motion must be made "within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (internal citation omitted). Rule 60(b) "authorizes relief in only the most exceptional cases." *U.S. Commodity Futures Trading Com'n v.*

-7-

*Kratville*, 796 F.3d 873, 896 (8th Cir. 2015) (internal marks and cites omitted).

**DISCUSSION**

The Court is convinced that the facts and procedural history of this case rise to the level of an exceptional circumstance warranting the imposition of Rule 60(b)'s exceptional remedy so that justice might be served. By so ruling the Court is cognizant of the need to recognize the importance of the finality of a judgment. The Court has thoroughly considered and balanced that important interest but finds it is outweighed by the Court's interest in "seeing that justice is done in light of all of the facts." *Hesling*, 396 F.3d at 638.

Sprint's motion is timely. A motion under Fed. R. Civ. P. 60(b)(6) requires a party to bring it "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Sprint filed its Rule 60(b) motion six days after the Federal Circuit's issuance of the *T-Mobile* decision. *See* Filing No. 622 at 2 (filed June 29, 2017, and citing the Federal Circuit's June 23, 2017, *T-Mobile* decision). This appears to be in harmony with Rule 60(c)(1)'s requirement. *See Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

Prism's argument to enforce and not alter or amend the judgment is threefold: (1) the Federal Circuit's mandate in

affirming the Court's decision in this case ends the plain-language term of the bond requiring satisfaction of the $30 million judgment; (2) Sprint's failure to seek a stay of the Federal Circuit's mandate procedurally bars Sprint from seeking relief from this Court; and (3) the Federal Circuit's finding of invalidity in the T-Mobile case is inapplicable to this case. *See* Filing Nos. 616, 624, 627, and 632.

Prism further contends the July 25, 2017, order from the Federal Circuit conclusively establishes that "Sprint is not entitled to relief from the [j]udgment . . . based on the *T-Mobile* decision because the *T-Mobile* decision did <u>not</u> address certain claims that Prism asserted and prevailed upon at trial against Sprint." (Filing No. 632 at 1) (emphasis in original, footnote omitted). Prism specifically argues that Claim 33 of the '345 patent and Claim 7 of the '155 patent were not at issue in the Federal Circuit's *T-Mobile* decision and thus "not subject to the *T-Mobile* decision." (*Id.* at 3). Finally, Prism argues that because the Federal Circuit denied Sprint's motion to recall its mandate "the final judgment of this Court, as summarily affirmed by the Federal Circuit, must be enforced -- and the *T-Mobile* decision has no effect on the enforceability of the final judgment" especially since "Sprint did not raise a § 101 defense at trial." (*Id.*).

Sprint argues that the Court ought to alter or amend the judgment under Federal Rule of Civil Procedure 60(b) because "the Federal Circuit's decision completely eliminates the underlying basis for the judgment against Sprint . . . ." (Filing No. 622 at 2). In addition, Sprint argues that the Federal Circuit's July 25, 2017, order gives the Court "full authority to give relief under Rule 60(b) on the basis of the T-Mobile invalidity decision." (Filing No. 633 at 2).

Prism's argument based on Sprint's failure to stay the Federal Circuit's mandate is resolved by the July 25, 2017, order from the Federal Circuit. In that order this Court was directed that "the May 2017 mandate does not alter how the district court *should* decide the preclusive effect of the *T-Mobile* ruling . . . ." (Filing No. 631 at 2) (emphasis added). If Sprint's failure to seek a stay of the mandate prevented this Court from doing anything other than enforcing the $30 million jury verdict against Sprint, the Federal Circuit's order would not have instructed this Court that it *must* consider Sprint's Rule 60(b) motion. *See id.* at 2-3. In addition, Prism's argument concerning the plain language of the bond requiring this Court to enforce the judgment is mooted by the Court's decision to grant Sprint's Rule 60(b) motion. Therefore, the only remaining contention advanced by Prism is that the *T-Mobile* decision does

not apply to this case because: (1) at least two of the patent claims at issue in this case were not invalidated by the *T-Mobile* case; and (2) collateral estoppel or issue preclusion does not apply to the facts of this case given its unique procedural posture. *See* Filing No. 632.

