# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPRINT SPECTRUM L.P. D/B/A SPRINT PCS<br><br>　　　　Defendant. | Civil Action No. 8:12-cv-123-LES-TDT |

# PLAINTIFF PRISM TECHNOLOGIES, LLC'S MOTION
# TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................................1

II.  SUMMARY OF FACTS AND PROCEEDINGS ............................................................3

    A.    The 2015 Judgment Confirmed the Jury's Verdict of Infringement Against Sprint and Awarded Prism $30 Million in Damages ................................3

    B.    Prism's Did Not Assert at Trial in a Separate Action Against T-Mobile Certain Claims that it Asserted at Trial Against Sprint ............................4

        1.    T-Mobile Asserted § 101 Patent Ineligibility as an Affirmative Defense, Not a Counterclaim ....................................................5

        2.    Statements During Oral Argument on the *T-Mobile* Appeal Confirm the Federal Circuit's Jurisdiction was Limited to Claims Asserted at Trail Against T-Mobile .................................................5

        3.    Prism Did Not Assert the Sprint Claims in its Separate Action Against T-Mobile ...............................................................................7

        4.    The *T-Mobile* Decision Itself Confirms it Does Not Address the Sprint Claims ............................................................................7

    C.    The Court Improperly Applied in the 2017 Judgment the *T-Mobile* Decision to the Sprint Claims ......................................................................8

III. ARGUMENT .........................................................................................................................9

    A.    The 2017 Judgment Must be Amended or Vacated to Correct Clear Error and Prevent Manifest Injustice .....................................................11

IV.  CONCLUSION..................................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ariosa Diagnostics v. ISIS Innovation Ltd*,
 IPR2012-00022 (MPT), 2013 WL 2181162 (P.T.A.B. Feb. 12, 2013) ...................................12

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
 508 U.S. 83 (1993)...............................................................................................................11, 12

*Collison v. Int'l Chem. Workers Union, Local 217*,
 34 F.3d 233 (4th Cir. 1994) ................................................................................................9, 10, 14

*Duran v. Town of Cicero, Ill.*,
 653 F.3d 632 (7th Cir. 2011) .....................................................................................................10

*Ira Green, Inc. v. Military Sales & Serv. Co.*,
 775 F.3d 12 (1st Cir. 2014).......................................................................................................10

*Joeckel v. Collector of Internal Revenue*,
 No. 4:CV95-3016, 1996 WL 858479 (D. Neb. Nov. 26, 1996) ........................................10 n.4

*Prism Techs., LLC v. T-Mobile USA, Inc.*,
 2016-2031, 2016-2049, 2017 WL 2705338 (Fed. Cir. June 23, 2017) ........................... *passim*

*Prism Techs., LLC v. T-Mobile USA Inc.*,
 No. 8:12CV124, 2016 WL 1369349 (D. Neb. Apr. 6, 2016), *aff'd in part*,
 *rev'd in part*, *appeal dismissed*, No. 2016-2031, 16-2049, 2017 WL 2705338
 (Fed. Cir. June 23, 2017) ...........................................................................................................14

*Resource Lenders, Inc. v. Source Sols., Inc.*,
 No. 1:05CV0999OWWLJO, 2005 WL 3525670 (E.D. Cal. Dec. 22, 2005) ..........................12

*Ribeiro v. Baby Trend, Inc.*,
 No. 8:12CV204, 2016 WL 4487734 (D. Neb. Aug. 25, 2016)..........................................10 n.4

*Starter Corp. v. Converse, Inc.*,
 170 F.3d 286 (2d Cir. 1999).......................................................................................................12

**Statutes**

29 U.S.C. 4112(a) ............................................................................................................................10

35 U.S.C. § 101 ............................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8(c) ...............................................................................................................12

Fed. R. Civ. P. 13(c) .............................................................................................................12

Fed. R. Civ. P. 59(e) ..................................................................................................... *passim*

Fed. R. Civ. P. 60(b) ..................................................................................................8, 10 n.4

2

Plaintiff Prism Technologies, LLC ("Prism") respectfully submits this brief in support of its motion under Fed. R. Civ. P. 59(e) and/or 60(b) to alter, amend or vacate the Court's Order and Judgment entered on August 8, 2017 (Dkt. Nos. 635 and 636, the "2017 Judgment").

