IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SPRINT SPECTRUM, L.P. D/B/A SPRINT PCS,<br><br>　　　　　　　Defendant. | Civil Action No. 8:12-cv-123-LES-TDT |

**SPRINT SPECTRUM L.P.'S RESPONSE IN OPPOSITION TO PRISM'S MOTION TO ALTER OR AMEND THE JUDGMENT**

**I.     INTRODUCTION**

The Court should deny Prism Technologies, LLC's Motion to Alter or Amend the Judgment. Prism offers nothing other than recycled arguments from its response to Sprint's Rule 60(b) motion and its briefing on its motion to enforce the 2015 judgment, or supposed evidence that it could have submitted but did not. Rule 59(e) is reserved for newly discovered evidence and cannot be used to "'tender new legal theories, or raise arguments which could have been offered or raised" previously, *Riberio v. Baby Trend, Inc.*, No. 8:12CV204, 2016 WL 4487734, at *2 (D. Neb. 2016) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)), as this Court has previously recognized, *Davis v. Bamford, Inc.*, No. 8:11CV69, 2012 WL 3583184, at *1–2 (D. Neb. 2012) (Strom, J.) (rejecting argument that could have been raised earlier). Accordingly, Prism offers no basis whatsoever for the Court to alter or amend its judgment.[1]

Moreover, Prism raises the same points that it raised in its opposition to Sprint's Rule 60(b) motion and during briefing on Prism's own motion to enforce the earlier judgment, arguments that this Court considered and rejected. The Court already ruled on what the "asserted claims" referred to in the Federal Circuit's *T-Mobile* Decision were. And the Court already considered the verdict form in the Sprint and T-Mobile cases. Prism provides nothing new on these issues.

Finally, Prism previously raised an argument about the difference between affirmative defenses and counterclaims. Prism's argument now about *Cardinal Chemical Co. v. Morton Int'l., Inc.*, 508 U.S. 83 (1993), and the difference between counterclaims and affirmative defenses, is premised on a misunderstanding of the Court's decision. The District Court had jurisdiction over

---

[1] Contrary to Prism's suggestion, Prism's motion does not address every claim at issue in the Court's decision to vacate the 2015 judgment against Sprint. It concerns only two of the four claims at issue in the Court's decision. Prism Mot. at 2 ("Prism asserted at trial against Sprint two claims that it did not assert at trial against T-Mobile").

all claims and defenses when it ruled on T-Mobile's summary judgment and post-trial motions. And those rulings merged into the judgment that the Court entered in that case against Prism. Accordingly, the Court's decisions were properly before the Federal Circuit. The *Cardinal Chemical* line of cases addresses only the situation in which the *Court of Appeals* affirms a finding of noninfringement and confronts a separate decision on patent invalidity. However, the Federal Circuit in *T-Mobile* did not affirm or reach the noninfringement finding—it dismissed Prism's appeal on the noninfringement issue as moot. Thus, notwithstanding that the Court has already considered and rejected Prism's argument, the difference between an affirmative defense and counterclaim is immaterial.

**II.      BACKGROUND**

In *Prism Technologies, LLC v. T-Mobile USA, Inc.*, No. 2016-2031, 2017 WL 2705338 (Fed. Cir. June 23, 2017), the Federal Circuit reversed this Court's ruling that the claims of the '345 and '155 patent are not invalid under § 101. *Id.* at 2–3. At summary judgment, this Court had held that the claims of the '345 and '155 patent were patent eligible under § 101, denying T-Mobile's motion and granting Prism's "motion for summary judgment … of patent eligibility." Mem. & Order, *Prism Techs., LLC v. T-Mobile USA, Inc.*, No. 8:12-cv-00124 (D. Neb. Sept. 22, 2015) (Dkt No. 428 at 8). After trial, T-Mobile renewed its § 101 argument, as part of a Rule 50(b) motion, incorporating its summary judgment motions and stating that "T-Mobile maintains that the claims were ineligible based on the pre-trial summary judgment record alone." T-Mobile USA, Inc.'s Rule 50(b) Brief in Support of its Motion for Judgment as a Matter of Law, *Prism Techs., LLC v. T-Mobile USA, Inc.*, No. 8:12-cv-00124 (D. Neb. Nov. 25, 2015) (Dkt. No 615 at 3, n.1). The Court denied T-Mobile's motion for judgment as a matter of law of patent eligibility, including its request that the Court enter "a declaratory judgment of ineligibility and/or invalidity." *Id.* at 1). On appeal of the Court's § 101 ruling, the Federal Circuit held that the claims at issue are directed

