# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPRINT SPECTRUM L.P. D/B/A SPRINT PCS<br><br>　　　　Defendant. | Civil Action No. 8:12-cv-123-LES-TDT |

**PLAINTIFF PRISM TECHNOLOGIES, LLC'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO
<u>ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. RULE 59(e) AUTHORIZES DISTRICT COURTS TO RECONSIDER AND CORRECT PRIOR ORDERS THAT ARE PREMISED ON CLEAR ERROR ........................................................................................................3

III. SPRINT FAILED TO REBUT THAT THE FEDERAL CIRCUIT LACKED JURISDICTION TO CONSIDER § 101 AGAINST THE SPRINT CLAIMS........................................................................................................6

    A. The Sprint Claims Were Not Before the Federal Circuit in the T-Mobile Appeal Based on the T-Mobile SJ Order ....................................................8

    B. The Sprint Claims Were Not Before the Federal Circuit in the T-Mobile Appeal Based on T-Mobile's Declaratory Judgment Counterclaims ...................................................................................................11

IV. CONCLUSION...................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*,
  841 F.3d 1334 (Fed. Cir. 2016)...................................................................................................11

*Ariosa Diagnostics v. Isis Innovation Ltd.*,
  IRP2012-00022, 2013 WL 2181162 (P.T.A.B. Feb. 12, 2013).................................................7

*Cardinal Chem. Co. v. Morton Int'l*,
  508 U.S. 83 (1993)................................................................................................................. 6-7

*Collison v. Int'l Chem. Workers Union, Local 217*,
  34 F.3d 233 (4th Cir. 1994) ........................................................................................................5

*Davis v. Bamford, Inc.*,
  No. 8:11CV69, 2012 WL 3583184 (D. Neb. Aug. 20, 2012)..............................................5 n.4

*Duran v. Town of Cicero, Ill.*,
  653 F.3d 632 (7th Cir. 2011) ......................................................................................................5

*Fifth Third Bank of W. Ohio v. United States*,
  402 F.3d 1221 (2005), *aff'd*, 518 F.3d 1368 (Fed.Cir. 2008) .....................................................9

*Flynn v. Terrebonne Par. Sch. Bd.*,
  348 F. Supp. 2d 769 (E.D. La. 2004) .........................................................................................4

*Glaros v. H.H. Robertson Co.*,
  797 F.2d 1564 (Fed. Cir. 1986)...................................................................................................9

*Granite Mgmt. Corp. v. United States*,
  416 F.3d 1373 (2005), *aff'd*, 511 F.3rd 1360 (Fed. Cir. 2008)............................................9 n.5

*Hagerman v. Yukon Energy Corp.*,
  839 F.2d 407 (8th Cir. 1988) ...............................................................................................5 n.4

*Ira Green, Inc. v. Military Sales & Serv. Co.*,
  775 F.3d 12 (1st Cir. 2014).........................................................................................................5

*Mintz v. Dietz & Watson, Inc.*,
  679 F.3d 1372 (Fed. Cir. 2012).................................................................................................11

*Prism Techs., LLC v. T-Mobile USA, Inc.*,
  No. 8:12CV124, 2015 WL 6161790 (D. Neb. Sept. 22, 2015) ....................................... *passim*

*Prism Techs., LLC v. T-Mobile USA Inc.*,
 No. 8:12CV124, 2016 WL 1369349 (D. Neb. Apr. 6, 2016), *aff'd in part,
 rev'd in part, appeal dismissed*, No. 2016-2031, 2017 WL 2705338 (Fed. Cir.
 June 23, 2017) ........................................................................................................10, 10 n.6

*Reckley v. Gallup*,
 No. 8:17CV16, 2017 WL 1968271 (D. Neb. May 11, 2017) .......................................................4

*Resource Lenders, Inc. v. Source Sols., Inc.*,
 No. 1:05CV0999OWWLJO, 2005 WL 3525670 (E.D. Cal. Dec. 22, 2005) ............................7

*Ribeiro v. Baby Trend, Inc.*,
 No. 8:12CV204, 2016 WL 4487734 (D. Neb. Aug. 25, 2016) ....................................................4

*Starter Corp. v. Converse, Inc.*,
 170 F.3d 286 (2d. Cir. 1999) .........................................................................................................7

*Teva Pharms. USA, Inc. v. Sandoz, Inc.*,
 135 S. Ct. 831 (2015) ..................................................................................................................11