The patent claims at issue in the *T-Mobile* case which were invalidated by the Federal Circuit were and are the same claims at issue here. In its opinion in *T-Mobile*, the Federal Circuit reversed this Court's denial of T-Mobile's motion for judgment as a matter of law (Filing No. 685-1 at 2 in the 124 case). In its brief in support of its motion for judgment as a matter of law submitted to this Court, T-Mobile argued that all of the "asserted claims" under the '345 and '155 patents should be invalidated under 35 U.S.C. § 101 (Filing 547 at 71-78 in the 124 case).

In order to determine what the "asserted claims" were at issue in the *T-Mobile* case, the Court turns to T-Mobile's briefs submitted to this Court in support of its motion for judgment as a matter of law (Filing No. 547 in the 124 case). While the briefing with respect to the motion for judgment as a matter of law is not particularly helpful due to its usage of the term "asserted claims," the opening brief does provide some guidance. In that brief, T-Mobile incorporates by reference its

arguments for invalidity which were made in its motion for summary judgment (*Id.* at 72 n.6) (stating "In addition, T-Mobile here incorporates by reference its arguments in its Brief in Support of its Motion for Summary Judgment of Patent Ineligibility (and its supporting papers.")).

Turning then to T-Mobile's motion for summary judgment, it becomes clear the "asserted claims" at issue in the *T-Mobile* case overlap with the patent claims at issue here. T-Mobile's brief in support of its motion for summary judgment of patent ineligibility explicitly names the following patent claims: "1, 33, 39, 50, 57, 70, 77, 87 of the '345 patent and claims 7, 11, 32, 37, 50, 56, 74, 75, 76, 93 of the '155 patent (collectively, the 'asserted claims')." (Filing No. 310 at 7 in the 124 case).

In order for the Federal Circuit to determine that this Court erred in its denial of T-Mobile's motion for judgment as a matter of law, the Federal Circuit had to conclusively determine which patent claims were at issue. In order to determine what patent claims were at issue in the *T-Mobile* case, the Federal Circuit would have reviewed T-Mobile's brief in support of its motion for judgment as a matter of law. The Circuit would then have been referred to T-Mobile's brief in support of its motion for summary judgment of patent ineligibility. The Federal Circuit would then have determined that the "asserted claims"

which were invalidated were those referenced above in T-Mobile's brief in support of its motion for summary judgment of patent ineligibility.

At issue in the *Sprint* case were Claims 1 and 33 of the '345 patent and Claims 7 and 37 of the '155 patent (Filing No. 632 at 2). All four of these claims were scrutinized by the Federal Circuit and adjudged to be invalid under 35 U.S.C. § 101. *See* Filing No. 685-1 in the 124 case.

Having determined that the Federal Circuit's July 25, 2017, order conclusively resolves Prism's argument as to this Court's authority, and having determined that the patent claims invalidated in the *T-Mobile* case are the same claims at issue here, the Court need now only apply "the standards of *Mendenhall* . . . its successors, and . . . other relevant law" in accordance with the Federal Circuit's direction to resolve whether issue preclusion or collateral estoppel ought to apply (Filing No. 631 at 3).

This Court's application of *Mendenhall*, its progeny, and other applicable law, leads the Court to conclude that Sprint's Rule 60(b) motion ought to be granted. *See* Fed. R. Civ. P. 60(b); *see also Mendenhall*, 26 F.3d 1573. Given that the Federal Circuit has conclusively adjudged the patent claims, which provide the very basis for Prism's $30 million judgment, to

be invalid; the Court finds no just reason why such a judgment ought to stand when the claims "are predicated on a nullity" and unenforceable to the rest of the world.  *See SK hynix Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2013 WL 1915865, at *10 (N.D. Cal. May 8, 2013); *see also Mendenhall*, 26 F.3d 1573, *Blonder-Tongue Labs, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 91 S. Ct. 1434, 28 L. Ed. 2d 788.

Accordingly, Sprint's motion to file a sur-reply brief will be granted.  Sprint's motion for relief from the judgment pursuant to Rule 60 will be granted.  Sprint's motion for a further stay of the case will be denied as moot.  Prism's motion to lift the stay and enforce the judgment (Filing No. 615) will be denied as moot.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of August, 2017.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court