## I.  INTRODUCTION

Prism moves the Court to alter, amend or vacate the 2017 Judgment, which granted defendant Sprint Spectrum L.P. d/b/a Sprint PCS's ("Sprint") relief from the $30 million judgment of infringement against it, because the Court's ruling was based on clear error and will result in manifest injustice to Prism.

In June 2015, Prism prevailed at trial in this matter by proving that Sprint infringed the following claims of Prism's patents: Claims 1 and 33 of U.S. Patent No. 8,127,345 (the " '345 Patent") and Claims 7 and 37 of U.S. Patent No. 8,387,155 (the " '155 Patent")). Sprint never challenged during trial the validity or eligibility of these patent claims. Following post-trial motions, this Court in December 2015 entered final judgment confirming the jury's verdict. Dkt. Nos. 589, 591 and 592 (the "2015 Judgment"). The Federal Circuit rejected Sprint's appeal and issued its mandate affirming in full the 2015 Judgment.

However, on August 8, 2017, over two years after the jury's verdict of infringement and after the Federal Circuit issued its mandate, this Court set aside the 2015 Judgment based on the Federal Circuit's *T-Mobile* Decision[1]—a ruling issued ***in a <u>different</u> action finding ineligible <u>different</u> patent claims based on a § 101 affirmative defense that Sprint <u>never</u> pursued at trial***. 2017 Judgment, Dkt. No. 635 at 14.

---

[1] The "*T-Mobile* Decision" refers to the Federal Circuit's June 23, 2017 decision in the matter *Prism Techs., LLC v. T-Mobile USA, Inc.*, 2016-2031, 2016-2049, 2017 WL 2705338 (Fed. Cir. June 23, 2017). Prism intends to file a petition for *writ of certiorari* to the United States Supreme Court regarding the *T-Mobile* Decision.

The fundamental premise of the 2017 Judgment is incorrect. This Court determined that the patent claims the Federal Circuit held ineligible in the *T-Mobile* case are the same patent claims the jury found Sprint infringes here. This is demonstrably wrong. It is undisputed that Prism asserted at trial against Sprint two claims that it did <u>not</u> assert at trial against T-Mobile— namely Claim 33 of the '345 Patent and Claim 7 of the '155 Patent (i.e., the "Sprint Claims"). Thus, there is disparity between the claims asserted in each action, and the jury found Sprint liable of infringing two claims not invalidated by the *T-Mobile* Decision.

This Court, however, found that the claims between the actions are nevertheless the same by relying on the claims that T-Mobile challenged on summary judgment in its separate action and not the claims and defenses asserted by T-Mobile at trial and on appeal. This misapprehension of the facts amounts to clear error. This Court's resulting ruling is irreconcilable with the undisputed procedural posture of the *T-Mobile* Decision and extends that decision to patent claims that fall outside the bounds of Federal Circuit's jurisdiction.

In particular, the 2017 Judgment makes no mention of the undisputed fact that T-Mobile asserted § 101 patent ineligibility as an affirmative defense at trial, *not* a counterclaim. Statements made by the circuit judges and T-Mobile's counsel during the *T-Mobile* oral argument before the Federal Circuit confirm that T-Mobile's invalidity arguments were affirmative defenses. As a result, the Federal Circuit only had jurisdiction to consider those defenses as they relate to claims that reached final judgment—which does <u>not</u> include the Sprint Claims. Consistent with this result, the plain language of the *T-Mobile* Decision exclusively references as the basis of its review the *T-Mobile* asserted claims and this Court's denial of T-Mobile's post-trial motion for judgment as a matter of law ("JMOL")—neither of which implicate the Sprint Claims.

The injustice and prejudice to Prism resulting from the Court's clear error is manifest. The 2017 Judgment deprives Prism of its jury award based on a ruling that involved different claims and an affirmative defense that Sprint never pursued at trial. For these reasons and as further set forth below, Prism respectfully requests that the Court alter, amend or vacate the 2017 Judgment, reinstate the 2015 Judgment and reconsider its denial of Prism's motion to enforce the 2015 Judgment in light of its granting of this motion.