to an abstract idea of "providing restricted access to resources" and require nothing more than generic computer components. *Id.* at 5, 6–8. Accordingly, the court of appeals reversed "the district court on § 101 patent eligibility." *T-Mobile*, 2017 WL 2705338, at *3.

Because the Federal Circuit reversed the Court on invalidity—holding that the claims of the '345 and '155 patents are ineligible for patenting and therefore invalid—the Court of Appeals did not reach Prism's appeal of the determination that T-Mobile does not infringe claims of the '345 and '155 patents. In fact, the Federal Circuit dismissed Prism's appeal of the noninfringement verdict and judgment as moot. *T-Mobile* Decision at 2 ("We … dismiss Prism's appeal as moot."); *id.* at 7 n.2 ("Having concluded that the asserted claims are ineligible under § 101, we dismiss Prism's appeal as moot.").

Shortly before the Federal Circuit's *T-Mobile* Decision, Prism moved the Court in this case to lift the stay and enforce the judgment against Sprint. Sprint opposed. (Dkt. No. 635 at 6). After the *T-Mobile* Decision, Sprint moved for relief from the judgment under Rule 60(b). *Id.* In opposition, Prism argued, among other things, that "at least two of the patent claims at issue in this case were not invalidated by the *T-Mobile* case" and therefore the "*T-Mobile* decision does not apply to this case." (Dkt. No. 635 at 10-11). Prism also argued to the Court that "because T-Mobile asserted § 101 patent ineligibility *only* as an affirmative defense in its answer, **_not_** as a counterclaim," "the only claims over which the Federal Circuit had appellate jurisdiction were the claims Prism asserted against T-Mobile at trial…." (Dkt. No. 632 at 2).

The Court rejected Prism's arguments, holding that the *T-Mobile* Decision collaterally estops Prism's claims against Sprint, and granted Sprint relief from the judgment. Among other things, this Court ruled that the "'asserted claims'" at issue in the Federal Circuit's *T-Mobile* Decision included the claims of the '345 and '155 patents that Prism asserted against Sprint. The

3

Court concluded that it is "clear the 'asserted claims' at issue in the *T-Mobile* case overlap with the patent claims at issue here." (Dkt. No. 635 at 11-12). Accordingly, "[a]ll four" of the claims at issue in the Sprint case "were scrutinized by the Federal Circuit and adjudged to be invalid under 35 U.S.C. § 101." *Id.* at 13. The Court then turned to principles of collateral estoppel and concluded that those principles apply here. It thus found "no just reason why such a judgment" against Sprint "ought to stand when the claims 'are predicated on a nullity' and unenforceable to the rest of the world." *Id.* at 14.

### III.   ARGUMENT

The Court should deny Prism's motion. As an initial matter, Prism's motion is inappropriate under Rule 59(e) because Prism makes arguments that it previously made in opposition to Sprint's Rule 60(b) motion and in its briefing related to its motion to enforce the initial judgment. Statements made during oral argument are not "newly discovered" and are points that Prism could have made previously—but did not. Prism essentially seeks to have the Court re-adjudicate issues that it has already thoroughly considered, for no other reason than Prism disagrees with the Court's decision. Even on the merits, however, Prism's arguments offer no basis for this Court to alter or amend the judgment.