*United Techs. Corp. v. Chromalloy Gas Turbine Corp.*,
 189 F.3d 1338 (1999) , *aff'd*, 30 F. App'x 980 (Fed. Cir. 2002) ...............................................9

**Statutes**

35 U.S.C. § 101................................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 59(e) ........................................................................................................ *passim*

Fed. R. Civ. P. 60(b) ...........................................................................................................3 n.3, 5

Plaintiff Prism Technologies, LLC ("Prism") submits this reply brief in further support of its motion under Fed. R. Civ. P. 59(e) and/or 60(b) to alter, amend or vacate the Court's Order and Judgment entered on August 8, 2017 (Dkt. Nos. 635 and 636, the "2017 Judgment").

## I.   INTRODUCTION

Sprint failed to rebut in its opposition brief that the 2017 Judgment is premised on clear error and, as a result, Prism's motion requesting the Court to alter, amend or vacate the 2017 Judgment should be granted in order to prevent manifest injustice to Prism.

Sprint's primary response to Prism's motion is a refrain that the Court already considered Prism's argument that the *T-Mobile* Decision did not address two claims Prism successfully asserted at trial against Sprint—i.e., Claim 33 of the '345 Patent and Claim 7 of the '155 Patent (the "Sprint Claims"). This response, however, ignores the very point of Prism's motion—namely, that this Court's ruling is based on a fundamental error regarding the Sprint Claims and the legal effect of the *T-Mobile* Decision, and necessitates a corrective amendment of the 2017 Judgment. In cases of clear error, there is no requirement that a party present new evidence, as Sprint seems to suggest. Rather, Rule 59(e) expressly authorizes a district court to reconsider its ruling in light of previously submitted evidence and argument, and to amend its judgment where it recognizes an error. Here, the undisputed procedural posture of the claims and affirmative defenses before the Federal Circuit in the *T-Mobile* appeal, as well as the *T-Mobile* Decision itself, confirm that the Federal Circuit lacked jurisdiction to consider the Sprint Claims, which were not asserted at trial against T-Mobile or part of this Court's post-trial rulings. Thus, the Court may properly exercise its considerable discretion under Rule 59(e) to correct the alter, amend or vacate the 2017 Judgment, which is predicated on clear error.

Sprint's secondary arguments, which are premised on this Court's summary judgment order and T-Mobile's declaratory judgment counterclaims in the *T-Mobile* Action[1] are plainly incorrect and a distortion of T-Mobile's pleadings and procedural posture on appeal. *First*, there is no support that the *T-Mobile* SJ Order[2] was before the Federal Circuit, as Sprint incorrectly contends. As explained in Prism's opening brief, and Sprint does not dispute in its response, there is not one sentence in the *T-Mobile* Decision supporting that the Federal Circuit reversed the *T-Mobile* SJ Order or that the *T-Mobile* Decision applies to the Sprint Claims, which were not asserted at trial against T-Mobile. Rather, it remains undisputed that the *T-Mobile* Decision refers only to (i) the "asserted claims," which, by definition excludes the Sprint Claims because they were not asserted at trial against Sprint; and (ii) the Federal Circuit's review of this Court's post-trial order denying T-Mobile's JMOL motion, which only involved the claims asserted at trial against T-Mobile. Thus, the *T-Mobile* SJ Order was not reversed by the *T-Mobile* Decision.

*Second*, Sprint misrepresents T-Mobile's declaratory judgment counterclaims to suggest that they somehow brought the Sprint Claims before the Federal Circuit on the *T-Mobile* appeal. Sprint's sole support for its argument is that T-Mobile mentioned its declaratory judgment counterclaim in its post-trial motion for judgment as a matter of law—***which was undisputedly limited to the claims asserted at trial against T-Mobile, and did <u>not</u> include the Sprint Claims.*** T-Mobile Action, Dkt. No. 615 ("*T-Mobile* JMOL Motion") at 3-9. Sprint's argument that T-Mobile's post-trial JMOL Motion somehow encompassed a request for a declaratory judgment of

---

[1] The "*T-Mobile* Action" as used herein refers to the matter *Prism Techs., LLC v. T-Mobile USA, Inc.*, Civ. A. No. 8:12-cv-124-LES-TDT (D. Neb.).