## II.    SUMMARY OF FACTS AND PROCEEDINGS

### A.    The 2015 Judgment Confirmed the Jury's Verdict of Infringement Against Sprint and Awarded Prism $30 Million in Damages

On June 23, 2015, at the conclusion of trial in this patent infringement action, the jury entered a verdict in favor of Prism and against Sprint and awarded Prism $30 million in damages. Dkt. No. 467. On June 24, 2015, the Court entered judgment consistent with the jury's verdict. Dkt. No. 470-1. Following post-trial motions, the Court entered final judgment confirming the jury verdict and awarding Prism costs in the amount of $42,495.43, pre-judgment interest in the amount of $2,001,923, and post-judgment interest "from the date of judgment, i.e., June 24, 2015, until satisfaction." Dkt. Nos. 589, 591 and 592.

Sprint filed on January 5, 2016 a notice of appeal to the Federal Circuit. Dkt. No. 600. On March 6, 2017, the Federal Circuit affirmed the 2015 Judgment. Dkt. No. 605. On May 15, 2017, the Federal Circuit issued its mandate, which this Court received on the same date. Dkt. No. 609 (the "Mandate"). On June 2, 2017, this Court entered an Order confirming the amount of post-judgment interest due to Prism from the date of 2015 Judgment (i.e., June 24, 2015) through the date of the Mandate (i.e., May 15, 2017) as $163,883.60. Dkt. No. 614. This Court further Ordered that the total amount of the 2015 Judgment (including the jury award, costs,

3

prejudgment interest and post-judgment interest calculated through the date of the Mandate) is $32,208,302.03. *Id.* [2]

Notwithstanding the Federal Circuit's Mandate, Sprint refused to satisfy the 2015 Judgment based on its stated intention to petition the United States Supreme Court for a *writ of certiorar*i. Prism, therefore, filed a motion to enforce the 2015 Judgment. Dkt. No. 626.

        B.      <u>Prism's Did Not Assert at Trial in a Separate Action Against T-Mobile Certain Claims that it Asserted at Trial Against Sprint</u>

In October 2015, Prism proceeded to trial against T-Mobile in a separate action in which Prism asserted the same patents, but ***different*** claims than it asserted at trial against Sprint. The T-Mobile jury entered a verdict of non-infringement and, on appeal, the Federal Circuit found the claims Prism asserted at trial against T-Mobile patent ineligible under § 101. *T-Mobile* Decision at *3.

The record, however, is indisputable that the *T-Mobile* Decision does not apply to certain patent claims the jury found Sprint liable of infringing because: (i) T-Mobile asserted § 101 patent ineligibility only as an affirmative defense, not a counterclaim; (ii) the Federal Circuit confirmed during oral argument that its jurisdiction was limited to the claims asserted at trial against T-Mobile; (iii) Prism did not assert the Sprint Claims in its separate trial against T-Mobile; and (iv) the T-Mobile Decision confirms that it applies only to the claims asserted at trial against T-Mobile. Each of these facts is discussed more fully below.

---

[2] The Order confirmed that Prism did not waive its right to collect additional post-judgment interest up to and including Sprint's final satisfaction of the Judgment. *Id.*

4

1. <u>T-Mobile Asserted § 101 Patent Ineligibility as an Affirmative Defense, Not a Counterclaim</u>

It is undisputed that T-Mobile asserted § 101 patent ineligibility *only* as an affirmative defense in its answer, ***not*** as a counterclaim. Specifically, T-Mobile's Answer to Prism's Second Amended Complaint pled the following affirmative defense:

> SECOND AFFIRMATIVE DEFENSE
> (Invalidity of the Asserted Patents)
>
> 98. One or more claims of the '288, '345 and/or '155 patents are invalid for failing to comply with the conditions for patentability **set forth in Title 35, United States Code § 101** *et seq.*, including, without limitation, §§ 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto in view of at least prior art identified during prosecution and the prior art below.

Dkt. No. 632-2, Ex. B ¶ 98 (emphasis added). T-Mobile did not plead § 101 patent ineligibility as a counterclaim. *See id.* at ¶¶ 32-55 (T-Mobile's invalidity counterclaims that do not assert invalidity under § 101). Thus, T-Mobile's § 101 affirmative defense was limited to the claims Prism asserted against it at trial, which did not include the Sprint Claims.