### A.   Prism's Arguments Are Inappropriate Grounds for Rule 59(e) Relief.

Prism's arguments are inappropriate grounds for relief under Rule 59(e). Courts have discretion to reconsider prior orders under Rule 59(e). *Ribeiro*, 2016 WL 4487734, at *1; *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988) ("A district court has broad discretion in determining whether to grant a motion to alter or amend judgment...."). However, a "court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly." *Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to

4

present newly discovered evidence." *Reckley v. Gallup*, 8:17cv16, 2017 WL 1968271, at *1 (D. Neb. May 11, 2017) (citing *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

Given the limited nature of Rule 59(e), this Court has previously explained that a "Rule 59(e) motion to alter or amend a judgment does not allow arguments or evidence to be presented after judgment when the argument or evidence could have been presented earlier." *Davis v. Bamford, Inc.*, No. 8:11CV69, 2012 WL 3583184, at *1 (D. Neb. Aug. 20, 2012) (quoting *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 1003 n.4 (8th Cir. 2003) (citations omitted)). "'A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment.'" *Id.* (quoting *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993)). In its motion, Prism presents nothing more than arguments that it previously raised—and this Court rejected—or evidence or theories that it could have presented but did not. Accordingly, nothing in Prism's motion could entitle it to relief under Rule 59(e).

Prism makes three arguments in support of its Rule 59(e) motion: (1) that T-Mobile raised § 101 as an affirmative defense, not a counterclaim, (2) that the verdict in the Sprint and T-Mobile cases shows that two of the claims in the Sprint case were not involved in the T-Mobile trial, and (3) that the "asserted claims" discussed by the Federal Circuit in the *T-Mobile* Decision referred to only those claims that were ultimately submitted to the jury in the T-Mobile case. Prism Mot. at 13. All of these arguments were previously made by Prism in opposition to Sprint's 60(b) motion and in connection with Prism's motion to enforce the initial judgment. This Court's Memorandum Opinion specifically addresses "what the 'asserted claims' were at issue in the *T-Mobile* case," (Dkt. No. 635 at 11), and concluded that the "Federal Circuit would then have determined that the

5

'asserted claims' which were invalidated were those referenced above in T-Mobile's brief in support of its motion for summary judgment of patent ineligibility." *Id.* at 12–13. With regard to Prism's first argument, Prism references statements during oral argument in *T-Mobile* in support of its contention that T-Mobile's challenge was an affirmative defense or counterclaim. However, what the Federal Circuit panel members said during oral argument could have been presented before this Court's ruling. Accordingly, Prism presents nothing that could merit relief under Rule 59(e).

### B. Even on the Merits, Prism's Arguments Are Wholly Unavailing.

Even if the Court reaches the merits of Prism's arguments, Prism has offered nothing that could disturb the Court's decision to vacate the previous 2015 judgment against Sprint. Prism's primary argument is that T-Mobile's § 101 issue was raised as only an affirmative defense, rather than a counterclaim, and that this distinction means that the Federal Circuit's *T-Mobile* decision could address only those claims Prism asserted at trial against T-Mobile, and not the two additional claims at issue in the Sprint case. Prism Mot. at 11–12. Prism's arguments do not withstand scrutiny.

Prism made this argument in connection with its briefing on Sprint's 60(b) motion and Prism's motion to enforce the 2015 judgment. *See* Dkt. No. 632 at 2 ("T-Mobile asserted § 101 patent ineligibility ***only*** as an affirmative defense in its answer, ***not*** as a counterclaim.") (emphasis in original). The Court considered this argument when it issued its opinion vacating the 2015 judgment. *See* Dkt. No. 635 at 2 n.1, 9, 11, 13. The Court correctly did not adopt Prism's erroneous argument.