[2] The "*T-Mobile* SJ Order" as used herein refers to this Court's order denying T-Mobile's motion for summary judgment, and granting Prism's cross-motion for summary judgment, that the claims of the '345 and '155 Patents are patent eligible under § 101. *Prism Techs., LLC v. T-Mobile USA, Inc.*, No. 8:12CV124, 2015 WL 6161790, at *3 (D. Neb. Sept. 22, 2015).

patent-ineligibility under 35 U.S.C. § 101 against claims that *were not part of the trial* defies logic. Sprint is grasping at straws to refer to any T-Mobile document even vaguely referring to patent ineligibility, regardless of how specious Sprint's resulting argument becomes.

Sprint looks everywhere except the undisputed bases that confirm the Federal Circuit's sources jurisdiction—namely: (i) the claims asserted at trial against *T-Mobile*, which do not include the Sprint Claims; (ii) the Federal Circuit's statements in the *T-Mobile* Decision, which refer only to the T-Mobile asserted claims and *T-Mobile* JMOL Order, neither of which include the Sprint Claims; and (iii) statements by the Federal Circuit and T-Mobile's counsel during oral argument, which confirm the Federal Circuit did not have jurisdiction to consider an affirmative defense of patent ineligibility against claims, like the Sprint Claims, that were not asserted at trial against T-Mobile.

For these reasons, Prism requests the Court alter, amend or vacate the 2017 Judgment, reinstate the 2015 Judgment, and reconsider its denial of Prism's motion to enforce the 2015 Judgment in light of its granting of this motion.

## II. RULE 59(e) AUTHORIZES DISTRICT COURTS TO RECONSIDER AND CORRECT PRIOR ORDERS THAT ARE PREMISED ON CLEAR ERROR

Sprint's assertion that Prism's motion is inappropriate under Rule 59(e) flies in face of governing precedent and every case Sprint cites, all of which recognize that a district court may properly alter or amend under Rule 59(e) its prior judgment in order to correct a clear error or prevent manifest injustice.[3]

Sprint repeats a refrain that relief under Rule 59(e) is inappropriate because Prism previously raised each of its supporting arguments in prior briefing. Sprint Opp. Br., Dkt. No.

---

[3] Sprint did not argue that Prism's request for relief from judgment under Fed. R. Civ. P. 60(b) is procedurally improper. *See* Prism Br. in Support of Motion to Alter, Amend or Vacate the Judgment, Dkt. No. 638 ("Prism Br.") at 10 n.4. Thus, relief from the 2017 Judgment may properly be afforded under Rule 60(b).

3

640 ("Sprint Opp.") at 4-5. This argument, however, proves that Prism's requested relief is entirely appropriate under Rule 59(e). Prism is not raising new arguments for the first time that it could have raised earlier. To the contrary, Prism is requesting that the Court reconsider Prism's arguments and the record evidence that identify the clear error underlying the 2017 Judgment.

Every case Sprint cites recognizes that Rule 59(e) authorizes relief to correct clear error of fact or law <u>*or*</u> where new evidence is discovered. *See, e.g.*, *Flynn v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) ("Courts in this district hold that a moving party must satisfy ***at least one of the following criteria*** to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; *or* (4) the motion is justified by an intervening change in the controlling law.") (citations omitted) (emphasis added); *Reckley v. Gallup*, No. 8:17CV16, 2017 WL 1968271, at *1 (D. Neb. May 11, 2017) ("Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact <u>*or*</u> to present newly discovered evidence) (emphasis added). Sprint does not cite a single case in which a court required new evidence in cases in which, as here, relief from judgment is based on a district court's clear error. *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2016 WL 4487734, at *1 (D. Neb. Aug. 25, 2016) (no allegation of clear error, but rather discovery of new evidence); *Reckley*, 2017 WL 1968271, at *1 (same); *Flynn*, 348 F. Supp. 2d at 772 (considering party's request for relief under Rule 59(e) based on clear error without requiring new or previously unavailable evidence and arguments).