2. <u>Statements During Oral Argument on the *T-Mobile* Appeal Confirm the Federal Circuit's Jurisdiction was Limited to Claims Asserted at Trail Against T-Mobile</u>

Statements made by circuit judges and T-Mobile's counsel during oral argument before the Federal Circuit in connection with the *T-Mobile* appeal confirm that the Sprint Claims were not addressed in the *T-Mobile* Decision.

In particular, the Federal Circuit specifically asked counsel for both T-Mobile and Prism whether T-Mobile asserted § 101 as an affirmative defense or a counterclaim, and stated that the Federal Circuit did not have jurisdiction to consider any T-Mobile counterclaim relating to invalidity for which there was not a final judgment:

5

> Judge Prost: Can I just ask you a logistical question? Not going either way, which is—were the validity challenges, the 102 and the 103, were those just affirmative defenses as opposed to counterclaims, 'cause in the jury verdict the jury was told if you find no infringement you don't reach the validity contentions, right?
>
> Mr. Andre (Prism): That's correct.
>
> Judge Prost: So, if you have a new trial or if they have absolutely found infringement then you would still been confronted with dealing with the validity issues?
>
> Mr. Andre (Prism): That's correct. A new trial in this case would put validity back on the table because, as you said, that the verdict form that was submitted by the parties . . . .
>
> Judge Prost: And is that . . . were they just affirmative defenses in this case?
>
> Mr. Andre (Prism): I believe they were. I can't recall very specifically, but . . . .
>
> **Judge Lourie: There's a big difference. Because if they were counterclaims we don't have jurisdiction, do we? Because there wasn't a final judgment.**
>
> Mr. Andre (Prism): I believe they were affirmative defenses. We'll check on that.[3]

T-Mobile's counsel, in response to a follow-up question by Judge Lourie, confirmed that all of T-Mobile's invalidity defenses merged into affirmative defenses at the time of the final pretrial conference:

---

[3] Declaration of Cristina Martinez in Support of Prism's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Martinez Decl."), Ex. 2, Unofficial Transcription of Relevant Portions of the Audio Recording of Oral Argument Before the Federal Circuit on June 7, 2017 in the Matter *Prism Techs., LLC v. T-Mobile USA, Inc.*, Nos. 16-2031, 16-2049 (Fed. Cir.) at Minute 1 Second 22 through Minute 2 Second 22 (emphasis added). The full audio recording is available on the Federal Circuit's web-page, and can be accessed at the following link: http://www.cafc.uscourts.gov/oral-argument-recordings/search/audio.html?title=&field_case_number_value=16-2031&field_date_value2%5Bvalue%5D%5Bdate%5D=&=Search.

> Judge Lourie: Mr. Thomasch, let's start to clarify the point, the question, raised earlier, was the invalidity issue raised as a defense or a counterclaim?
>
> Mr. Thomasch (T-Mobile): 102 and 103 were raised as affirmative defenses. They're actually pleaded as a counterclaim in the answer **but everything merges in at the time of the final pretrial conference and at that conference they were identified as affirmative defenses and so for that reason the court reached a ruling that they were not to go to the jury**.

*Id.* at Minute 25 Second 38 to Minute 26 Second 7 (emphasis added). This exchange confirms that T-Mobile's affirmative defenses, including its § 101 patent ineligibility affirmative defense, only related to the claims Prism asserted against T-Mobile at trial and did not reach the jury. Thus, the Federal Circuit lacked jurisdiction to consider the Sprint Claims, which were not asserted against trial against T-Mobile or part of this Court's post-trial rulings.

> 3. Prism Did Not Assert the Sprint Claims in its Separate Action Against T-Mobile

It is further undisputed that Prism asserted at trial against Sprint *different* claims than it asserted at trial against T-Mobile. In particular, Prism did not assert the Sprint Claims at trial against T-Mobile. *Compare* Dkt. No. 647, Sprint Verdict Form (Prism asserted Claims 1 and 33 of the '345 Patent and Claims 7 and 37 of the '155 Patent) *with* Dkt. No. 652-2, T-Mobile Verdict Form (Prism asserted Claims 1, 77 and 87 of the '345 Patent and Claims 11, 37 and 56 of the '155 Patent). Thus, because Prism did not assert at trial against T-Mobile the Sprint Claims, they were not part of *T-Mobile* jury verdict or the Court's post-trial rulings.