Prism focuses on the distinction between affirmative defenses and counterclaims, but fails to provide any authority to suggest that the Federal Circuit could not address the full scope of the district court's § 101 rulings at summary judgment or post-trial in T-Mobile. The district court

*granted* summary judgment to Prism on patent eligibility under § 101 at the same time that it denied T-Mobile's summary judgment motion. Mem. & Order, *Prism Techs., Inc. v. T-Mobile USA, Inc.*, No. 8:12-cv-124 (D. Neb. Sept. 22, 2015) (Dkt. No. 428 at 8) ("Plaintiff's motion for summary judgment … of patent eligibility is granted."). Accordingly, the district court's summary judgment order—which addressed all claims of the '345 and '155 patents—was properly before the Federal Circuit.

As the Federal Circuit has explained, an "order *granting* a judgment on certain issues is a judgment on those issues." *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 (Fed. Cir. 1986) (emphasis in original). Thus, the "grant of partial summary judgment 'from which no immediate appeal lies' is 'merged' into the final judgment and reviewable on appeal from that judgment." *Granite Mgmt. Corp. v. U.S.*, 416 F.3d 1373, 1379 (Fed. Cir. 2005) (quoting *Glaros*, 797 F.2d at 1573); *see also Fifth Third Bank of W. Ohio v. U.S.*, 402 F.3d 1221, 1236 (Fed. Cir. 2005) (holding that "earlier order granting partial summary judgment as to some damages claims was not an appealable judgment when entered, but when the trial court entered final judgment …, the earlier disposition merged into the final judgment and is reviewable."). Accordingly, T-Mobile's notice of appeal from the judgment in that case, which explicitly included the Court's summary judgment ruling, put the Court's § 101 summary judgment ruling before the Federal Circuit. Indeed, because an "order *granting* a judgment on certain issues is a judgment on those issues," *Glaros*, 797 F.2d at 1573, there was nothing left on the § 101 issue for trial and any narrowing for trial could not affect the § 101 challenge.

Additionally, the Federal Circuit has said that a "denial of a motion for summary judgment may be appealed, even after a final judgment at trial, if the motion involved a purely legal question and the factual disputes resolved at trial do not affect the resolution of that legal question." *United*

7

*Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1344 (Fed. Cir. 1999). Here, patent eligibility under § 101 is a pure question of law, *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015) ("Patent eligibility under § 101 is an issue of law …."), and therefore the Court's § 101 summary judgment order was properly before the Federal Circuit.

Even if viewed through T-Mobile's post-trial motion for judgment as a matter of law, all patent claims addressed in T-Mobile's summary judgment motion were properly before the Federal Circuit. T-Mobile's Motion for Judgment as a Matter of Law specifically requested that the Court enter a "declaratory judgment of ineligibility and/or invalidity," T-Mobile USA, Inc.'s Rule 50(b) Brief in Support of its Motion for Judgment as a Matter of Law, *T-Mobile USA, Inc. v. Prism Techs., Inc.*, No. 8:12-cv-00124 (D. Neb. Nov. 25, 2015) (Dkt. No. 615 at 1), consistent with T-Mobile's counterclaims for declaratory judgment of patent invalidity. Those counterclaims requested a declaration that all claims of the '345 and '155 patents "are invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code." T-Mobile USA Inc.'s Answer, Affirmative Defenses and Counterclaim to Prism Technologies LLC's Second Amended Compl., *T-Mobile USA, Inc. v. Prism Techs. LLC*, No. 8:12-cv-00124 (D. Neb. Mar. 18, 2013) (Dkt. No. 91 at ¶ 34) ("T-Mobile Answer & Counterclaims").[2] Accordingly, Prism is wrong that two of the four claims at issue in the Sprint case were not at issue in *T-Mobile*.