Indeed, such a requirement is nonsensical, as the purpose of a reconsideration motion under Rule 59(e) is to allow a district court to correct its misapprehension of fact or law that

4

resulted in an erroneous judgment. As explained in Prism's moving brief (Dkt. No. 638 at 9-10), relief should be afforded under Rule 59(e) where, as here, the court misunderstood the operative facts regarding and legal effect of a ruling on the causes of action asserted. *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994) (reversing denial of Rule 59(e) motion where judgment premised on clear error); *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 639, 642 (7th Cir. 2011) (granting motion to amend judgment to correct "glaring double-recovery problem in the judgment" and manifest error in law resulting from "fundamental missteps in the way these claims were submitted to the jury"); *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014) (finding district court properly amended judgment under Rule 59(e) where judgment had been "plainly wrong" regarding which party prevailed on a claim). Here, this Court's ruling that there is an overlap between the Sprint Claims and those addressed in the *T-Mobile* Decision is similarly based on a fundamental error regarding the asserted claims and the legal effect of the *T-Mobile* Decision, and necessitates a corrective amendment of the 2017 Judgment.

Sprint takes issue with the fact that Prism cited in its moving brief portions of the transcript of the oral argument before the Federal Circuit during the *T-Mobile* appeal. Sprint Opp. at 6. However, unlike the cases Sprint cites,[4] this transcript further supports the same clear error Prism identified in its prior briefing in opposition to Sprint's Rule 60(b) motion and in

---

[4] Sprint cites cases where, unlike here, a party attempted to introduce in a Rule 59(e) motion entirely new arguments and supporting evidence that were available prior to the judgment from which relief was requested. *See Davis v. Bamford, Inc.*, No. 8:11CV69, 2012 WL 3583184, at *2 (D. Neb. Aug. 20, 2012) (denying Rule 59(e) motion where, unlike here, defendants raised "an entirely new argument" that could have been raised prior to judgment); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988) (denying Rule 59(e) relief where party did not allege clear error, but submitted an entirely new argument and supporting affidavit that were available prior to the judgment). As explained above, Prism is not presenting a new argument, but rather requesting the Court reconsider its ruling regarding the 2017 Judgment based on the clear error Prism identified in its prior briefing.

5

support of its motion to enforce the 2015 Judgment. In particular, the oral argument transcript confirms Prism's argument that the *T-Mobile* Decision does not apply to the Sprint Claims, and supports each of the undisputed facts Prism previously identified to the Court, namely: (i) that T-Mobile raised § 101 only as affirmative defense, not a counterclaim; (ii) that the *Sprint* and *T-Mobile* verdicts forms confirm that Prism did not assert the Sprint Claims at trial against T-Mobile; and (iii) the *T-Mobile* Decision itself confirms that it only applies to the claims asserted at trial against T-Mobile by only referring to the "asserted claims" and the denial of T-Mobile's JMOL motion, both of which necessarily exclude the Sprint Claims. Prism Br. at 13-14. Sprint concedes that each of these undisputed facts and corresponding arguments was "previously made by Prism." Sprint Opp. at 5. Thus, Prism's motion under Rule 59(e) is entirely appropriate.

### III. SPRINT FAILED TO REBUT THAT THE FEDERAL CIRCUIT LACKED JURISDICTION TO CONSIDER § 101 AGAINST THE SPRINT CLAIMS

It remains undisputed that T-Mobile asserted § 101 patent ineligibility *only* as an affirmative defense, not a counterclaim, and as a result the Federal Circuit lacked jurisdiction to consider § 101 against the Sprint Claims in connection with the *T-Mobile* appeal. Sprint's opposition brief attempts to side-step this dispositive jurisdictional issue. Because Sprint lacks a substantive response, Sprint dismisses as "inapposite" statements by the ***reviewing Federal Circuit judges and T-Mobile's own counsel*** regarding the jurisdictional basis of T-Mobile's appeal, as well ***Supreme Court precedent differentiating between affirmative defenses and counterclaims***. Sprint Br. at 9. Sprint cannot, however, avoid the consequences of these undisputed facts, which confirm that the *T-Mobile* Decision does not apply to the Sprint Claims.

As explained in Prism's moving brief, T-Mobile could not have asserted a § 101 affirmative defense against claims Prism did not assert against it at trial. The Supreme Court in *Cardinal Chem. Co. v. Morton Int'l* emphasized that there is a fundamental difference between

6

an affirmative defense of invalidity, which is tied to the claim of infringement, and a counterclaim of invalidity, which is independent from the claim of infringement. 508 U.S. 83, 93-94 (1993); *Ariosa Diagnostics v. Isis Innovation Ltd.*, IRP2012-00022 (MPT), 2013 WL 2181162, at *4 (P.T.A.B. Feb. 12, 2013). An affirmative defense can only defeat asserted claims, but cannot support affirmative relief. *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d. Cir. 1999); *Resource Lenders, Inc. v. Source Sols., Inc.*, No. 1:05CV0999OWWLJO, 2005 WL 3525670 (E.D. Cal. Dec. 22, 2005) (same). Thus, T-Mobile's § 101 affirmative defense necessarily only applied to the claims T-Mobile asserted at trial, and T-Mobile's JMOL Motion and subsequent appeal thereof are likewise limited.