> 4. The *T-Mobile* Decision Itself Confirms it Does Not Address the Sprint Claims

The *T-Mobile* Decision repeatedly confirms that it applies only to the claims asserted at trial against T-Mobile, as evidenced by *every sentence* in which the Federal Circuit discussed the basis of its jurisdiction, the claims at issue or the standard of review applied. In particular, the

7

Federal Circuit (i) explicitly stated that "[T-Mobile] cross-appeals the district court's final decision denying its motions for judgment as a matter of law," which only involved the claims asserted at trial against T-Mobile (*T-Mobile* Decision at *1); (ii) repeatedly referred to the "asserted claims," which do not include the two Sprint Claims that Sprint was found liable to infringe (*id.* at *2, *3); and (iii) explained in the legal standard portion of its decision that "we review denial of JMOL motions under regional circuit law—here, the Eighth Circuit." *Id.* at *2.

      C.     <u>The Court Improperly Applied in the 2017 Judgment the *T-Mobile* Decision to the Sprint Claims</u>

After the Federal Circuit issued its Mandate, and while Prism's motion to enforce the 2015 Judgment was pending before this Court, the Federal Circuit announced the *T-Mobile* Decision. Dkt. No. 605. Sprint moved based on the *T-Mobile* Decision for relief from the 2015 Judgment under Rule 60(b). Dkt. No. 621.

This Court, in granting Sprint's motion and setting aside the 2015 Judgment, explicitly noted that Sprint did not challenge the validity of any of the claims Prism asserted at trial against Sprint: "It is important to note here that the validity of the patent claims at issue in this case were not contested as Sprint agreed in its May 15, 2015, agreement on motions in limine that 'Sprint may not argue that Sprint does not infringe because the claims are allegedly invalid.'" 2017 Judgment, Dkt. No. 635 at 4 (citing Dkt. No. 378 at 1).

Notwithstanding that Sprint never pursued a § 101 defense, this Court held that Sprint could use the *T-Mobile* Decision to avoid the verdict of infringement against it based on the Court's finding that "[t]he patent claims at issue in the *T-Mobile* case which were invalidated by the T-Mobile decision were and are the same claims at issue here." *Id.* at 11. To reach this conclusion, this Court based its reasoning entirely on its interpretation of the parties' post-trial briefing in the *T-Mobile* action and worked backwards through a series of references to

8

ultimately reach back to its summary judgment order in the *T-Mobile* matter, wherein this Court found all of the claims Prism initially asserted against T-Mobile were patent eligible under § 101.

In particular, this Court reasoned that: (i) T-Mobile's JMOL brief incorporates by reference its arguments for invalidity made in its motion for summary judgment; (ii) T-Mobile's summary judgment motion argued all of Prism's asserted claims were ineligible; (iii) in order to reverse the District Court's JMOL order, the Federal Circuit had to conclusively determine which patent claims were at issue; (iv) to do so, the Federal Circuit would have reviewed T-Mobile's JMOL brief, which referred to T-Mobile's summary judgment brief; and (v) the Federal Circuit thus would have determined that the "asserted claims" that were invalidated were those referenced in T-Mobile's summary judgment motion. *Id.* at 11-13.

The Court's reasoning, however, misapprehends the factual record and is irreconcilable with the procedural posture of the claims and affirmative defenses before the Federal Circuit in the *T-Mobile* appeal. The 2017 Judgment makes no mention of (i) the specific claims Prism asserted at trial against Sprint that it did not assert at trial against T-Mobile; (ii) the fact that T-Mobile asserted § 101 as an affirmative defense and its post-trial JMOL brief was limited to the claims asserted during the T-Mobile trial, which did not include the Sprint Claims; or (iii) the Federal Circuit's statements in the *T-Mobile* Decision that contradict the this Court's reasoning. Contrary to the Court's finding, the *T-Mobile* summary judgment order cannot expand the Federal Circuit's jurisdiction, which was limited to T-Mobile's § 101 affirmative defense against the claims Prism asserted at trial against T-Mobile and did not include the Sprint Claims.