---

[2] Prism contends that T-Mobile did not plead § 101 patent ineligibility as a counterclaim. Prism Br. 5. But the mere fact that T-Mobile did not explicitly reference § 101 does nothing to diminish the fact that T-Mobile pled a counterclaim of patent ineligibility under § 101. T-Mobile's counterclaims specifically request a declaration that the patents fail "one or more conditions of patentability set forth in Title 35" of the United States Code, which includes § 101. T-Mobile Answer & Counterclaim ¶¶ 42, 50. Moreover, T-Mobile's counterclaims incorporated by reference its other allegations, including the allegation that the patents fail to satisfy the "conditions for patentability set forth in Title 35, United States Code § 101 et seq." *Id.* at ¶ 98.

8

Prism cites to statements made by the Federal Circuit panel in *T-Mobile*, but those statements are inapposite. By their terms, those statements related to T-Mobile's § 102 and 103 defenses. Indeed, because the Court had already granted summary judgment to Prism on the § 101 issue, that issue could not have proceeded to trial or been the subject of any narrowing at trial.

Prism cites the *Cardinal Chemical* line of cases and the distinction between counterclaims and affirmative defenses in that context, Prism Br. 11–12, but that line of cases is inapposite. The issue in *Cardinal Chemical* was the Federal Circuit's practice of vacating decisions on patent validity following a determination of noninfringement. *Cardinal Chemical Co.*, 508 U.S. at 89–90. The Supreme Court explained that the issue before the Court "concern[ed] the jurisdiction of an intermediate appellate court—not the jurisdiction of either a trial court or . . . " the Supreme Court. *Id.* at 95. And according to that line of cases, when the *Court of Appeals* affirms a finding of noninfringement (or the noninfringement finding was not appealed), the Court of Appeals may address the issue of invalidity only if there is a counterclaim. *Id.* at 96.[3]

Here, however, the Federal Circuit did not affirm the noninfringement finding. Rather, it confronted Prism's appeal on noninfringement and T-Mobile's appeal of the § 101 ruling. The Court of Appeals reversed on § 101 and then dismissed Prism's appeal as moot, never addressing the issue of noninfringement. Nothing in the *Cardinal Chemical* line of cases suggests that the Federal Circuit lacked authority to review the full scope of the district court's § 101 ruling.

To the extent that Prism suggests that T-Mobile needed a counterclaim before the district court in order to expand the scope of patents at issue during the T-Mobile trial, Prism is off base yet again. *First*, T-Mobile did have counterclaims that the '345 and '155 patents were patent

---

[3] *Electrical Fittings* dealt with a successful defendant's appeal seeking a reversal of a ruling on an affirmative defense of invalidity. *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939). The patentee did not appeal the noninfringement finding. Even then, the Supreme Court concluded that the court of appeals had jurisdiction to vacate the unnecessary validity determination when the noninfringement finding was undisturbed.

9

ineligible under § 101, and asked the district court to make a declaratory ruling on that after trial. *See supra*, 8 and n.2. *Second*, the Court's grant of summary judgment to Prism on patent eligibility was a judgment on those issues that concluded the matter. *Glaros*, 797 F.2d at 1573. There was nothing left to narrow on that issue.

As for Prism's arguments about what the Federal Circuit meant by "asserted claims" in the *T-Mobile* decision, or the difference between verdict forms at the Sprint and T-Mobile trial, this Court has already addressed those issues as well. Prism offers no new evidence that could disturb those findings.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Prism's motion to alter or amend the judgment.

Dated: September 15, 2017

Respectfully submitted,

By: s/ Michael T. Hilgers
Michael J. Bettinger (admitted *pro hac vice*)
Irene Yang (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415)772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Michael T. Hilgers (#24483)
Carrie S. Dolton (#24221)
HILGERS Graben
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone: 402.218.2106
Facsimile: 877.437.5755
mhilgers@hilgersgraben.com
cdolton@hilgersgraben.com

*Attorneys for Defendant Sprint Spectrum L.P.*

12

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have consented to electronic service.

                                                s/ Michael T. Hilgers
                                                Michael T. Hilgers