T-Mobile's own counsel during oral argument before the Federal Circuit recognized that jurisdiction to present its cross-appeal arguments to the Federal Circuit depended upon its invalidity counterclaims merging into affirmative defenses to the claims asserted at trial that went to the jury. Dkt. No. 639-2, Martinez Decl., Ex. 2 at Minute 25 Second 38 to Minute 26 Second 7 (T-Mobile counsel stated its invalidity defenses were "identified as affirmative defenses" at the final pretrial conference and did not go to the jury due to the jury's finding of non-infringement of the asserted claims). Judge Lourie also confirmed that the Federal Circuit would not have jurisdiction to consider any T-Mobile counterclaim relating to invalidity for which there was not a final judgment. *Id.* at Minute 1 Second 22 through Minute 2 Second 22 (stating the Federal Circuit would not have jurisdiction over an invalidity counterclaim for which there was not a final judgment). These statements confirm the Federal Circuit lacked jurisdiction to consider the Sprint Claims, and are anything but "inapposite" as Sprint incorrectly contends.

Sprint fails to rebut that T-Mobile's § 101 affirmative defense was limited to the claims asserted at trial against T-Mobile and do not include the Sprint Claims. Rather, Sprint argues

7

that all claims of the '345 and '155 Patents were somehow before the Federal Circuit based on the *T-Mobile* SJ Order and T-Mobile's declaratory judgment counterclaims. Interestingly, although Sprint argues that it is inappropriate for a party to raise in a Rule 59(e) motion arguments that could have been previously raised, it is Sprint (not Prism) that advances arguments in its opposition brief that it could have, but did not, previously raise. In any event, both of Sprint's arguments lack merit.

### A.  The Sprint Claims Were Not Before the Federal Circuit in the *T-Mobile* Appeal Based on the *T-Mobile* SJ Order

Sprint failed to identify a single fact from the *T-Mobile* Decision, the Federal Circuit oral argument, or T-Mobile's post-trial briefing supporting its incorrect argument that the *T-Mobile* SJ Order was before the Federal Circuit.

As explained in Prism's opening brief, and Sprint does not dispute in its response, the *T-Mobile* Decision repeatedly confirms that it applies only to the claims asserted at trial against T-Mobile, as evidenced by *every sentence* in which the Federal Circuit discussed the basis of its jurisdiction, the claims at issue or the standard of review applied. For example, the Federal Circuit explicitly identified the basis of T-Mobile's cross-appeal as relating to "the district court's final decision denying its motions for judgment as a matter of law." *T-Mobile* Decision at *1. T-Mobile's JMOL Motion involved *only* the claims Prism asserted at trial against T-Mobile, which did not include the Sprint Claims. *T-Mobile* JMOL Motion at 3-9. Also, the Federal Circuit's only statement regarding the legal standard it applied to T-Mobile's cross-appeal was that it "review[ed] denial of JMOL motions under regional circuit law—here, the Eighth Circuit." *T-Mobile* Decision at *2. The Federal Circuit did not mention what legal standard it would apply if it were reviewing the District Court's *T-Mobile* SJ Order. Finally, the

Federal Circuit repeatedly refers in its analysis to the "asserted claims," which undisputedly do not include the Sprint Claims. *Id.* at *2, *3.

Without factual support from the record to support its argument, Sprint resorts to citing case law setting forth the circumstances in which a party may appeal the grant or denial of a summary judgment order. Sprint Opp. at 7. In every case Sprint cites, however, the appealing party specifically appealed the summary judgment order at issue. *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 (Fed. Cir. 1986) (party appealing denial of summary judgment order); *Fifth Third Bank of W. Ohio v. United States*, 402 F.3d 1221, 1236 (2005), *aff'd*, 518 F.3d 1368 (Fed.Cir. 2008) (noting the appealing party specifically appealed "one aspect" of the district court's prior summary judgment order regarding rejection of an expectation damages model); *United Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1344 (1999), *aff'd*, 30 F. App'x 980 (Fed. Cir. 2002) (party specifically appealed denial of summary judgment order predicated on res judicata).[5]