### III. ARGUMENT

A court may properly alter or amend its judgment pursuant to Rule 59(e) to correct a clear error or to prevent manifest injustice. *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994) (reversing denial of Rule 59(e) motion where judgment

9

premised on clear error); *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 639, 642 (7th Cir. 2011) (granting motion to amend judgment to correct "glaring double-recovery problem in the judgment" and manifest error in law resulting from "fundamental missteps in the way these claims were submitted to the jury"). The decision to amend a judgment under Rule 59(e) is left "to the sound discretion of the district court." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014) (finding district court properly amended judgment under Rule 59(e) where judgment had been "plainly wrong" regarding which party prevailed on a claim).

Thus, a Rule 59(e) motion is appropriate where, as here, the court misunderstood the operative facts regarding and legal effect of a ruling on the causes of action asserted. For example, in *Collison*, plaintiff asserted two independent causes of action, i.e., a free speech claim under 29 U.S.C. 4112(a)(2) and a due process claim under 29 U.S.C. 4112(a)(5). 34 F.3d at 234. The district court granted plaintiff summary judgment on the free speech claim, but found that it therefore did not need to rule on plaintiff's due process claim. *Id.* 236. The Fourth Circuit held the district court committed clear error in determining that plaintiff's two independent causes of action merged, and reversed as an abuse of discretion the district court's denial of plaintiff's motion to amend the judgment. *Id.* at 238.[4]

---

[4] In the alternative, the Court may treat Prism's motion as a motion for relief from judgment under Rule 60(b). The Federal Rules of Civil Procedure do not make provision for a motion for reconsideration, and, as such, courts will generally entertain such a motion by treating it either as a motion to alter or amend a judgment pursuant to Rule 59(e) or as a motion for relief from judgment pursuant to Rule 60(b). *Joeckel v. Collector of Internal Revenue*, No. 4:CV95-3016, 1996 WL 858479, at *4 (D. Neb. Nov. 26, 1996); *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2016 WL 4487734, at *1–2 (D. Neb. Aug. 25, 2016). However, both Rules are analyzed under the same substantive standard. *See, e.g.*, *Ribeiro*, 2016 WL 4487734, at *2 ("Rule 59(e) and Rule 60(b)(2) are analyzed identically.") Here, Prism's allegations demonstrate that the 2017 Judgment is premised on mistake and a fundamental error in the application of the *T-Mobile* Decision to the Sprint Claims. Thus, relief from the 2017 Judgment is equally appropriate pursuant to Rule 60(b)(1) and (6).

10

Here, this Court's ruling that there is an overlap between the Sprint Claims and those addressed in the *T-Mobile* Decision is similarly based on a fundamental error regarding the asserted claims and the legal effect of the *T-Mobile* Decision, and necessitates a corrective amendment of the 2017 Judgment. *Id.* at 236 (finding amendment under Rule 59(e) appropriate where "there [was] no question" that if the district judge's ruling regarding the merger of two claims was incorrect, he should have ruled on both claims). This clear error resulted in manifest injustice and prejudice to Prism, which is being deprived of its jury verdict against Sprint based on a ruling that does not apply to the claims the jury found Sprint infringes.

  A. <u>The 2017 Judgment Must be Amended or Vacated to Correct Clear Error and Prevent Manifest Injustice</u>

This Court's ruling in the 2017 Judgment that the patent claims at issue in this case are same as those the Federal Circuit held ineligible in the *T-Mobile* Decision is clear error. The following undisputed facts, which the 2017 Judgment does not address, confirm that the Sprint Claims were not (and could not have been) addressed by the *T-Mobile* Decision.