The unremarkable proposition that a party may, in certain circumstances, appeal a summary judgment decision does not change the fact that the Federal Circuit *in this case* was reviewing the denial of *T-Mobile's* JMOL Motion, not the *T-Mobile* SJ Order. There is not one sentence in the *T-Mobile* Decision supporting that the Federal Circuit reversed the *T-Mobile* SJ Order—whether it be a statement of the Federal Circuit's jurisdiction to review such an order, the legal standard applied to appellate review of a summary judgment order, or identification and analysis of the differences between the claims at issue in the *T-Mobile* SJ Order and those

---

[5] Sprint's cites the inapposite case of *Granite Mgmt. Corp. v. United States*, 416 F.3d 1373, 1379 (2005), *aff'd*, 511 F.3d 1360 (Fed. Cir. 2008), which addressed an issue not implicated in this motion, namely whether a party may seek to change a judgment without filing a cross-appeal.

9

asserted at trial against T-Mobile and subject to the *T-Mobile* JMOL Order.[6] Under Sprint's incorrect reasoning, the Federal Circuit found patent ineligible seventeen separate patent claims of the '345 and '155 Patents without so much as a word mentioning that it intended to do so. This is an error, and the 2017 Judgment should be altered, amended or vacated as premised on clear error to the extent it applied the *T-Mobile* Decision to the Sprint Claims based on the *T-Mobile* SJ Order.

Sprint also claims that patent eligibility is a pure question of law. Sprint Opp. at 7. However, although patent eligibility is a question of law, a district court must make underlying factual findings to support its determination. Here, this Court based its finding in the *T-Mobile* SJ Order that the patent claims are patent eligible, in part, on its evaluation of the factual evidence and expert opinion Prism offered. *T-Mobile* SJ Order at *3 ("After reviewing the claims, evidence, and various arguments, the Court finds that asserted claims do include inventive concepts to ensure that patents in practice are more than just patents on restricting access to resources."). In denying T-Mobile's JMOL Motion, this Court again considered the factual evidence presented at trial and concluded it did not change its decision regarding the patent eligibility of the asserted claims. *T-Mobile* JMOL Order at *2 ("No new evidence was presented at trial to make the Court change its decision from the previous orders.").

Following the *T-Mobile* Decision, Prism filed a petition for panel rehearing and petition for rehearing en banc, and intends to file a petition for *writ of certiorari*, arguing that an appellate court must apply a clear error standard of review to a district court's underling factual findings regarding patent eligibility under § 101 in accordance with the Supreme Court's

---

[6] The "*T-Mobile* JMOL Order" refers to this Court's order denying T-Mobile's post-trial motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). *Prism Techs., LLC v. T-Mobile USA Inc.*, No. 8:12CV124, 2016 WL 1369349 (D. Neb. Apr. 6, 2016), *aff'd in part, rev'd in part, appeal dismissed*, No. 2016-2031, 2017 WL 2705338 (Fed. Cir. June 23, 2017).

precedent in *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015), and the Federal Circuit's rulings in *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372 (Fed. Cir. 2012) and *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 841 F.3d 1334, 1341 (Fed. Cir. 2016).  This precedent unequivocally holds that the appellate courts must apply a clear error, not a de novo, standard of review to subsidiary factual determinations made by district courts in deciding questions of law regarding patent issues such as claim construction, obviousness and indefiniteness.  Thus, Sprint is incorrect that the factual issues resolved at trial regarding the patent eligibility of the claims asserted against T-Mobile did not affect the resolution of the legal question of patent ineligibility.

### B. The Sprint Claims Were Not Before the Federal Circuit in the *T-Mobile* Appeal Based on T-Mobile's Declaratory Judgment Counterclaims

Sprint's argument that the Sprint Claims were somehow before the Federal Circuit based on T-Mobile's declaratory judgment counterclaims is spurious.  Sprint again cites to the *T-Mobile* JMOL Motion, but improperly omits any reference to the portions of T-Mobile's statements making unequivocal that its post-trial motion related <u>only</u> to the claims Prism at trial against T-Mobile and <u>not</u> the Sprint claims.  *See, e.g.*, *T-Mobile* JMOL Motion at 1 ("Accordingly, T-Mobile respectfully requests that the Court enter judgment that *the asserted claims* of the Prism's patents-in-suit are ineligible and/or invalid as a matter of law.") (emphasis added).  The entirety of *T-Mobile's* JMOL Motion discusses the evidence presented at trial regarding the claims asserted at trial—a point Sprint entirely ignores.  *Id.* at 4 (discussing the "arguments and evidence introduced at trial" regarding the asserted patents in arguing against the prior *T-Mobile* SJ Order).  Indeed, T-Mobile in its JMOL Motion **distinguished claims that were not asserted at trial** in an effort to avoid the consequences of the *T-Mobile* SJ Order.  *Id.* at 6 n.3

("Certain claims in the asserted patents do call for a hardware identifier, but Prism did not assert those claims at trial.").