*First*, it is undisputed T-Mobile asserted § 101 only as an affirmative defense, not as a counterclaim. There is a fundamental difference between an affirmative defense of invalidity, which is tied to the claim of infringement, and a counterclaim of invalidity, which is independent from the claim of infringement. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93-94 (1993) (finding that affirmative defense of invalidity, unlike a counterclaim, does not survive a finding of non-infringement). The Supreme Court in *Cardinal Chem.* distinguished an affirmative defense of invalidity from a counterclaim of invalidity. *Id.* In particular, the Supreme Court in *Cardinal Chem.* noted that while a finding of non-infringement might render an affirmative defense of invalidity moot, it does not render an invalidity claim or counterclaim moot. *Id.* at 93-94 ("An unnecessary ruling on an affirmative defense is not the same as the

11

necessary resolution of a counterclaim for a declaratory judgment"); *Ariosa Diagnostics v. ISIS Innovation Ltd*, IPR2012-00022 (MPT), 2013 WL 2181162, at *4 (P.T.A.B. Feb. 12, 2013) ("Thus, it is clear from *Cardinal Chem. Co.* that there is a fundamental difference between an affirmative defense of invalidity and a counterclaim of invalidity. The affirmative defense of invalidity is tied to the claim of infringement, whereas a counterclaim of invalidity is independent from the claim of infringement, which survives a finding of noninfringement."). This distinction is due to the fundamental difference between affirmative defenses and counterclaims, namely that "[a]ffirmative defenses do not themselves support any affirmative relief, but rather they serve to defeat the plaintiff's claims." *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir. 1999) (citation omitted); *Resource Lenders, Inc. v. Source Sols., Inc.*, No. 1:05CV0999OWWLJO, 2005 WL 3525670 (E.D. Cal. Dec. 22, 2005) (same).

The Federal Rules of Civil Procedure carefully distinguish between affirmative defenses and counterclaims. Rule 8(c) describes an affirmative defense as a responsive pleading that constitutes an avoidance of the plaintiff's claim. Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."). By contrast, Rule 13(c) describes a "counterclaim" as a claim for affirmative relief. Fed. R. Civ. P. 8(c) ("A counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party.").

Thus, Federal Circuit could not have considered as part of its § 101 analysis any claims other than those Prism asserted at trial against T-Mobile, which do not include the Sprint Claims. T-Mobile's counsel during oral argument before the Federal Circuit in the *T-Mobile* action, to establish that the Federal Circuit had jurisdiction over its invalidity counterclaims, confirmed all

12

if its invalidity counterclaims merged into affirmative defenses to the claims that went to the jury during the T-Mobile trial.  Martinez Decl., Ex. 2 at Minute 25 Second 38 to Minute 26 Second 7 (T-Mobile counsel stated its invalidity defenses were "identified as affirmative defenses" at the final pretrial conference and did not go to the jury due to the jury's finding of non-infringement of the asserted claims).  Judge Lourie also confirmed that the Federal Circuit would not have jurisdiction to consider any T-Mobile counterclaim relating to invalidity for which there was not a final judgment.  *Id.* at Minute 1 Second 22 through Minute 2 Second 22 (stating the Federal Circuit would not have jurisdiction over an invalidity counterclaim for which there was not a final judgment).

Here, Prism did not assert the Sprint Claims at trial against T-Mobile.  The Federal Circuit, therefore, could not have considered T-Mobile's § 101 affirmative defense to these claims.  Thus, the Federal Circuit lacked jurisdiction to consider any of T-Mobile's affirmative defenses against claims that Prism did not assert at trial against T-Mobile.

*Second*, it is undisputed the claims Prism asserted at trial against Sprint and T-Mobile are different.  The verdict form executed in each case confirms that Prism did not assert the Sprint Claims at trial against T-Mobile.  *Compare* Dkt. No. 647, Sprint Verdict Form *with* Dkt. No. 652-2, T-Mobile Verdict Form.  Thus, because Prism did not assert at trial against T-Mobile the Sprint Claims, they were not part of *T-Mobile* jury verdict or this Court's post-trial rulings, including this Court's denial of T-Mobile's JMOL motion on § 101.