The record is devoid of any suggestion that the Federal Circuit intended the *T-Mobile* Decision to result in a declaratory judgment of patent ineligibility against claims that were not asserted at trial against T-Mobile. There is no mention of such a declaratory judgment counterclaim in the final pretrial statement filed in the *T-Mobile* Action, and not one word regarding such a counterclaim in the *T-Mobile* Decision itself. Sprint offers no explanation as to how this Court or the Federal Circuit would have standing to issue a declaratory judgment of patent ineligibility against claims that were not asserted at trial, not part of a post-trial motion or order, and not the subject of appeal. Sprint's argument is not tethered to the record giving rise to the appeal, or the causes of action and defenses that the Federal Circuit reviewed. Sprint even goes so far as to state in a footnote (Sprint Opp. at 8 n.2) that the Court should read T-Mobile's declaratory judgment counterclaim that Sprint concedes ***does not mention § 101*** to stand in for the undisputed absence of properly pled § 101 counterclaim—without a shred of evidence from this Court or the Federal Circuit to support such an overbroad interpretation. Sprint cannot misinterpret T-Mobile's pleadings to create new claims and defenses that were not part of the T-Mobile trial, post-trial proceedings, or appeal to the Federal Circuit. As such, Sprint's meritless contention regarding the T-Mobile declaratory judgment claims should be rejected outright.

**IV.     CONCLUSION**

For the foregoing reasons, Prism requests that the Court alter, amend or vacate the 2017 Judgment, reinstate the 2015 Judgment and reconsider its denial of Prism's motion to enforce the 2015 Judgment in light of its granting of this motion.

Dated: September 22, 2017

Respectfully submitted,

By: *s/ Cristina Martinez*

| | |
|---|---|
| **Koley Jessen P.C., L.L.O.** | **Kramer Levin Naftalis & Frankel LLP** |
| Michael C. Cox, Esq. (17588) | Jonathan S. Caplan, Esq. |
| Daniel J. Fischer, Esq. (22272) | Mark A. Baghdassarian, Esq. |
| 1125 S. 103rd St., Suite 800 | Aaron M. Frankel, Esq. |
| Omaha, NE 68124 | Marcus A. Colucci, Esq. |
| Tel: (402) 390-9500 | Cristina Martinez, Esq. |
| Fax: (402) 390-9005 | Matthew W. Olinzock, Esq. |
| mike.cox@koleyjessen.com | 1177 Avenue of the Americas |
| dan.fischer@koleyjessen.com | New York, NY 10036 |
| | Tel: 212.715.9100 |
| | Fax: 212.715.8000 |
| | jcaplan@kramerlevin.com |
| | mbaghdassarian@kramerlevin.com |
| | afrankel@kramrelevin.com |
| | mcolucci@kramerlevin.com |
| | cmartinez@kramerlevin.com |
| | molinzock@kramerlevin.com |
| **Prism Technologies LLC** | **Kramer Levin Naftalis & Frankel LLP** |
| André J. Bahou, Esq. | Paul Andre, Esq. |
| Vice President & Chief IP Officer | Lisa Kobialka, Esq. |
| 878 Arlington Heights Dr., Suite 400 | Aakash Jariwala, Esq. |
| Brentwood, TN 37027 | 990 Marsh Road |
| Tel: (615) 712-6580 | Menlo Park, CA 94025 |
| Fax: (402) 578-1447 | Tel: 650.752.1700 |
| aj.bahou@prsmip.com | Fax: 650.752.1810 |
| | pandre@kramerlevin.com |
| | lkobialka@kramerlevin.com |
| | ajariwala@kramerlevin.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |
| *Prism Technologies LLC* | *Prism Technologies LLC* |

**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 22nd day of September 2017.

                                                     *s/ Cristina Martinez*
                                                     Cristina Martinez