*Third*, the *T-Mobile* Decision itself confirms that it applies only to the claims asserted at trial against T-Mobile.  The Federal Circuit referred to "asserted claims," which, by definition excludes the Sprint Claims because they were not asserted at trial against Sprint.  *T-Mobile* Decision at *2, *3.  Moreover, the *T-Mobile* Decision confirms that the Federal Circuit was

13

reviewing the denial of T-Mobile's JMOL motion. *See id.* at *1 ("T-Mobile cross-appeals the district court's final decision denying its motions for judgments as a matter of law."); *id.* at * 2 (Federal Circuit explaining in the legal standard portion of its decision "we review denial of JMOL motions under regional circuit law—here, the Eighth Circuit.") It is undisputed that this Court's JMOL order only involved the claims asserted at trial against T-Mobile. *Prism Techs., LLC v. T-Mobile USA Inc.*, No. 8:12CV124, 2016 WL 1369349, at *2 (D. Neb. Apr. 6, 2016), *aff'd in part, rev'd in part*, *appeal dismissed*, No. 2016-2031, 2017 WL 2705338 (Fed. Cir. June 23, 2017). There is not one sentence in the *T-Mobile* Decision supporting that it applies to the Sprint Claims, which were not asserted at trial against T-Mobile.

The 2017 Judgment cannot be reconciled with the aforementioned undisputed facts and is, therefore, clear error. In such circumstances, Rules 59(e) permits the Court to reconsider its ruling and alter or vacate its judgment in order to prevent manifest injustice. *Collison*, 34 F.3d at 236 (a court may amend judgment to correct clear error or prevent manifest injustice). Prism prevailed against Sprint at trial and on appeal. Even though the Federal Circuit had issued its Mandate and the only step left was for Sprint to satisfy the judgment against it, the 2017 Judgment set aside the $30 million jury verdict of infringement against Sprint. This Court granted this relief notwithstanding the jury found Sprint liable for infringing patent claims that were **not addressed** in the T-Mobile Decision, and based on a § 101 defense that Sprint did not pursue at trial. This result, which effectuates an extreme injustice to Prism, is based entirely on this Court's misapprehension of the scope of the Federal Circuit's jurisdiction in the *T-Mobile* Order. It is therefore necessary that the Court amend or vacate the 2017 Judgment to correct this clear error.

## IV. CONCLUSION

For the foregoing reasons, Prism requests that the Court alter, amend or vacate the 2017 Judgment, reinstate the 2015 Judgment and reconsider its denial of Prism's motion to enforce the 2015 Judgment in light of its granting of this motion.

Dated: September 1, 2017

Respectfully submitted,

By: *s/ Cristina Martinez*

| | |
|---|---|
| **Koley Jessen P.C., L.L.O.** | **Kramer Levin Naftalis & Frankel LLP** |
| Michael C. Cox, Esq. (17588) | Jonathan S. Caplan, Esq. |
| Daniel J. Fischer, Esq. (22272) | Mark A. Baghdassarian, Esq. |
| 1125 S. 103rd St., Suite 800 | Aaron M. Frankel, Esq. |
| Omaha, NE 68124 | Marcus A. Colucci, Esq. |
| Tel: (402) 390-9500 | Cristina Martinez, Esq. |
| Fax: (402) 390-9005 | Matthew W. Olinzock, Esq. |
| mike.cox@koleyjessen.com | 1177 Avenue of the Americas |
| dan.fischer@koleyjessen.com | New York, NY 10036 |
| | Tel: 212.715.9100 |
| | Fax: 212.715.8000 |
| | jcaplan@kramerlevin.com |
| | mbaghdassarian@kramerlevin.com |
| | afrankel@kramrelevin.com |
| | mcolucci@kramerlevin.com |
| | cmartinez@kramerlevin.com |
| | molinzock@kramerlevin.com |
| | |
| **Prism Technologies LLC** | **Kramer Levin Naftalis & Frankel LLP** |
| André J. Bahou, Esq. | Paul Andre, Esq. |
| Vice President & Chief IP Officer | Lisa Kobialka, Esq. |
| 878 Arlington Heights Dr., Suite 400 | 990 Marsh Road |
| Brentwood, TN 37027 | Menlo Park, CA 94025 |
| Tel: (615) 712-6580 | Tel: 650.752.1700 |
| Fax: (402) 578-1447 | Fax: 650.752.1810 |
| aj.bahou@prsmip.com | pandre@kramerlevin.com |
| | lkobialka@kramerlevin.com |
| | ajariwala@kramerlevin.com |
| | |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |
| *Prism Technologies LLC* | *Prism Technologies LLC* |

**CERTIFICATE OF SERVICE**

  I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 1st day of September 2017.

                *s/ Cristina Martinez*
                Cristina Martinez